UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

| | |
|---|---|
| WEBASTO THERMO & COMFORT NORTH AMERICA, INC. and WEBASTO-EDSCHA CABRIO USA INC., | CA NO. 16-13456 |
| Plaintiffs, | Honorable |
| v. | U.S. Magistrate Judge |
| BESTOP, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Webasto Thermo & Comfort North America, Inc. and Webasto-Edscha Cabrio USA Inc. (hereafter collectively "Plaintiffs" or "Webasto"), by and through their undersigned counsel, hereby bring this Complaint against Defendant BesTop, Inc. (hereafter "Defendant" or "BesTop"). Webasto alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement. This action is based upon the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

1

## THE PARTIES

2. Plaintiff Webasto Thermo & Comfort North America, Inc. is a Michigan corporation having a place of business at 15083 North Road, Fenton, Michigan 48430.

3. Plaintiff Webasto-Edscha Cabrio USA Inc. is a Michigan corporation having a place of business at 14967 Pilot Drive, Plymouth, Michigan 48170.

4. On information and belief, Defendant BesTop, Inc. is a Delaware limited liability corporation having a place of business at 333 Centennial Parkway, Suite B, Louisville, Colorado 80027.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271 *et seq.*

6. This court has personal jurisdiction over Defendant by virtue of the activities Defendant conducts within the State of Michigan. On information and belief, BesTop, directly or through subsidiaries, manufactures, uses, sells, or offers to sell its products within the State of Michigan. Defendant conducts continuous and systematic parts of its business within the State.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1331, 1338(a), 1391(b), (c) and (d) and 1400(b).

## THE ASSERTED PATENT

8.   On May 24, 2016, the United States Patent and Trademark Office ("USPTO"), after full and fair examination, duly and legally issued U.S. Patent No. 9,346,342 ("the '342 patent") entitled "Vehicle Roof And Roof Opening Mechanism."  Webasto holds all right, title, and interest in the '342 patent with full rights to enforce the '342 patent and sue and recover for past, present, and future infringement.  A true and correct copy of the '342 patent is attached as Exhibit A.

9.   The '342 patent is also referred to as "the Asserted Patent" or "the patent-in-suit."

## WEBASTO'S VEHICLE ROOF AND ROOF OPENING MECHANISM TECHNOLOGY

10.   On March 27, 2015, Webasto introduced to the public its roof opening mechanism that is covered by claims of the '342 patent at the Easter Jeep Safari event in Moab, Utah.

11.   At the Easter Jeep Safari event, a Jeep incorporating the Webasto roof opening mechanism was displayed.  It was photographed and a video was produced.  Several people posted video of the Jeep having the Webasto roof opening mechanism installed.

12.   The Webasto roof opening mechanism provides an innovative and effective way to cover and selectively uncover a roof opening.

## BESTOP'S ACCUSED ROOF MECHANISM

13. BesTop manufactures a roof opening mechanism under the name "Sunrider For Hardtop."

14. BesTop advertises its Sunrider For Hardtop mechanism on its website at www.BesTop.com.

15. On information and belief, representatives of BesTop attended the Easter Jeep Safari event in March 2015.

16. Upon information and belief, prior to March 2015 and prior to BesTop seeing Webasto's roof opening mechanism, BesTop did not offer a roof opening mechanism similar to or in-line with its current Sunrider For Hardtop mechanism.

17. The Sunrider For Hardtop roof opening mechanism incorporates Webasto's patented roof opening mechanism.

18. BesTop's Sunrider For Hardtop mechanism infringes one or more claims of the '342 patent, either literally or under the doctrine of equivalents. BesTop's manufacture, use, sale, offer for sale, and/or importation of these infringing products has damaged and will continue to damage Webasto, causing irreparable harm, for which there is no adequate remedy at law, unless BesTop's wrongful acts are enjoined by this Court.

## **CLAIM FOR RELIEF**

19.  The allegations in the following Claim For Relief have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Webasto does not yet have the benefit of any discovery from BesTop.

20.  The Court has not construed the meaning of any claims or terms in the Asserted Patent. In providing these detailed allegations, Webasto does not intend to convey or imply any particular claim constructions or the precise scope of the claims. Webasto's specific infringement assertion will be provided in compliance with the case schedule and any applicable orders of the Court.

21.  Webasto contends that BesTop directly infringes all of the claims of the '342 patent.

22.  Webasto also contends that BesTop indirectly infringes at least claim 1 of the '342 patent.

23.  Webasto further contends that each element of each claim of the '342 Patent is literally present in BesTop's accused Sunrider For Hardtop mechanism. If the Court's constructions or other determinations indicate that an element of an asserted claim is not literally present, Webasto contends that each such element is present under the doctrine of equivalents. If necessary, Webasto will provide more

detailed doctrine of equivalents contentions after discovery from BesTop or a claim construction order by the Court.

## COUNT I — INFRINGEMENT OF THE '342 PATENT

24. Webasto repeats and realleges the allegations of Paragraphs 1 through 23 above as if fully set forth herein.

25. BesTop has directly infringed and continues to infringe at least claims 1 and 6 of the '342 patent by making, using, offering for sale within the United States, and/or importing into the United States its Sunrider For Hardtop mechanism in violation of 35 U.S.C. § 271(a).

