UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WEBASTO THERMO & COMFORT
NORTH AMERICA, INC. and
WEBASTO-EDSCHA CABRIO USA
INC.,

Case No. 16-cv-13456

Paul D. Borman
United States District Judge

          Plaintiffs,

v.

BESTOP INC.,

          Defendant.

_____/

# OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS FILED PURSUANT TO FED. R. CIV. P. 12(b)(6) (ECF NO. 11)

This action involves Plaintiffs Webasto Thermo & Comfort North America, Inc. and Webasto-Edscha Cabrio USA, Inc.'s (collectively "Webasto") claim that Defendant Bestop, Inc. ("BesTop") infringes Webasto's U.S. Patent No. 9,346,342 ("the '342 Patent"), entitled "Vehicle Roof and Roof Opening Mechanism." BesTop asserts that the claims of the '342 Patent were disclosed in prior art and are therefore unpatentable. BesTop now moves to dismiss under Fed. R. Civ. 12(b)(6).

**I.    BACKGROUND**

Webasto alleges that on May 24, 2016, the United States Patent and Trademark Office ("USPTO") issued the '342 Patent and that Webasto holds all right, title and interest in the '342 Patent with rights to enforce the '342 Patent and to sue for

1

infringement. (ECF No. 1, Complaint ¶ 8; Ex. A, U.S. Patent No. 9,346,342.) The '342 Patent claims technology related to a vehicle roof and roof opening mechanism that Webasto claims to have introduced to the public on March 27, 2015, at the Easter Jeep Safari event in Moab, Utah. (Compl. ¶ 10-11.) Webasto alleges that the Webasto roof opening mechanism provides an innovative and effective way to cover and selectively uncover a roof opening. (Compl. ¶ 12.)

Webasto alleges that BesTop manufactures a roof opening mechanism under the name "Sunrider For Hardtop" ("Sunrider") that incorporates Webasto's patented roof opening mechanism and infringes one or more claims of the '342 Patent, either literally or under the doctrine of equivalents. Webasto alleges that representatives of BesTop were present at the 2015 Moab, Utah Jeep event and that, at that time, BesTop did not offer a roof opening mechanism similar to or in-line with its current Sunrider. (Compl. ¶¶ 13-18.)

Webasto alleges that BesTop's Sunrider infringes at least claims 1 and 6 of the '342 Patent. (Compl. ¶ 25.) Claim 6 of the '342 Patent recites:

> A roof opening mechanism, being designed as an interchangeable insert, for unlockable fixation at a roof structure of a vehicle roof, and comprising:
>
> > a base frame, which can be placed upon an edge region of the roof structure, said edge region for limiting a roof opening, further comprising a fabric covering element, which, by at least one tensioning bow fixedly pivotable

2

> with respect to the base frame, is displaceable between a closed position for covering the roof opening and an uncovering position for uncovering the roof opening,
>
> wherein the tensioning bow is coupled to an auxiliary tensioning bow fixedly pivotal to the base frame, and
>
> wherein the tensioning bow, in relation to a vertical longitudinal center plane of the roof, is on each of its two sides connected to the auxiliary tensioning bow via a coupling rod,
>
> the coupling rod being articulated to the auxiliary tensioning bow and to the main tensioning bow via intermediately positioned hinge points.

(Compl. ¶ 26, Ex. A, United States Patent No. 9,346,342, claim 6, PgID 38.) Webasto alleges that BesTop's Sunrider mechanism satisfies all of the limitations of claim 6 of the '342 Patent. (Compl. ¶¶ 27-33.)

Claim 1 of the '342 Patent recites "A vehicle roof having a roof structure with a roof opening, which, by a roof opening mechanism, can be closed or at least partially uncovered as desired, said roof opening mechanism being designed as an interchangeable insert. . . ." (Compl. ¶ 34. Ex. A, '342 Patent, claim 1, PgID 37.) Claim 1 then recites the structural elements of the interchangeable insert which are similar to those set forth connection with claim 6. (*Id*.) Webasto alleges that each of the limitations of claim 1 of the '342 Patent are found in BesTop's Sunrider mechanism. (Compl. ¶ 35.)

Webasto alleges that BesTop adopted the Webasto patented design after having seen Webasto's design in at least March 2015 and was or should have been aware that Webasto's design incorporated patentable subject matter. Webasto alleges that BesTop's infringement has caused and continues to cause damage to Webasto and that Webasto is entitled to recover damages at trial, including treble damages, pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285. (Compl. ¶¶ 42-43.)

