UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WEBASTO THERMO & COMFORT
NORTH AMERICA, INC. and
WEBASTO-EDSCHA CABRIO USA, INC.,

    Plaintiffs,       Case No. 16-cv-13456

                Paul D. Borman
v.                United States District Judge

BESTOP, INC.,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM (ECF NO. 27) AND GRANTING DEFENDANT LEAVE TO FILE AN AMENDED COUNTERCLAIM

This action involves Plaintiffs Webasto Thermo & Comfort North America, Inc. and Webasto-Edscha Cabrio USA, Inc.'s (collectively "Webasto") claim that Defendant Bestop, Inc. ("BesTop") infringes Webasto's U.S. Patent No. 9,346,342 ("the '342 Patent"), entitled "Vehicle Roof and Roof Opening Mechanism." BesTop has filed an Answer to the Complaint and a Four-Count Counterclaim. (ECF No. 23.)

Webasto now moves to dismiss the Counterclaim for failure to satisfy Fed. R. Civ. P. 12(b)(6) pleading standards. (ECF No. 27.) BesTop filed a Response (ECF No. 31), and Webasto filed a Reply (ECF No. 33). The Court has determined that oral

1

argument will not assist in resolving this motion and the Court will therefore decide the matter on the briefs. *See* E.D. Mich. L. R. 7.1(f)(2). For the reasons that follow, the Court GRANTS the motion to dismiss and GRANTS BesTop's request for leave to file an amended counterclaim.

**I.     BACKGROUND**

The Court has summarized these background facts in a previous Opinion and Order denying BesTop's motion to dismiss. *Webasto Thermo & Comfort North America, Inc. v. Bestop, Inc.*, No. 16-cv-13456, 2017 WL 2276988 (E.D. Mich. May 25, 2017). Webasto alleges that on May 24, 2016, the United States Patent and Trademark Office ("USPTO") issued the '342 Patent and that Webasto holds all right, title and interest in the '342 Patent with rights to enforce the '342 Patent and to sue for infringement. (ECF No. 1, Complaint ¶ 8; Ex. A, U.S. Patent No. 9,346,342.) The '342 Patent claims technology related to a vehicle roof and roof opening mechanism that Webasto claims to have introduced to the public on March 27, 2015, at the Easter Jeep Safari event in Moab, Utah. (Compl. ¶ 10-11.) Webasto alleges that the Webasto roof opening mechanism provides an innovative and effective way to cover and selectively uncover a roof opening. (Compl. ¶ 12.)

Webasto alleges that BesTop manufactures a roof opening mechanism under the name "Sunrider For Hardtop" ("Sunrider") that incorporates Webasto's patented

roof opening mechanism and infringes one or more claims of the '342 Patent, either literally or under the doctrine of equivalents. Webasto alleges that representatives of BesTop were present at the 2015 Moab, Utah Jeep event and that, at that time, BesTop did not offer a roof opening mechanism similar to or in-line with its current Sunrider. (Compl. ¶¶ 13-18.)

Webasto alleges that BesTop's Sunrider infringes at least claims 1 and 6 of the '342 Patent. (Compl. ¶ 25.) Claim 6 of the '342 Patent recites:

> A roof opening mechanism, being designed as an interchangeable insert, for unlockable fixation at a roof structure of a vehicle roof, and comprising:
>
>> a base frame, which can be placed upon an edge region of the roof structure, said edge region for limiting a roof opening, further comprising a fabric covering element, which, by at least one tensioning bow fixedly pivotable with respect to the base frame, is displaceable between a closed position for covering the roof opening and an uncovering position for uncovering the roof opening,
>>
>> wherein the tensioning bow is coupled to an auxiliary tensioning bow fixedly pivotal to the base frame, and
>>
>> wherein the tensioning bow, in relation to a vertical longitudinal center plane of the roof, is on each of its two sides connected to the auxiliary tensioning bow via a coupling rod,
>>
>> the coupling rod being articulated to the auxiliary tensioning bow and to the main tensioning bow via intermediately positioned hinge points.

