WEBASTRO THERMO & COMFORT
NORTH AMERICA, INC., ET AL.,

   Plaintiffs,      No.16-13456

v.             District Judge Paul D. Borman
             Magistrate Judge R. Steven Whalen

BESTOP, INC.,

   Defendant.
               /

## OPINION AND ORDER

  This is a patent case. On March 12, 2018, the Court entered a stipulated order governing the production of electronically stored information (the "ESI Order")[Doc. #72]. Although the stated purpose of the ESI Order was "to promote, whenever possible, the early resolution of disputes regarding the discovery of electronically stored information ("ESI") without Court intervention," ESI Order, ¶ 1.1, Plaintiffs Webasto Thermo & Comfort North America, Inc. and Webasto-EDSCHA Cabrio USA, Inc. (collectively "Webasto") have filed an Emergency Motion to Stay ESI Discovery, for a Protective Order, and for Cost-Shifting [Doc. #78], alleging that Defendant Bestop, Inc. ("BesTop") has violated the Order by propounding overly broad search terms in its request for ESI. Plaintiffs seeks a protective order "sparing Webasto from unduly burdensome email discovery, until such time as BesTop propounds reasonable email search requests containing appropriate narrowing criteria." *Motion* at 15, Pg. ID 2042. Webasto also requests an order requiring BesTop "to pay Webasto's costs associated with its email production, because of its insistence on propounding *prima facie* inappropriate

-1-

search criteria, and refusal to work in good faith to target its search terms to specific issues in this case." *Id*.[1]

## I. BACKGROUND

Webasto manufactures an automobile roof and roof-opening mechanism in which it has a patent ("the '342 patent"). It claims that BesTop manufactures a roof-opening mechanism under the name "Sunrider for Hartop" that infringes the '342 patent. BesTop contends that its Sunrider product is based on prior art, invalidating Webasto's '342 patent. At issue in this motion is BesTop's discovery request for ESI from Webasto, specifically emails. Because the total emails generated and received by these companies would be voluminous, and many would encompass matters having nothing to do with this lawsuit, the stipulated ESI Order establishes a protocol for narrowing the requests, limiting production to eight individuals, and directing the parties to propound ten search terms for each individual. The ESI Order contemplates that the search terms selected will serve to narrow the search, and to exclude extraneous and irrelevant information.

Paragraph 1.3(3) of the ESI Order provides as follows regarding email production:

"Each requesting party shall limit its email production requests to eight (8) key custodians and a total of ten search terms per custodian per side.

> 3) The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that significantly reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g. 'computer' and 'system') narrows the search and shall count as a single term. A disjunctive combination of multiple words or phrases (e.g. 'computer' or 'system') broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g. 'and,' 'but not,' 'w/x') is encouraged to limit the production and

---

[1] Webasto's request in this motion for a stay of ESI discovery is moot, given the Court's Order Staying Certain Discovery Deadline [Doc. #80].

shall be considered when determining whether to shift costs for disproportionate discovery."

Webasto contends that BesTop's proposed search terms are "overbroad, indiscriminate, and contrary to BesTop's obligations under the Court's ESI Order." Despite pre-motion communication between counsel, the parties are at an impasse regarding whether BesTop has appropriately narrowed its search terms. BesTop's proposed search terms include the following:

> Jeep
> Swap Top
> Bestop
> ThrowBack
> Magna
> Aftermarket
> Sale (including as part of the word Sales)
> Top
> Bow
> Fabric
> Fold
> Drawing (or as alternate designation "dwg")

Attached to Webasto's motion [Doc. #78] is the declaration of Eric P. Carnevale, Plaintiff's attorney.[2] He states that Webasto's "good faith attempt to perform searches as requested by BesTop" revealed the following volume of ESI returned for each of Webasto's custodians, prior to review for production:

-Joseph Lupo: 30 gigabytes.[3]

-Ryan Evans: 13 gigabytes.

-Tyler Ruby: 10 gigabytes.

---

[2] Attached to Mr. Carnevale's declaration is correspondence between counsel for the parties regarding BesTop's proposed search terms, and Webasto's objection to the breadth of those terms.

[3] One gigabyte would comprise approximately 678,000 pages of text. 30 gigabytes would represent approximately 21,696,000 pages of text.

Mr. Carnevale submitted a second declaration, appended to Webasto's reply brief [Doc. #83], in which he breaks down the volume of ESI from each custodian by the number of individual records. Individual records may contain multiple pages each. Mr. Carnevale summarized Webasto's findings as to individual custodians as follows:

-Joseph Lupo: 118,336 documents.

-Ryan Evans: 44,373 documents.

-Tyler Ruby: 44,460 documents.

-Crystal Muglia: 245,019 documents.

-Mark Denny: 162,067 documents.

Given the stay of email discovery pending resolution of this motion, Webasto's production of records is incomplete; nevertheless, based on the above statistics, Webasto states that "just a subset of the email discovery requests propounded by BesTop have returned more than 614,00 documents, comprising potentially millions of individual pages for production." *Reply* [Doc. #83], at 5, Pg. ID 2205. Mr. Carnevale also states in his second declaration the he substantively reviewed the first 100 sequentially numbered records in Webasto's pre-production database for documents responsive to BesTop's search terms, and found as follows:

> "[T]he first 100 records in Webasto's pre-production database contained no documents discussing, describing, or related to products covered by the '342 Patent, or the claims and defenses of the parties in this case. The records contained emails related to other Webasto business and internal affairs, including projects related to refrigeration, RV accessories, and conference attendance. The document set also contained several emails involving persons with the word 'sales' in the job title of their email signature." *Carnevale Declaration*, ¶ 9.

