UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WEBASTO THERMO & COMFORT
NORTH AMERICA, INC. and
WEBASTO-EDSCHA CABRIO USA, INC.,

                Plaintiffs,                Case No. 16-cv-13456

v.                                                      Paul D. Borman
BESTOP, INC.,                             United States District Judge

                Defendant.
_____/

## OPINION AND ORDER DENYING BESTOP, INC.'S MOTION FOR RECONSIDERATION (ECF NO. 94)

On July 3, 2018, this Court entered an Opinion and Order granting Plaintiffs Webasto Thermo & Comfort North America, Inc. and Webasto-Edscha Cabrio USA, Inc.'s ("Webasto") motion to dismiss Defendant BesTop, Inc.'s ("BesTop") inequitable counterclaim and striking BesTop's unclean hands defense. (ECF No. 92.) On July 17, 2018, BesTop filed a motion for reconsideration (ECF 94). The Court ordered Webasto to respond, which Plaintiffs did on July 31, 2018. (ECF No. 97.)

For the reasons that follow, the Court DENIES the motion for reconsideration.

**I.    BACKGROUND**

Familiarity with the factual background of this matter is set forth in numerous

prior opinions and orders of this Court and familiarity with those facts is presumed. In short, Webasto alleges that on May 24, 2016, the United States Patent and Trademark Office ("USPTO") issued the '342 Patent and that Webasto holds all right, title and interest in the '342 Patent with rights to enforce the '342 Patent and to sue for infringement. (ECF No. 1, Complaint ¶ 8; Ex. A, U.S. Patent No. 9,346,342.) The '342 Patent claims technology related to a vehicle roof and roof opening mechanism that Webasto claims to have introduced to the public on March 27, 2015, at the Easter Jeep Safari event in Moab, Utah. (Compl. ¶ 10-11.) Webasto alleges that the Webasto roof opening mechanism provides an innovative and effective way to cover and selectively uncover a roof opening. (Compl. ¶ 12.)

Webasto alleges that BesTop manufactures a roof opening mechanism under the name "Sunrider For Hardtop" ("Sunrider") that incorporates Webasto's patented roof opening mechanism and infringes one or more claims of the '342 Patent, either literally or under the doctrine of equivalents. BesTop asserts that the claims of the '342 Patent were disclosed in prior art and are therefore unpatentable. BesTop also asserted an inequitable conduct counterclaim, which this Court dismissed in its July 3, 2018 Opinion and Order. BesTop now seeks reconsideration of that decision.

## II. STANDARD OF REVIEW

"A motion for reconsideration is governed by the local rules in the Eastern

District of Michigan, which provide that the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). Eastern District of Michigan Local Rule LR 7.1(h)(3) provides in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.Com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010) (citing *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("'It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant

3

error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided.'")). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). *See also Allen v. Henry Ford Health Sys.*, No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb. 19, 2010) (holding that motions for reconsideration do not permit a party to "to raise new legal theories that should have been raised earlier" or "attempt to supplement the record with previously available evidence").

The Sixth Circuit has affirmed these standards, which govern the Court's consideration of Plaintiff's motion for reconsideration:

> It is well-settled that "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007). Additionally, reconsideration motions cannot be used as an opportunity to re-argue a case. Furthermore, a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier.

*Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014). *See also Zucker v. City of Farmington Hills*, 643 F. App'x 555, (6th Cir. 2016) ("It is also "well-settled" law in this circuit that parties cannot use a motion for

4

reconsideration to raise new legal arguments that could have been raised before a judgment was issued. . . . [a]nd [n]ew arguments based on hindsight regarding how a movant would have preferred to have argued its case do not provide grounds for Rule 60(b) relief.") (internal quotation marks and citations omitted).