26. Claim 6 of the '342 patent recites:

> 6. A roof opening mechanism, being designed as an interchangeable insert, for unlockable fixation at a roof structure of a vehicle roof, and comprising: a base frame, which can be placed upon an edge region of the roof structure, said edge region for limiting a roof opening, further comprising a fabric covering element, which, by at least one tensioning bow fixedly pivotable with respect to the base frame, is displaceable between a closed position for covering the roof opening and an uncovering position for uncovering the roof opening, wherein the tensioning bow is coupled to an auxiliary tensioning bow fixedly pivotal to the base frame, and wherein the tensioning bow, in relation to a vertical longitudinal center plane of the roof, is on each of its two sides connected to the auxiliary tensioning bow via a coupling rod, the coupling rod being articulated to the auxiliary tensioning bow and to the main tensioning bow via intermediately positioned hinge points.

27. BesTop's Sunrider For Hardtop mechanism satisfies all of the limitations of claim 6 of the '342 patent.

28. BesTop's Sunrider For Hardtop mechanism is a roof opening mechanism that includes a base frame and a fabric covering element as set forth in claim 6.



29. BesTop's Sunrider For Hardtop mechanism includes a tensioning bow fixedly pivotable with respect to the base frame as set forth in claim 6.



30. BesTop's Sunrider For Hardtop mechanism is displaceable between a closed position for covering the roof opening and an uncovering position as set forth in claim 6.



31. BesTop's Sunrider For Hardtop mechanism includes an auxiliary tensioning bow fixedly pivotal to the base frame that is coupled to the tensioning bow as set forth in claim 6.



32. BesTop's Sunrider For Hardtop mechanism is configured such that the tensioning bow, in relation to a vertical longitudinal center plane of the roof, is on each of its two sides connected to the auxiliary tensioning bow via a coupling rod as set forth in claim 6.

9



33.    As shown above, BesTop's Sunrider For Hardtop mechanism is configured such that the coupling rod is articulated to the auxiliary tensioning bow and to the main tensioning bow via intermediately positioned hinge points as set forth in claim 6.

34.    Claim 1 of the '342 patent recites "A vehicle roof having a roof structure with a roof opening, which, by a roof opening mechanism, can be closed or at least partially uncovered as desired, said roof opening mechanism being designed as an interchangeable insert..."  Claim 1 then recites the structural elements of the interchangeable insert which are similar to those set forth in connection with claim 6 above.

35.    BesTop's Sunrider For Hardtop mechanism is also shown above in connection with a vehicle roof structure with a roof opening. As each of the limitations of claim 1 are also found in BesTop's Sunrider For Hardtop mechanism

10

for the same reasons as set forth above, BesTop's Sunrider For Hardtop mechanism also directly infringes claim 1 of the '342 patent.

36. BesTop has also indirectly infringed and continues to indirectly infringe at least claim 1 of the '342 patent in violation of 35 U.S.C. § 271(c) by offering to sell or selling its Sunrider For Hardtop mechanism.

37. As set forth in the preceding paragraphs, BesTop's Sunrider For Hardtop mechanism comprises a material part of the invention of at least claim 1 of the '342 patent.

38. At least as of the time of this Complaint, BesTop is aware that its Sunrider For Hardtop mechanism is especially made or especially adapted for use in an infringement of the '342 patent.

39. BesTop's Sunrider For Hardtop mechanism is not a staple article or commodity of commerce suitable for substantial noninfringing use.

40. Customers and end-users of BesTop's Sunrider For Hardtop directly infringe the claims of the '342 patent.

41. BesTop's infringement of the '342 patent will continue to damage Webasto's business, causing irreparable harm, for which there is no adequate remedy at law, unless BesTop's wrongful acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

42.  BesTop's infringement has caused and continues to cause damage to Webasto and Webasto is entitled to recover damages in an amount subject to proof at trial pursuant to 35 U.S.C. § 284.

43.  In connection with its Sunrider For Hardtop mechanism, BesTop adopted the Webasto patented design after having seen Webasto's design in at least March 2015.  On information and belief, BesTop is aware that Webasto's design incorporated patentable subject matter.  BesTop is or should have been aware of the '342 patent.  Accordingly, BesTop's infringement of the '342 patent is deliberate and willful.

## PRAYER FOR RELIEF

WHEREFORE, Webasto respectfully requests that this Court enter judgment that:

A.  BesTop infringes the '342 patent;

B.  BesTop, its officers, agents, servants, employees and attorneys, and all persons acting in concert or participation with BesTop, be preliminarily and permanently enjoined from further acts of infringement;

C.  Webasto be awarded damages adequate to compensate for BesTop's infringement, pursuant to 35 U.S.C. § 284, including prejudgment and post-judgment interest;

D. Webasto be awarded treble damages, pursuant to 35 U.S.C. § 284;

E. An accounting and/or supplemental damages for all damages occurring after any discovery cutoff and through the Court's decision regarding the imposition of a permanent injunction;

F. An award of attorneys' fees based on this being an exceptional case pursuant to 35 U.S.C. § 285, including prejudgment interest on such fees;

G. Costs and expenses in this action; and

H. An award of such other and further relief as the Court deems necessary, just and/or proper.

## JURY TRIAL DEMANDED

Webasto respectfully demands a trial by jury on all issues triable to a jury.

Respectfully submitted,

Dated: September 23, 2016        By: */s/Richard W. Hoffmann*
RICHARD W. HOFFMANN (P42352)
Reising Ethington PC
755 W. Big Beaver Road, Suite 1850
Troy, Michigan 48084
Telephone: 248.689.3500
Facsimile: 248.689.4071
E-mail: hoffmann@reising.com
*Attorneys for Plaintiffs Webasto Thermo & Comfort North America Inc. and Webasto-Edscha Cabrio USA Inc.*