BesTop responds to Webasto's Complaint with a Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) in lieu of an Answer. BesTop argues that its Sunrider product was publicly disclosed prior to Webasto's March 10, 2015, filing for the '342 Patent, that it was part of a printed publication, was in public use, had been provided to a third party in physical form, was offered for sale, and was otherwise publicly available. BesTop asserts that, as a matter of law, these public disclosures of its Sunrider product invalidate the '342 Patent under 35 U.S.C. § 102(a)(1), which reads as follows:

> [A] person shall be entitled to a patent unless –
>
> (1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention.

35 U.S.C. § 102(a)(1). Because Webasto claims that the Sunrider infringes the '342 Patent, and because BesTop asserts that the Sunrider was publicly disclosed before

Webasto filed for the '342 Patent, BesTop asserts that the Sunrider is prior art that necessarily anticipates Webasto's claimed invention, which is therefore unpatentable under the established patent maxim: "That which infringes, if later, would anticipate, if earlier." *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889) (internal quotation marks a citation omitted).

BesTop's motion relies on the Declaration of David A. Smith, a Director of Engineering at BesTop who has been employed by BesTop since October, 2007. (ECF No. 11, Def.'s Mot. Ex. C, Dec. 8, 2016 Declaration of David A. Smith.) Smith testifies that on January 26, 2015, after six months of design, development, and production of prototypes, he completed preparation of PowerPoint materials which he presented to Tony Carvello at Fiat Chrysler Automobiles Group ("FCA") in a meeting on February 15, 2015, introducing the Sunrider prototype with a Front Folding Panel ("FPP"). (Smith Decl. ¶¶ 5-7.) Smith gave Carvello a printed copy of the PowerPoint materials at the February 15, 2015 meeting and suggested that FCA place the prototype on one of its vehicles as part of a FCA presentation of Jeep vehicles at the March, 2015 Moab show. (*Id*. at ¶¶7, 10.) Carvello later informed Smith that FCA decided not to show the Sunrider at the March Moab show on the FCA Jeep vehicles, but told Smith that the MOPAR division within FCA would be working with BesTop going forward. (*Id*. ¶ 10.) The Smith Declaration attaches what appear to be

5

copies of PowerPoint slides depicting a Jeep with a folding top. (Smith Decl. Ex. 1.) Also attached to the Declaration are copies of several emails from Smith to several other individuals discussing the PowerPoint presentation and the meeting with Carvello. (Smith Decl. Ex. 2.)

BesTop asserts that the Smith Declaration demonstrates that the Sunrider was disclosed to the public (FCA) throughout the period January 26, 2015 through February 5, 2016, with various presentations and discussions, including provision of at least one prototype of the Sunrider. BesTop asserts that there is no dispute that this public disclosure occurred prior to March 10, 2015, the date on which Webasto filed the patent application for the '342 Patent. (Compl. Ex. A, '342 Patent.) BesTop asserts that the Sunrider was "part of a printed publication, was in public use, was provided to a third party in physical form, was offered for sale, and was otherwise publicly available." (ECF No. 11, Resp. 6, PgID 72.) BesTop further asserts that the Sunrider prototype was shown and provided to FCA along with printed materials and was intended for FCA to include in the March 27, 2015 Moab show on an FCA vehicle. (*Id*.) BesTop asserts that Webasto, on the other hand, first disclosed its Vehicle Roof and Roof Opening Mechanism on March 27, 2015 at the Moab show. (*Id*. at 7, PgID 73.) Accordingly, BesTop argues, the '342 Patent cannot be asserted against the Sunrider, which is prior art against the '342 Patent. (*Id*.) BesTop moves,

on this basis, to dismiss Plaintiff's Complaint.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay*, 695 F.3d at 539 (internal quotation marks and citations omitted). *See also Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555 (internal quotation marks

7

and citations omitted) (alteration in original). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id*. at 678.