(Compl. ¶ 26, Ex. A, United States Patent No. 9,346,342, claim 6, PgID 38.) Webasto alleges that BesTop's Sunrider mechanism satisfies all of the limitations of claim 6 of the '342 Patent. (Compl. ¶¶ 27-33.)

Claim 1 of the '342 Patent recites "A vehicle roof having a roof structure with a roof opening, which, by a roof opening mechanism, can be closed or at least partially uncovered as desired, said roof opening mechanism being designed as an interchangeable insert. . . ." (Compl. ¶ 34. Ex. A, '342 Patent, claim 1, PgID 37.) Claim 1 then recites the structural elements of the interchangeable insert which are similar to those set forth connection with claim 6. (*Id*.) Webasto alleges that each of the limitations of claim 1 of the '342 Patent are found in BesTop's Sunrider mechanism. (Compl. ¶ 35.)

Webasto alleges that BesTop adopted the Webasto patented design after having seen Webasto's design in at least March 2015 and was or should have been aware that Webasto's design incorporated patentable subject matter. Webasto alleges that BesTop's infringement has caused and continues to cause damage to Webasto and that Webasto is entitled to recover damages at trial, including treble damages, pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285. (Compl. ¶¶ 42-43.)

On June 8, 2017, BesTop filed its Answer and a Counterclaim, alleging two counts of non-infringement of the '342 patent and two counts of invalidity of the '342

patent. (ECF No. 23, Answer and Counterclaim.) Webasto now moves to dismiss BesTop's Counterclaim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, alleging that the Counterclaim contains nothing but a formulaic recitation of the elements of the claims of non-infringement and invalidity and therefore fails to plausibly allege either non-infringement or invalidity.

## II. STANDARD OF REVIEW

When reviewing a motion to dismiss under Rule 12(b)(6), a court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay*, 695 F.3d at 539 (internal quotation marks and citations omitted). *See also Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555 (internal quotation marks and citations omitted) (alteration in original). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), explaining that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678." Thus, "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible. Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims, (2) matters of which a court may take judicial notice (3)

6

documents that are a matter of public record, and (4) letters that constitute decisions of a governmental agency. *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015) ("Documents outside of the pleadings that may typically be incorporated without converting the motion to dismiss into a motion for summary judgment are public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies.") (Internal quotation marks and citations omitted); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("We have taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6). If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. . . . [C]ourts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."); *Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claims could survive a motion to dismiss simply by failing to attach a dispositive document."

*Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

## III. ANALYSIS

BesTop does not deny, nor can it, that its Counterclaim alleges non-infringement and invalidity in the most formulaic of terms, setting forth barebones legal conclusions and alleging no facts whatsoever that would satisfy the *Twombly/Iqbal* pleading standard.[1] But BesTop argues that special (more lax) rules of pleading apply to its patent non-infringement and invalidity Counterclaims, and that

---

[1] For example, Count I, "Non-Infringement of the '342 Patent," begins by "incorporat[ing] by reference the averments of the preceding paragraphs in these counterclaims as though fully set forth herein." (Counterclaim ¶ 5.) The preceding 4 paragraphs allege that jurisdiction is appropriate and assert that Webasto has filed its claims in this action. (Counterclaim ¶¶ 1-4.) BesTop further alleges in Count I that Webasto "cannot identify any products of [BesTop] that infringe any properly construed valid or unenforceable claims of the '342 Patent after the date of the patent." (Counterclaim ¶ 6.) This Count continues, alleging that BesTop "does not infringe and has not infringed any properly construed claim of the '342 Patent literally, equivalently, directly, or indirectly, including inducement of infringement or contributory infringement." (Counterclaim ¶ 7.) The final paragraph of this Count alleges that "[b]y virtue of the Complaint filed by Webasto in this Court, there is an actual controversy between Webasto on the one hand and BesTop on the other hand concerning non-infringement of the '342 Patent. A judicial determination of the non-infringement of the '342 Patent is necessary and appropriate in order to resolve this controversy." (Counterclaim ¶ 8.) Count I contains bare legal conclusions and *no* factual content that, taken as true, would plausibly suggest a valid non-infringement claim against Webasto. BesTop's additional non-infringement Count and its two invalidity Counterclaims are similarly deficient. *See, e.g., RAH Color Technologies LLC v. Ricoh USA, Inc.*, 194 F. Supp. 3d 346, 351 (E.D. Pa. 2016) (finding identically worded non-infringement and invalidity counterclaims insufficient under *Twombly* and *Iqbal*).