## II.   DISCUSSION

Under Fed.R.Civ.P. 26(c), a party may move for a protective order limiting or precluding discovery that is unduly burdensome, on a showing of good cause. "The burden of establishing good cause for a protective order rests" with the party seeking the order. *Nix v. Sword*, 11 Fed.App'x. 498, 500 (6th Cir. 2001). "To show good cause, a movant for a protective order must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." Id. (citations and internal quotation marks omitted).  With regard to ESI, Fed.R.Civ.P. 26(b)(2)(B) provides:

> "**(B)** *Specific Limitations on Electronically Stored Information*. A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery."

"Among the measures available to the court is the apportionment (or shifting) of costs between the requesting and the producing parties." *Cason-Merenda v. Detroit Med. Ctr.*, 2008 WL 2714239, at *1 (E.D. Mich. July 7, 2008).

The majority of BesTop's search term are overly broad, and in some cases violate the ESI Order on its face.  For example, the terms "throwback" and "swap top" refer to Webasto's product names, which are specifically excluded under ¶ 1.3(3) of the ESI Order.[4]  The overbreadth of other terms is obvious, especially in relation to a company

---

[4] Paragraph 1.3(3) of the ESI Order specifically excludes the names of the *producing party* and its products. Because BesTop is the *requesting party*, propounding its name as a search term is fair game.

-5-

that manufactures and sells convertible tops: "top," "convertible," "fabric," "fold," "sale or sales." Using "dwg" as an alternate designation for "drawing" (which is itself a rather broad term) would call into play files with common file extension .dwg.

Apart from the obviously impermissible breadth of BesTop's search terms, their overbreadth is borne out by Mr. Carnevale's declarations, which detail a return of multiple gigabytes of ESI potentially comprising tens of millions of pages of documents, based on only a partial production. In addition, the search of just the first 100 records produced using BesTop's search terms revealed that none were related to the issues in this lawsuit. Contrary to BesTop's contention that Webasto's claim of prejudice is conclusory, I find that Webasto has sufficiently "articulate[d] specific facts showing clearly defined and serous injury resulting from the discovery sought...." *Nix*, 11 Fed.App'x. at 500.

Thus, BesTop's reliance on *City of Seattle v. Professional Basketball Club, LLC*, 2008 WL 539809 (W.D. Wash. 2008), is inapposite. In *City of Seattle*, the defendant offered no facts to support its assertion that discovery would be overly burdensome, instead "merely state[ing] that producing such emails 'would increase the email universe exponentially[.]'" *Id*. at *3. In our case, Webasto has proffered hard numbers as to the staggering amount of ESI returned based on BesTop's search requests. Moreover, while disapproving of conclusory claims of burden, the Court in *City of Seattle* recognized that the overbreadth of some search terms would be apparent on their face:

> "'[U]nless it is obvious from the wording of the request itself that it is overbroad, vague, ambiguous or unduly burdensome, an objection simply stating so is not sufficiently specific.'" *Id*., quoting *Boeing Co. v. Agric. Ins. Co.*, 2007 U.S. Dist. LEXIS 90957, *8 (W.D.Wash. Dec. 11, 2007).

As discussed above, many of BesTop's terms are indeed overly general on their face. And again, propounding Webasto's product names (e.g., "throwback" and "swap

top") violates the express language of the ESI Order.

Adversarial discovery practice, particularly in the context of ESI, is anathema to the principles underlying the Federal Rules, particularly Fed.R.Civ.P. 1, which directs that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." In this regard, the Sedona Conference Cooperation Proclamation states:

> "Indeed, all stakeholders in the system–judges, lawyers, clients, and the general pubic–have an interest in establishing a culture of cooperation in the discovery process. Over-contentious discovery is a cost that has outstripped any advantage in the face of ESI and the data deluge. It is not in anyone's interest to waste resources on unnecessary disputes, and the legal system is strained by 'gamesmanship' or 'hiding the ball,' to no practical effect."

The stipulated ESI Order, which controls electronic discovery in this case, is an important step in the right direction, but whether as the result of adversarial overreach or insufficient effort, BesTop's proposed search terms fall short of what is required under that Order.

### III. CONCLUSION

For these reasons, Webasto's motion for protective order [Doc. #78] is GRANTED as follows:

Counsel for the parties will meet and confer in a good-faith effort to focus and narrow BesTop's search terms to reasonably limit Webastro's production of ESI to emails relevant (within the meaning of Rule 26) to the issues in this case, and to exclude ESI that would have no relationship to this case.

Following this conference, and within 14 days of the date of this Order, BesTop will submit an amended discovery request with the narrowed search terms.

Upon BesTop's submission of the amended discovery request, the parties will contact the chambers of the Honorable Paul D. Borman, the assigned District Judge, regarding the determination of a new deadline for production of the ESI.

Because BesTop will have the opportunity to reformulate its discovery request to conform to the ESI Order, Webasto's request for cost-shifting is DENIED at this time. However, the Court may reconsider the issue of cost-shifting if BesTop does not reasonably narrow its requests.

IT IS SO ORDERED.

Dated: June 29, 2018
s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

---

**CERTIFICATE OF SERVICE**

I hereby certify on June 29, 2018 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on June 29, 2018.

s/Carolyn M. Ciesla
Case Manager for the
Honorable R. Steven Whalen