## III. ANALYSIS

BesTop confirms in its motion for reconsideration that it alleges that "[t]he "who" is *either* "the inventor" (an individual) *or* "the prosecution attorney" (an individual) *or* both." (Mot. Recon. 2, PgID 2278) (emphasis added). BesTop holds firm to its right to plead the "who" in the alternative as long as the "alternatives" are individuals and not corporate entities: "Federal circuit case law . . . merely requires pleading someone *other than an organization* as the "who," which BesTop has done here." (ECF No. 94, Mot. Recon. 3, PgID 2279) (emphasis in original). BesTop cites no law in support of this statement, but offers a string of cases that BesTop represents have "allow[ed] the pleading of multiple *individuals* who owed a duty of disclosure to the USPTO as the "who," as opposed to *organizations*, the distinction addressed in *Exergen*." (*Id.*) (Emphasis in original.) BesTop argues that *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009), which the Court discussed at length in its July 3, 2018 Opinion and Order, was concerned only with prohibiting "generically pleading organizational entities as the "who," not alternatively pleading

5

*more than one individual*, as BesTop has done here." (Mot. Recon. 8, PgID 2284) (emphasis in original). BesTop is wrong. Although *Exergen* clearly confirms that naming an organization (as opposed to an individual) will never suffice because "only individuals, rather than corporations . . . owe a duty of candor to the PTO," *Exergen*, 575 F.3d at 1329, the case was not *just* concerned with the rather obvious distinction between pleading an individual as opposed to an organization. *Exergen* was concerned with sufficiently pleading that a specific individual (or multiple specific individuals) alleged to have engaged in inequitable conduct be specifically identified (and not generically identified, such as "the company's inventor" or "the company's attorney") and that sufficient facts be pleaded to plausibly suggest that the specific individual (or if more than one individual is alleged to have committed the acts *each* specific individual) identified made the misrepresentations to or withheld information from the USPTO and did so with the specific intent to deceive the USPTO.

BesTop misrepresents in its motion for reconsideration that this Court reasoned that BesTop failed to sufficiently plead the "who" because "it did not single out one specific individual who failed to disclose prior art to the USPTO." (Mot. Recon. 7, PgID 2283.) The Court never suggested that only one individual could be the subject of an inequitable conduct claim. Clearly, as multiple cases make clear, an inequitable conduct claim may plausibly allege more than one "who" – that is to say more than

6

one specific individual who is alleged to have misrepresented or withheld material information in a USPTO proceeding. But a claim alleging *alternatively* that either one individual *or* another *or perhaps* both may be the "who" is patently insufficient. Contrary to BesTop's argument, Rule 8(d)(2), which permits pleading claims and defenses in the alternative, does not relieve a party from the burden of pleading fraud with particularity as to each alternative claim or defense pleaded, as required by Rule 9(b), or from the burden of sufficiently pleading that each specific individual, or specific individuals if more than one is alleged to have engaged in the inequitable conduct, misrepresented facts to the USPTO and possessed the requisite intent to deceive as required by Federal Circuit precedent. Adopting BesTop's argument would render Rule 9(b), which imposes a heightened pleading standard here, meaningless in this context.

BesTop string cites a number of cases that unsurprisingly permit the pleading, by name, of multiple individuals as the "who" in an inequitable conduct claim. But none of these cases addresses or approves the "*either* a *or* b *or* both" alternative pleading that BesTop engages in here. On the contrary, the courts find plausibility based on the pleading of specific facts that permit the inference that *each* of the named individuals committed the acts or omissions alleged to constitute the inequitable conduct. And none of these cases suggests that merely naming "an individual as

7

opposed to an organization," without also specifically alleging that individual's direct involvement in the inequitable conduct, satisfies *Exergen*. *See, e.g., Johnson Outdoors Inc. v. Navico, Inc.*, 774 F. Supp. 2d 1191, 1198-99 (M.D. Ala. 2011) (finding that inequitable conduct counterclaim adequately pleaded the "who" by alleging that "Messrs. Betts, Derrow, *and* Howell falsely stated and misrepresented to the [PTO] that known side scan sonar devices locate the transducer in a vessel towed by the watercraft") (emphasis added); *Front Row Technologies, LLC v. NBA Media Ventures, LLC*, 163 F. Supp. 3d 938, 964, 993 (D. New Mexico 2016) (finding inequitable conduct counterclaim adequately pleaded the "who" by identifying "Mr. Ortiz and Mr. Lopez . . . as the persons directly responsible for the alleged inequitable conduct" who "*both knew* of the material information and deliberately withheld or misrepresented it," rather than "merely alleg[ing] that one of Front Row's attorneys was involved" and instead naming the "specific individual . . . responsible for the alleged inequitable conduct") (emphasis added); *Certusview Technologies, LLC v. S&N Locating Servs., LLC*, 107 F. Supp. 3d 500, 517, 521 (E.D. Va. 2015) (concluding that "Defendants have adequately alleged the "who" of the alleged inequitable conduct by alleging that Nielsen *and* Chambers failed to disclose the TelDig Utility Suite product to the PTO," and "Chambers, Nielsen, *and* Teja *told* the examiner" certain false information) (emphasis added). And, although the Court