Thus, "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible. Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims, (2) matters of which a court may take judicial notice (3) documents that are a matter of public record, and (4) letters that constitute decisions of a governmental agency. *Thomas v. Noder-Love*, 621 F. App'x 825, 830 (6th Cir. 2015) ("Documents outside of the pleadings that may typically be incorporated without converting the motion to dismiss into a motion for summary judgment are public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies.") (Internal quotation marks and citations omitted); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("We have taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6). If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. . . . [C]ourts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."); *Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then

considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claims could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

In this case, BesTop has submitted matters clearly falling outside the category of documentation that a Court may consider on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). BesTop submits a Declaration, with attached Exhibits that include slides from a power point presentation and email correspondence, in support of its motion to dismiss. None of the matters contained in the Declaration and Exhibits are matters of public record, nor are they "referenced in and central to" the claims alleged in Plaintiff's Complaint. In fact, the materials are relevant only to BesTop's affirmative defense of invalidity.

BesTop thus urges the Court to consider the materials that it has submitted in support of its motion and to convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). If the Court opts to convert the motion to one for summary judgment,

Webasto must be given the opportunity to demonstrate to the Court, via affidavit or declaration, that it is unable to respond to the motion because it lacks specific facts that are essential to its opposition to the motion and which it expects to obtain through discovery. *See* Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery . . ."). The premature entry of summary judgment can be an abuse an discretion. "*If* the non-movant makes a proper and timely showing of a need for discovery, the district court's entry of summary judgment without permitting him to conduct any discovery at all will constitute an abuse of discretion." *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011) (internal quotation marks and citation omitted) (emphasis in original).

However, a court may deny a request for further discovery where the Rule 56(d) affidavit or declaration "is too vague," or if the court determines that "further discovery would not [] change[] the legal and factual deficiencies." *Id.* at 167 (internal quotation marks and citations omitted) (alterations added). Any request for further discovery under Fed. R. Civ. P. 56(d) must be accompanied by either an affidavit sworn to before a notary or a declaration that complies with the requirements of 28 U.S.C. § 1746. *Sandusky Wellness Center, LLC v. Medco Health Solutions, Inc.*,

788 F.3d 218, 226 (6th Cir. 2015) (holding that district court did not abuse its discretion by denying a motion under Rule 56(d) for additional discovery that was not supported by a request that was "'sworn to before a notary public,'" or "'signed under penalty of perjury pursuant to 28 U.S.C. § 1746'") (quoting *CareToLive v. Food and Drug Admin.*, 631 F.3d 336, 345 (6th Cir. 2011)). Thus, if the requested discovery is legally irrelevant, or if the request is not adequately specific, or if the request is not supported by a sworn affidavit or declaration made under penalty of perjury, a court does not abuse its discretion in refusing to consider the evidence and ruling on the motion on the evidence submitted by the moving party. *Sandusky*, 788 F.3d at 225-26.

In deciding whether to grant a request for discovery under Rule 56(d), this Court is guided by decisions of the Sixth Circuit. *See Baron Services, Inc. v. Media Weather Innovations, LLC*, 717 F.3d 907, 912 n. 6 (Fed. Cir. 2013) ("We apply the law of the regional circuit when reviewing the court's decision under Rule 56(d)."). If Webasto does adequately demonstrate that it cannot present facts essential to justify its opposition to the motion, the Court may (1) defer considering the motion or deny it, (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d)(1-3.)

## III. ANALYSIS

BesTop has filed a motion to dismiss in lieu of filing an Answer to Webasto's Complaint of patent infringement. But BesTop does not challenge the sufficiency of the allegations of Plaintiff's Complaint under *Twombly* to plausibly suggest a claim for patent infringement. Rather, BesTop asks the Court to fast forward past an analysis of Plaintiff's claims of infringement and to dismiss the Complaint based upon BesTop's asserted defense of invalidity. BesTop concedes that it must rely on matters outside the pleadings to support its motion to dismiss, specifically relying on the Smith Declaration. In its Response to Defendant's motion to dismiss, Webasto requests that "the motion [] be denied pursuant to Rule 56(d), until such time as Webasto has the opportunity to obtain discovery of facts relevant to BesTop's motion . . . ." (ECF No. 14, Resp. 6, PgID 206.) In support of its request under Fed. R. Civ. P. 56(d) to conduct discovery, Webasto offers the Corrected Declaration of Eric P. Carnevale, an attorney with the law firm of Lando & Anastasi, LLP, counsel for Webasto in this action. (ECF No. 21, May 19, 2017 Declaration of Eric P. Carnevale.)[1] Resolving Webasto's Rule 56(d) request for discovery requires the Court

---

[1] Webasto initially submitted the Carnevale Declaration in a form that did not conform to the requirements of 28 U.S.C. § 1746. (ECF No. No. 15, Jan. 10, 2017 Declaration of Eric P. Carnevale; ECF No. 20, Order Requiring Submission of Conforming Declaration.) Webasto has now filed a conforming Carnevale Declaration. (ECF No. 21.)

to determine whether the request: (1) is supported by a sworn statement or declaration that complies with the requirements of 28 U.S.C. § 1746, (2) sufficiently describes the material facts that Webasto hopes to uncover through the requested discovery, and (3) demonstrates the legal relevance of the information it seeks to discover. *See Sandusky*, 788 F.3d at 225-26.