8

the formulaic recitation of the elements set forth in its four-Count Counterclaim satisfies that special pleading rule. Webasto argues that the "special patent pleading rules" that BesTop invokes were abrogated by 2015 amendments to the Federal Rules of Civil Procedure and argues that patent non-infringement and invalidity claims now must meet the same *Twombly/Iqbal* pleading standards that apply to all other types of claims. This Court agrees with Webasto.

Prior to 2015, Fed. R. Civ. P. 84 incorporated into the Federal Rules a number of "official forms [to] serve as guides in pleading." *See* Fed. R. Civ. P. 84 [Abrogated], 1937 Advisory Committee Notes. Over time, the Rules attached some 36 Forms that included model complaints for claims ranging from conversion of property to patent infringement and many topics in between. *See* Fed. R. Civ. P. Appendix of Forms [Abrogated]. A pleading that conformed to one of the Forms was deemed sufficient to withstand any motion to dismiss based on factual insufficiency. Form 18, a model "Complaint for Patent Infringement," required only "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *In re Bill of Lading Transmission and Processing System Patent Litig.*, 681 F.3d 1323, 1334 (Fed.

Cir. 2012). The pleading Forms applied to claims and counterclaims alike. "[W]hether asserted as complaints or counterclaims, [all] allegations are judged under the same standards." *Id.* at 1328 n. 1. In *Bill of Lading*, the Federal Circuit confirmed that patent infringement claims that met the minimal pleading demands of Form 18 were unassailable for factual insufficiency. "The language of Rule 84 and the Advisory Committee Notes make clear that a pleading, motion, or other paper that follows one of the Official Forms cannot be successfully attacked." *Id.* (citation omitted).

Thus, Form 18, which was appended to the Rules, "provided a sample pleading for direct patent infringement that permitted threadbare infringement allegations." *RAH Color Technologies LLC v. Ricoh USA, Inc.*, 194 F. Supp. 3d 346, 348 (E.D. Pa. 2016). But Rule 84 was abrogated, as were the Forms it endorsed, effective December 1, 2015:

> Rule 84 was adopted when the Civil Rules were established in 1938 "to indicate, subject to the provisions of these rules, the simplicity and brevity of statement which the rules contemplate." The purpose of providing illustrations for the rules, although useful when the rules were adopted, has been fulfilled. Accordingly, recognizing that there are many excellent alternative sources for forms . . . Rule 84 and the Appendix of Forms are no longer necessary and have been abrogated. The abrogation of Rule 84 does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8.

Advisory Committee Notes, 2015 Amendment (ellipsis added).

Although the Sixth Circuit has not directly addressed the issue, and few courts in this district have had occasion to directly address the issue either, it is overwhelmingly accepted by courts that have examined the question that the "existing pleading standards" referred to in the Advisory Committee Notes are those defined in *Twombly* and further refined in *Iqbal*:

> The Advisory Committee's reference to "existing pleading standards" and "requirements of Civil Rule 8" indicate that all complaints must now meet the *Twombly* and *Iqbal* pleading standards that federal courts have previously applied to all complaints not covered by the Forms. Pleading in compliance with the prior Forms no longer will suffice under Rule 8, since they generally do not suggest pleading enough facts to constitute a plausible claim for relief.