8

disagrees with the District of Delaware court's analysis, even *Int'l Bus. Machines Corp. v. Priceline Grp Inc.*, No. 15-137, 2017 WL 1349175, at *9 (D. Del. April 10, 2017) (Burke, MJ), which suggested that naming an entire group such as "named inventors" or "prosecuting attorneys" *could* satisfy the who "to the extent that they could be understood to accuse each of the members of a known, clearly ascertainable group," still required that *each* of the members of the ascertainable group be accused.

Importantly in these cases *each* individual is alleged to have misrepresented information to, or otherwise deceived the USPTO. By contrast, BesTop alleges that "[t]he "who" is *either* "the inventor" (an individual) *or* "the prosecution attorney" (an individual) *or* both." (Mot. Recon. 2, PgID 2278) (emphasis added). BesTop's error is not in naming more than one individual but in failing to allege that *each of them* has engaged in the prohibited conduct. The essence of BesTop's claim is that *someone* must have deceived the USPTO and only time (and more discovery) will tell who. *Exergen* prohibits this. As the Court observed in its initial Opinion and Order, an inequitable conduct counterclaim that pleads in the disjunctive and fails to allege that specific individuals *each* in fact misrepresented or deceived the USPTO does not satisfy *Exergen* and cannot plausibly support an inference of scienter as to any particular individual (or individuals). In addition to the cases cited by the Court in its July 3, 2018 Opinion and Order, *see also Senju Pharm.Co., Ltd. v. Apotex, Inc.*, 921

F. Supp. 2d 297, 306-07 (D. Del. 2013) (finding allegations that "'Abraham Zelkin or one or more of the other individuals listed as an inventor' fell short of the [*Exergen*] pleading standard," finding the pleadings "diluted by the qualifiers that either Zelkin, 'or one or more' of the other inventors, knew about the [withheld information] and their materiality – affording the possibility that Zelkin, the only specific individual named, did not know about them at all") (alteration in original); *Everlight Electronic Co., Ltd. v. Nichia Corp.*, 907 F. Supp. 2d 866, 871-73 (E.D. Mich. 2012) (finding deficient under *Exergen* allegation that "identifies the 'who' only as "Yoshinori Shimzu, Kensho Sakano, Yasunobu Noguchi, Toshio Moriguchi, and/or other persons who were substantially involved in the preparation or prosecution of the application that led to the '925 Patent," observing that "through the 'or' portion [the pleader] has disjoined them [with] the result that [the pleader] has failed to specifically identify who is guilty of misconduct'") (quoting *Mitsubishi Heavy Indus., Ltd. v. General Elec. Co.*, No. 10-cv-812, 2012 WL 831525, at *2 (M.D. Fla. Mar. 12, 2012)); *Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co.,* No. 13-cv-01043, 2014 WL 3600380, at *3 (E.D. Mo. July 22, 2014) (holding that "even assuming that the names of the applicants and attorneys could be identified from the pleadings and attachments thereto, Defendants have still failed to satisfy *Exergen's* "who" standard," and noting that "[s]everal courts, including the Court of Appeals for the Federal Circuit, have

held that the "and/or" style of pleading does not satisfy Rule 9(b)'s requirements in the inequitable conduct context.") (collecting cases).

## IV. CONCLUSION

Failure to adequately plead the "who" is sufficient grounds to dismiss BesTop's inequitable conduct claim. But neither has BesTop demonstrated that the Court palpably erred in finding that BesTop's formulaic pleading of the "how" failed to satisfy *Exergen's* demands. BesTop's inequitable conduct claim, as the Court initially held, is the paradigmatic "overplayed litigation tactic" that the Federal Circuit has endeavored to eliminate, and BesTop has demonstrated no palpable error in that conclusion.

BesTop's motion for reconsideration is DENIED, as is its embedded request for leave to amend. Putting a name to the individuals but continuing to plead their conduct in the disjunctive does nothing to enhance plausibility in this instance.

IT IS SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: October 11, 2018

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 11, 2018.

                                              s/Deborah Tofil
                                              Case Manager