The Corrected Carnevale Declaration does comply with the requirements of 28 U.S.C. § 1746. Thus, the Court is left to determine whether the Declaration sufficiently specifies the factual information that Webasto hopes to gain from discovery, and whether that information if obtained would be relevant to a material fact in dispute. The Declaration specifically seeks at least the following discovery:

> (1) The identity of the individuals who attended the alleged meeting between BesTop and FCA;
> 
> (2) The communications between BesTop and FCA;
> 
> (3) The full scope of the subject matter disclosed by BesTop to FCA during the alleged meeting;
> 
> (4) Whether the alleged meeting was accessible to the public, or whether it was private, secret, or otherwise not publically accessible; and
> 
> (5) Any and all facts BesTop may choose to rely on in support of its unpled allegation of invalidity, and any facts that may refute BesTop's unpled allegation of invalidity.

(ECF No. 21, Corrected Carnevale Decl. ¶ 5; ECF No. 14, Pl.'s Resp. 2-3.) Webasto also seeks the opportunity to depose Mr. Smith, the sole declarant regarding a meeting

14

that Webasto did not attend, to test his credibility and to authenticate the documents that he attaches to his Declaration.

To determine the substantive sufficiency of the Carnevale Declaration, the Court must first consider the legal issues presented by BesTop's motion in order to determine whether the discovery that Webasto seeks bears on a fact material to those issues. BesTop claims that the '342 Patent was anticipated by the Sunrider, which was publicly disclosed prior to Webasto's filing application for the '342 Patent on March 10, 2015. This claim involves two separate legal concepts: anticipation and public use. "Anticipation is a question of fact." *Upsher-Smith Laboratories, Inc. v. Pamlab, L.L.C.*, 412 F.3d 1319, 1322 (Fed. Cir. 2005); *Brown v. 3M*, 265 F.3d 1349, 1350 (Fed. Cir. 2001) ("Anticipation under 35 U.S.C. § 102 means a lack of novelty, and is a question of fact."). "To anticipate, every element of every limitation of the claimed invention must be found in a single prior art reference, arranged as in the claim." *Id*. "Whether a patent is invalid for public use or sale is a question of law based on underlying facts." *Netscape Communications Corp. v. Konrad*, 295 F.3d 1315, 1320 (Fed. Cir. 2002). "A conclusion that a section 102(b) bar invalidates a patent must be based on clear and convincing evidence." *Id*. "The law recognizes that an inventor may test his invention in public without incurring the public use bar. . . . . Experimental use negates public use: when proved, it may show that particular acts,

even if apparently public in the colloquial sense, do not constitute a public use within the meaning of section 102." *Id.* (internal quotation marks and citations omitted). "The experimental use negation is unavailable to a patentee when the evidence presented does not establish that he was conducting a bona fide experiment." *Id.* at 1322.

Courts look to the "totality of the circumstances when evaluating whether there has been a public use," including consideration of the following:

> [T]he nature of the activity that occurred in public; the public access to and knowledge of the public use; whether there was any confidentiality obligation imposed on persons who observed the use; whether persons other than the inventor performed the testing; the number of tests; the length of the test period in relation to tests of similar devices; and whether the inventor received payment for the testing.

*Netscape*, 295 F.3d at 1320. "Section 102(b) may bar patentability by anticipation if the device used in public includes every limitation of the later claimed invention, or by obviousness if the differences between the claimed invention and the device used would have been obvious to one of ordinary skill in the art." *Id.* at 1321.