5 Fed. Prac. & Proc. § 1251 (3d ed) (April 2017 Update). *See also, e.g.*, *RAH Color*, 194 F. Supp. 3d at 350-53 (noting that "the abrogation of Rule 84 and Form 18 eliminated any reason to deviate from *Twombly/Iqbal* in pleading patent claims," and "follow[ing] the federal district courts in our circuit that have applied *Twombly/Iqbal's* pleading standard to counterclaims of invalidity [and non-infringement]," and dismissing threadbare counterclaims but granting leave to amend); *Hi-Tech Pharmaceuticals, Inc. v. Hodges Consulting, Inc.*, 230 F. Supp. 3d 1323, 1335-36 (N.D. Ga. 2016) (noting that "after the forms were abrogated, courts have almost unanimously held that all patent claims and counterclaims are subject to the pleading requirements of *Iqbal* and *Twombly*," and granting motion to dismiss

defendant's conclusory counterclaims of non-infringement and invalidity under *Twombly* and *Iqbal*, which pleaded no factual content, but granting leave to amend); *Tannerite Sports, LLC v. Jerent Enterprises, LLC*, No. 15-cv-00180, 2016 WL 1737740, at *3 (D. Or. May 2, 2016) ("With the abrogation of Form 18, so too went the patent infringement exception to the civil pleading requirements set forth in *Twombly* and *Iqbal*."); *Filter Plus, Inc. v. O R Co.*, No. 16-cv-12974, 2017 WL 747598, at *2 (E.D. Mich. Feb. 27, 2017) ("Prior to December 1, 2015, plaintiffs alleging patent infringement only needed to meet the lower pleading standard set by Federal Rule of Civil Procedure 84 and Form 18. However, Rule 84 has since been abrogated, and the parties agree that the standard elucidated under *Twombly* and *Iqbal* applies here."). The only case appearing to suggest otherwise, *Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 14-cv-0772, 2016 WL 199417 (D. Nev. Jan. 15, 2016), has been disregarded by multiple courts as having been "short on legal analysis" and also distinguished in some instances by the fact that the complaint in *Hologram* was filed before the effective date of the December 1, 2015 Amendments abrogating Form 18. *See, e.g., RAH Color*, 194 F. Supp. 3d at 352 (recognizing *Hologram* as "an outlier" and applying *Twombly* and *Iqbal* pleading standards); *Tannerite*, 2016 WL 1737740, at *3 (rejecting *Hologram's* "abbreviated legal analysis," and finding that the *Hologram* court "overlooked the import of a critical point," i.e. "a form that no

longer exists can no longer control").

In response to Webasto's motion, BesTop does not cite one case discussing the appropriate pleading standard for a patent case that post-dates the abrogation of Rule 84 and Form 18. Indeed BesTop does not even acknowledge or try to distinguish the many cases cited by Webasto and discussed *supra*, that reject continued adherence to the abbreviated pleading standards of now-abrogated Form 18 following the December, 2015 Amendments to the Federal Rules of Civil Procedure.

BesTop suggests that Webasto (and apparently the Court) need only look to its recently-served invalidity contentions to understand the factual predicate for its counterclaims. But of course the Court is limited to an examination of the pleadings in resolving a motion under Fed. R. Civ. P. 12(b)(6). BesTop's invalidity contentions, which were to be served on Webasto on September 22, 2017, are irrelevant to the Court's analysis. In any event, Webasto states in its Reply that it has received those contentions and they are equally void of factual content.

BesTop's counterclaims as pled merely recite bare legal conclusions and fail to allege sufficient factual content to support a plausible inference of liability. "Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Agema*, 826 F.3d at 331. BesTop seemingly accepts this but invokes an abrogated exception to the prevailing pleading standards in defense of the brevity of

its pleading. The Court rejects BesTop's argument and GRANTS Plaintiff's motion to dismiss the counterclaims.

In the alternative to a denial of Webasto's motion to dismiss its Counterclaim, BesTop seeks leave to file an amended counterclaim. Rule 15 requires that leave to amend be freely given when justice so requires. Given the relatively early stages of this case, and the absence of any significant prejudice to the Plaintiff, the Court concludes that leave to amend should be granted here.

## IV. CONCLUSION

The Court GRANTS the motion to dismiss BesTop's counterclaims as insufficient under *Twombly* and *Iqbal*, and GRANTS BesTop's request for leave to amend its counterclaims. BesTop shall file its amended counterclaim, if it so elects, within fourteen (14) days of the date of its Opinion and Order.

IT IS SO ORDERED.

s/Paul D. Borman<br>
Paul D. Borman<br>
United States District Judge

Dated: October 11, 2017

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 11, 2017.

s/Deborah Tofil<br>
Case Manager