The Court need not analyze the merits of these substantive legal issues as they pertain to the '342 Patent. At this stage, the Court need only determine whether Webasto seeks to discover facts that appear to bear directly on these legal issues. The Court concludes that Webasto's Rule 56(d) request meets the requirements of specificity and materiality. Webasto seeks to learn, among other facts, who attended

the meeting between Smith and FCA (the public nature of the meeting), the nature of the communication (were there any confidentiality restrictions imposed or reasonably implied), the scope of the information conveyed to FCA (exactly what was disclosed and whether the disclosure was experimental), whether the meeting was accessible to the public. BesTop simply asserts in its Reply brief that "there was no disclosure agreement in place," *see* Reply at 3 and 6, but of course this unsworn attorney statement carries no evidentiary weight. BesTop also asserts that FCA was given the right to show the Sunrider at the Moab show and that the Moab show was a public show. (Reply at 3.) But it is undisputed that the Sunrider was not presented at the Moab show and Webasto seeks to discover the details of the conversation between Smith and Carvello regarding an alleged display of the Sunrider at the Moab show. BesTop's unsupported attorney assertion in its Reply Brief that there was "an express agreement for FCA to take Defendant's product to the Moab show in March 2015," *see* Reply at 4, carries no evidentiary weight.

The burden will be on BesTop to prove its invalidity defense by clear and convincing evidence. From Webasto's perspective, the issue of public use is simply not as straightforward as BesTop would have the Court believe and the Court agrees that BesTop's proffer does not satisfy its clear and convincing evidentiary burden. Webasto asserts that based on the facts asserted in the Smith Declaration, the alleged

meeting between Smith and FCA was nothing more than a private confidential meeting and cannot qualify as a public use. Webasto asserts that the emails suggest that this was a private meeting between two individuals to discuss a *concept* – something typically accompanied by an understanding of confidentiality. Webasto asserts that a formal confidentiality agreement is not required, that an understanding of confidentiality can be implied from the circumstances of the alleged disclosure, about which at this point we know only what BesTop has chosen to tell us. Webasto also asserts Smith's statement in an email to Carvello that BesTop will continue "testing" the prototype "if it turned into an OEM project," suggests that the prototype was experimental. (Pl.'s Resp. 12-13.) As counsel for Webasto pointed out at the hearing on BesTop's motion, it is not clear exactly *what* BesTop disclosed to FCA. Webasto is entitled to the opportunity to discover this and other relevant facts before being foreclosed from proceeding with its infringement claims. Counsel for BesTop asserted at the hearing that if the Court denies its motion, we will simply be back here in six to eight months arguing the same facts the parties are arguing now. That may be true, but Webasto has sufficiently demonstrated through its Rule 56(d) Declaration that it is entitled to discovery and an opportunity to convince the Court otherwise. There are ethical constraints, and mechanisms to enforce those constraints, that will inform Plaintiff's conduct in the event that the invalidity of Webasto's claims

becomes undeniable in the course of discovery.

The Court converts BesTop's motion to one for summary judgment under Rule 12(d) and concludes that the Rule 56(d) discovery Webasto seeks is directed to uncover specific facts that are relevant to the legal issues presented in BesTop's motion – whether there was a public disclosure and if so what was disclosed, whether it was without confidentiality restrictions, and whether the use was merely experimental. *See Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 998 (Fed. Cir. 2007) ("A barring public use requires a public use more than one year before the patent filing date that employs a completed invention in public, without confidentiality restrictions, and without permitted experimentation.") These are facts that are uniquely available and known to BesTop and not to Webasto.

Additionally, Webasto asserts that it is entitled to depose Smith and to test his credibility. *Metropolitan Life Ins. Co. v. Bancorp Servs., L.L.C.*, 527 F.3d 1330, 1336-38 (Fed. Cir. 2008) (holding that district court erred in denying plaintiff's Rule 56 motion for discovery and should not have treated the defendant's witnesses' declarations as truthful but "should have allowed Bancorp a reasonable opportunity for discovery concerning the accused components of the Vantage system"). Finally, Webasto raises legitimate concerns regarding the authenticity of the PowerPoint photocopies attached to Smith's Declaration, in particular regarding whether these

19

slides were in fact presented at the meeting with FCA. Webasto proposes to examine Smith on these exhibits.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES BesTop's Motion, converted to a motion for Summary Judgment under Rule 12(d), and ORDERS BesTop to file an Answer to Webasto's Complaint on or before June 8, 2017, following which the Court will issue its standard Notice of Scheduling Conference. The Court declines BesTop's request that discovery be "staged." Counsel should commence the discovery process immediately and not wait for the scheduling conference to take place and the Scheduling Order to be finalized.

IT IS SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: May 25, 2017

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 25, 2017.

s/Deborah Tofil  
Case Manager