UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WEBASTO THERMO & COMFORT
NORTH AMERICA, INC. and
WEBASTO-EDSCHA CABRIO USA, INC.,

Plaintiffs,

v.

BESTOP, INC.,

Defendant.
_____/

Case No. 16-cv-13456

Paul D. Borman
United States District Judge

R. Steven Whalen
United States Magistrate Judge

## OPINION AND ORDER (1) OVERRULING BESTOP, INC.'S AND ATTORNEY JEFFREY SADOWSKI'S OBJECTIONS (ECF NO. 112), (2) AFFIRMING MAGISTRATE JUDGE WHALEN'S AUGUST 9, 2018 OPINION AND ORDER, AND (3) ADOPTING THE RECOMMENDATION FOR THE SANCTIONS IMPOSED (ECF NO. 103)

On August 9, 2018, Magistrate Judge R. Steven Whalen issued an Opinion and Order granting Plaintiffs Webasto Thermo & Comfort North America, Inc. and Webasto-Edscha Cabrio USA, Inc.'s ("Webasto") Motion for an Order Sanctioning Defendant for Making Material Misrepresentations of Fact to the Court. (ECF No. 112, 8/9/18 Opinion and Order.) Defendant BesTop, Inc. ("BesTop") has filed Objections to the 8/9/18 Opinion and Order (ECF No. 112), Webasto has responded (ECF No. 119) and BesTop has filed a reply in support of its Objections (ECF No.

1

121). Having conducted a *de novo* review (*see infra* discussion of standard of review) of those aspects of the 8/9/18 Opinion and Order to which Objections have been filed, the Court OVERRULES the Objections, AFFIRMS the 8/9/18 Opinion and Order, and ADOPTS the sanctions imposed by Magistrate Judge Whalen.

I.  BACKGROUND

The factual background of this matter is set forth in numerous prior opinions and orders of this Court and familiarity with those facts is presumed. In short, Webasto alleges that on May 24, 2016, the United States Patent and Trademark Office ("USPTO") issued the '342 Patent and that Webasto holds all right, title and interest in the '342 Patent with rights to enforce the '342 Patent and to sue for infringement. (ECF No. 1, Complaint ¶ 8; Ex. A, U.S. Patent No. 9,346,342.) The '342 Patent claims technology related to a vehicle roof and roof opening mechanism that Webasto claims to have introduced to the public on March 27, 2015, at the Easter Jeep Safari event in Moab, Utah. (Compl. ¶ 10-11.) Webasto alleges that the Webasto roof opening mechanism provides an innovative and effective way to cover and selectively uncover a roof opening. (Compl. ¶ 12.)

Webasto alleges that BesTop manufactures a roof opening mechanism under the name "Sunrider For Hardtop" ("Sunrider") that incorporates Webasto's patented roof opening mechanism and infringes one or more claims of the '342 Patent, either

literally or under the doctrine of equivalents. In lieu of filing an Answer to Webasto's Complaint, BesTop filed a motion to dismiss, arguing that the '342 Patent, filed on March 10, 2015, was invalid as anticipated by prior art – specifically as asserted in the motion to dismiss, BesTop's public disclosure as early as January 26, 2015, of its allegedly infringing Sunrider in a public presentation. (ECF No. 11, BesTop's Motion to Dismiss.) As an attachment to that motion to dismiss, and as evidence of the alleged "public use," BesTop offered the Declaration of David A. Smith, Director of Engineering at BesTop. (BesTop's Mot. to Dismiss, Ex. C, December 8, 2016 Declaration of David A. Smith) ("Smith Decl."). The Smith Declaration attached as Exhibit 1 what Smith declared was a copy of "Power Point materials" that Smith prepared on January 26, 2015, and forwarded to Fiat Chrysler Automobiles Group ("FCA"), in preparation for a prototype presentation of the Sunrider to FCA that took place on February 5, 2015 in Michigan. (Smith Decl. ¶¶ 5-7, Ex. 1.)

As discussed further *infra*, the "Power Point materials" attached to the Smith Declaration, despite Smith's and BesTop's attorney's repeated representations to the contrary, were *not* the same Power Point materials that were sent to FCA in February, 2015. The evidence, including testimony at a lengthy evidentiary hearing conducted by Magistrate Judge Whalen on January 23, 2018, has established that the Power Point materials attached to the Smith Declaration and submitted to this Court under

3

oath omitted a footer, which was included on the Power Point materials that Smith forwarded to FCA, which bore the following legend on each page except the first: "Disclosure or duplication without consent is prohibited."

Following extensive briefing and the lengthy January 23, 2018 evidentiary hearing, Magistrate Judge Whalen concluded that the misrepresentation concerning the non-disclosure footer, first presented in the Smith Declaration and perpetuated through BesTop's failure to investigate and acknowledge the existence of other drafts of the FCA Power Point presentation *with* the nondisclosure footer, was material and in bad faith. Specifically, Magistrate Judge Whalen found that BesTop's "woefully inadequate investigation" of the omission of the footer, and BesTop's "shifting and changing explanations" for the omission, coupled with attorney Sadowski's "complete lack of contrition, and his cavalier attitude about the seriousness of th[e] matter," was evidence sufficient to support sanctions.

Invoking the Court's inherent power to sanction bad faith conduct, Magistrate Judge Whalen granted in part Webasto's motion for sanctions, requiring attorney Sadowski "to pay attorneys fees to Webasto's counsel for time reasonably expended in litigating what should have been an otherwise unnecessary motion for sanctions," and "declin[ing] to dismiss BesTop's counterclaim," but "exclud[ing] BesTop's use of any evidence related to [] Mr. Smith's Power Point presentation to FCA." (8/9/18

Opinion and Order 15, PgID 2582.)

BesTop now objects to Magistrate Judge Whalen's imposition of sanctions, in particular to the exclusion of all evidence regarding BesTop's February, 2015 Power Point presentation to FCA. For the reasons that follow, and having conducted a *de novo* review of those aspects of the Magistrate Judge's Opinion and Order to which specific objections have been filed, the Court concludes that the Magistrate Judge correctly imposed the evidentiary exclusion as a sanction and applied the appropriate the legal analysis in reaching his conclusions.

## II. STANDARD OF REVIEW

This Court referred the Plaintiffs' motion for sanctions, which did not openly seek the sanction of dismissal, to Magistrate Judge Whalen for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). *See Citizens Ins. Co. of Am. v. Moyer*, No. 04-cv-73909, 2006 WL 3289771, at *1 (E.D. Mich. Nov. 13, 2006) ("If defendants wish to seek dismissal of the complaint as a sanction for discovery abuses, or for any other reason, they must file a motion clearly indicating as much in the caption and in that event the court would either hear the motion itself or refer it to the magistrate judge for report and recommendation, rather than for hearing and determination."). As proceedings on the motion for sanctions progressed, Webasto began to press more directly for dismissal of BesTop's counterclaim. Magistrate

Judge Whalen proceeded to address the motion as it was referred, issuing his ruling in an Opinion and Order, and expressly declining to issue the requested sanction of dismissal of BesTop's invalidity counterclaim. Although neither party has challenged the correctness of clear error review here, the Court elects to proceed under *de novo* review for a couple of reasons.

First, "[t]here appears to be a split of authority" on whether "the sanction chosen by the magistrate judge, rather than the sanction sought by the moving party, governs the magistrate judge's authority over the motion." *Coach, Inc. v. Dequindre Plaza, L.L.C.*, No. 11-cv-14032, 2013 WL 2152038, at *2 n. 1 (E.D. Mich. May 16, 2013) (internal quotation marks and citations omitted). Here, although Magistrate Judge Whalen did not award a sanction that was dispositive of a claim or defense, Webasto did ultimately seek such a sanction. *See Beard v. City of Southfield*, No. 14-cv-13465, 2016 WL 6518490, at *1 (E.D. Mich. Nov. 3, 2016) (observing that magistrate judge was required to proceed by report and recommendation where defendants' motion requested dismissal, even though magistrate judge denied the request for dismissal).

Second, there also appears to be a split of authority regarding whether a magistrate judge issuing sanctions under a district court's "inherent authority" must proceed via proposed findings of fact and recommendations for disposition or by

hearing and determination. *Compare Reddick v. White*, 456 F. App'x 191, 193-94 (4th Cir. 2011) (discussing a district court's inherent authority to sanction bad-faith conduct as recognized in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991), and observing that "[a] motion for sanctions under the district court's 'inherent' power is not a pretrial matter under § 636[(b)(1)(A)]" and concluding that when such inherent authority is exercised by a magistrate judge, the ruling requires *de novo* review by the district court) *with Apple Inc. v. Samsung Electronics Co., Ltd.*, 888 F. Supp. 2d 976, 985-87 (N.D. Cal. 2012) (expressly declining to follow *Reddick*, reasoning that "[n]othing in *Chambers* indicates that inherent powers are limited to Article III courts," and reviewing the magistrate judge's order issuing sanctions pursuant to the court's "inherent power" for clear error).

The Court concludes that the better course, in view of conflicting authority on the issue, is to proceed with *de novo* review. Accordingly, the Court will conduct a *de novo* review of those portions of Magistrate Judge Whalen's 8/9/18 Order to which specific objections have been filed.

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of a Magistrate Judge's report and recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich.

2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). "In making this determination, the Court need not rehear any contested testimony or conduct its own evidentiary hearing, but may instead exercise its 'sound judicial discretion' in choosing how much reliance to place on the Magistrate Judge's 'proposed findings and

recommendations.'" *Flagg v. City of Detroit*, No. 05-74253, 2011 WL 4634245, at *1 (E.D. Mich. Oct. 5, 2011) (quoting *United States v. Raddatz*, 447 U.S. 667, 673–76 (1980)).

## III. ANALYSIS

### A. Objection Number One

BesTop argues that the Magistrate Judge erred in precluding "any evidentiary use of the Smith Power Point presentation to the FCA." (Objs. 9, PgID 2657.) BesTop argues that even if the imposition of monetary sanctions against attorney Sadowski is sustained, "there is no basis to sustain the evidentiary preclusion sanction against BesTop." (*Id.* at 9-10, PGID 2657-58.) BesTop, relying in part on *Siser North America, Inc. v. Herika G. Inc.*, 325 F.R.D. 200 (E.D. Mich. 2018), submits that "[a] client should not be punished for its attorney's conduct." (Objs. 10, PgID 2658.)

Webasto responds that BesTop is "bound by the acts" of its freely chosen counsel, citing *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and

is considered to have notice of all facts, notice of which can be charged upon the attorney."). The Supreme Court was quite clear in *Link* about the importance of this principle:

> Clients have been held to be bound by their counsels' inaction in cases in which the inferences of conscious acquiescence have been less supportable than they are here, and when the consequences have been more serious. *See, e.g., United States ex rel. Reid v. Richmond*, 2 Cir., 295 F.2d 83, 89—90; *Egan v. Teets*, 9 Cir., 251 F.2d 571, 577 n. 9; *United States v. Sorrentino*, 3 Cir., 175 F.2d 721. Surely if a criminal defendant may be convicted because he did not have the presence of mind to repudiate his attorney's conduct in the course of a trial, a civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit. And if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant. Moreover, this Court's own practice is in keeping with this general principle. For example, if counsel files a petition for certiorari out of time, we attribute the delay to the petitioner and do not request an explanation from the petitioner before acting on the petition.

370 U.S. at 634 n. 10.

The Sixth Circuit has affirmed and applied this principle from *Link*, but in the context of the sanction of dismissal has "emphasized directly sanctioning the delinquent lawyer rather than the innocent client." *See, e.g. Kovacic v. Tyco Valves & Controls, LP*, 433 F. App'x 376, 380 (6th Cir. 2011) (quoting *Coleman v. American Red Cross*, 23 F.3d 1091, 1095 (6th Cir. 1994)). But Magistrate Judge

Whalen declined to dismiss BesTop's counterclaim, and adopted the lesser sanction of precluding BesTop from "any evidentiary use of the Smith Power Point presentation to FCA." (8/9/18 Opinion and Order 15, PgID 2582.)

But more importantly here there is evidence that the client *was* involved in perpetuating the material misrepresentation, establishing at a minimum a "conscious acquiescence" on the part of the client, further supporting the Magistrate Judge's decision to award the evidentiary exclusion as a sanction. *Link*, 370 U.S. at 634 n. 10. The materially misleading document without the nondisclosure footer was attached to Mr. Smith's Declaration. Mr. Smith had great familiarity with the legend that was missing from the version of the Power Point materials attached to his signed Declaration as Exhibit 1, as that nondisclosure footer appeared automatically on all presentations printed out by him using "Magna software." (ECF No. 60, 1/23/18 Hr'g Tr. 32:17-18.) Mr. Smith swore in his Declaration that Exhibit 1 to his Declaration (the Power Point materials *without* the nondisclosure footer) was the same material that he prepared and sent to FCA, yet after lengthy questioning at the evidentiary hearing, as Magistrate Judge Whalen ultimately ruled, Mr. Smith acknowledged that in fact the version of the Power Point materials that he emailed to FCA *did contain* the nondisclosure footer. (1/23/18 Hr'g Tr. 44:17-49:4.)

Moreover, in or about June, 2017, when Webasto served interrogatories on

11

BesTop trying to determine if there were "other versions" of the FCA Power Point presentation, BesTop's July 19, 2017 response failed to disclose the existence of any other drafts, which BesTop has now admitted did exist. Mr. Smith testified that although he does not specifically recall if he participated in the preparation of those interrogatory responses, he recalled that Eric Getzschman (also a BesTop employee) did provide information to BesTop's counsel for purposes of responding to Webasto's interrogatories, and in particular to the interrogatory seeking information about "other drafts" of Exhibit 1 to the Smith Declaration, i.e. the FCA Power Point *without* the nondisclosure footer. (1/23/18 Hr'g Tr. 25:4-27:24, 72:74:17.)

Mr. Smith's testimony at the evidentiary hearing was clear that the nondisclosure footer was automatically populated by Magna's software onto any presentation and specifically was present on his FCA Power Point presentation. The evidence establishes that BesTop, through the acts or omissions of at least Mr. Smith and Mr. Getzschman, also participated in the failure to investigate and to openly acknowledge and inform the Court of the misleading nature of Exhibit 1 to Mr. Smith's Declaration. BesTop was "not totally blameless" for what was, at a minimum, a "wilfully blind" investigation into, and repeated failures to disclose to Webasto and the Court, the native version the FCA Power Point presentation, which included the nondisclosure footer. *See State Auto Ins. Co. v. Thomas Landscaping*

12

*& Construction, Inc.*, 494 F. App'x 550, 554-55 (6th Cir. 2012) (citing *Link* and finding that district court did not err in ruling that client was bound by his counsel's actions when client was not "totally blameless") and *Williamson v. Recovery Ltd. Pship*, 826 F.3d 297, 303 (6th Cir. 2016) (holding that evidence of "willful blindness" will support a "strong inference" of bad faith).

By contrast, in *Siser, supra*, which BesTop relies on to support its argument that Magistrate Judge Whalen wrongly sanctioned BesTop through the evidentiary exclusion of the FCA Power Point evidence, Magistrate Judge Elizabeth Stafford made specific findings that the client was not involved to any appreciable degree in the sanctionable conduct and that the attorney had in fact signed the client's name to discovery responses that the client had not even seen or reviewed. 325 F.R.D. at 206-07. Here both Smith and Getzschman did review the false and misleading materials that were submitted and/or the responses that were filed, and they wilfully failed to disclose the existence of the native version of the FCA Power Point materials, which at least Smith knew existed and bore the nondisclosure footer. BesTop is, at a minimum, guilty of "conscious acquiescence," *Link*, 370 U.S. at 634 n. 10, and is "not totally blameless," *Thomas*, 494 F. App'x at 554-55 (6th Cir. 2012).

BesTop has stated that the FCA presentation "was only a part of the public use" that it claims invalidates Webasto's infringement claims. *See* ECF No. 66, BesTop's

Supp. Br. In Opp. to Mot. for Sanctions at 8, PgID 1818. Magistrate Judge Whalen's exclusion of the FCA Power Point presentation was not the most drastic sanction available to him and was not, by BesTop's own characterization of its public use defense, tantamount to dismissal of a claim or defense. Indeed Magistrate Judge Whalen expressly declined to impose the sanction of dismissing BesTop's counterclaim.

The Sixth Circuit has expressly authorized the inherent power of a court to sanction both parties and their counsel. *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008) (emphasizing that a court's "inherent powers include the ability to 'fashion an appropriate sanction for conduct which abuses the judicial process,'" quoting *Chambers*, 501 U.S. at 44, and observing that such "inherent power is not limited to sanctioning attorneys only; we can sanction a party as well," citing *Chambers*, 501 U.S. at 48). BesTop has failed to establish any error in Magistrate Judge Whalen's evidentiary ruling excluding "any evidence related to Mr. Smith's Power Point presentation to FCA." BesTop's First Objection is OVERRULED.

### B. Objection Number Two

BesTop objects that the Magistrate Judge applied the wrong legal standard in arriving at his conclusion that sanctions were warranted under the "bad faith"

14

standard applicable when the Court relies on its "inherent authority" to issue sanctions. "Because inherent powers are shielded from democratic controls, they must be exercised with restraint and discretion." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980). BesTop argues that Sixth Circuit precedent requires a finding of "improper motive" before imposing sanctions under the Court's inherent authority. BesTop is correct that Sixth Circuit precedent requires the finding of "*something more* than that a party knowingly pursued a meritless claim or action at any stage of the proceedings" when a district court relies on its inherent authority to impose sanctions. *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (emphasis in original). As the Sixth Circuit explained in *Metz*:

> We apply a three-part test from *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997), to determine whether the district court's imposition of sanctions under the bad faith standard was proper. *BDT Prods.* [*Inc. v. Lexmark Intern.Inc.*,] 602 F.3d [742] at 752 [(6th Cir. 2010)]. This test requires the district court to find "[1] that 'the claims advanced were meritless, [2] that counsel knew or should have known this, and [3] that the motive for filing the suit was for an improper purpose such as harassment.'" *Id.* (quoting *Big Yank*, 125 F.3d at 313).

> "[T]he mere fact that an action is without merit does not amount to bad faith." *Id.* at 753 (internal quotation marks omitted). Rather, "the court must find something more than that a party knowingly pursued a meritless claim or action at any stage of the proceedings." *Id.* Examples of "something more" include: a finding that the plaintiff filed the suit "for purposes of harassment or delay, or for other improper reasons," *Big Yank*, 125 F.3d at 314, a finding that the plaintiff filed "a meritless

15

> lawsuit and [withheld] material evidence in support of a claim," *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 523 n. 18 (6th Cir. 2002), or a finding that a party was "delaying or disrupting the litigation" or "hampering enforcement of a court order," *Chambers* [*v. NASCO, Inc.*,] 501 U.S. [32] at 46, 111 S.Ct. 2123 [(1991)]. *See BDT Prods.*, 602 F.3d at 753–54.

*Metz*, 655 F.3d at 489. *See Chambers*, 501 U.S. at 49 ("recognizing that invocation of the inherent power would require a finding of bad faith").

The Sixth Circuit reads *Chambers* broadly, as permitting a district court to sanction bad faith conduct, and not as limiting the court's ability to impose sanctions for conduct which falls outside the power of other discreet sanctioning tools:

> In our view, *Chambers* should be read broadly to permit the district court to resort to its inherent authority to sanction bad-faith conduct, even if the court has not expressly considered whether such conduct could be sanctioned under all potentially applicable rules or statutes. While a district court should ordinarily consider whether "the conduct could also be sanctioned under the [28 U.S.C. § 1927] or the [Federal] Rules," *Chambers*, 501 U.S. at 50, 111 S.Ct. 2123, there is nothing in *Chambers* that explicitly requires a court to determine whether "the conduct at issue is covered by one of the other sanctioning mechanisms." *Id.* We are reluctant to impose a wooden requirement where the district court needs the discretion and flexibility to exercise its inherent authority to address various impermissible litigation practices as identified in this Circuit and other Circuits.

*First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 514-15 (6th Cir. 2002) (alterations added) (footnotes omitted). Indeed, as the Sixth Circuit observed in *First Bank of Marietta*, while bad faith is a requirement in the Sixth

Circuit for a court's reliance on its inherent authority, "this Circuit has also upheld the use of such sanctions for conduct that was tantamount to bad faith," and "even in the absence of a specific finding of bad faith." 307 F.3d at 519 (internal quotation marks and citations omitted).

BesTop argues that Magistrate Judge Whalen did not make an explicit finding of "improper motive." But, as the Sixth Circuit explained in *Metz*, the "something more" required for a finding of bad faith conduct is not limited to an express finding of improper motive: "Examples of 'something more' include: a finding that the plaintiff filed the suit for purposes of harassment or delay, or for other improper reasons, a finding that the plaintiff filed a meritless lawsuit and [withheld] material evidence in support of a claim, *or* a finding that a party was delaying or disrupting the litigation or hampering enforcement of a court order." 655 F.3d at 489 (internal quotation marks and citations omitted) (emphasis added).

*Williamson, supra,* provides guiding precedent here because there, as here, the issue was not whether plaintiff "filed a frivolous lawsuit" but rather whether sanctions were appropriate for a party's (or that party's attorney's) contumacious conduct. As the Sixth Circuit noted in *Williamson*, the *Big Yank* test is not a perfect fit in this situation, nor is the "fraud-on-the-court doctrine [which] deals with courts' inherent power to vacate their judgments, whereas this case involves a court's

inherent power to sanction for misconduct in litigation," an appropriate analysis here. 826 F.3d at 302. Here, as in *Williamson*, "the bad-faith inquiry requires us to examine whether [BesTop and Sadowski] knew that [BesTop] possessed the [the native FCA Power Point with the non disclosure footer] or [were] willfully blind to [its] existence when [they] made [the] misrepresentations to [or withheld evidence from] the court. If [they] knew [] or [were] willfully blind to [its] existence, then [their] repeated [misrepresentations and withholding] would not be innocent, and there would be a strong inference that [they] intentionally [withheld material evidence or disrupted the litigation]." 826 F.3d at 303.

Here, while Magistrate Judge Whalen may have focused on the term "reckless," he made sufficient findings following the evidentiary hearing to support a strong inference of "willful blindness," sufficient to satisfy the required "something more:"

> [W]hen misleading evidence i[s] filed with the Court, or there is a misrepresentation of a material fact, it is a big deal. . . . [T]he filing of this misleading exhibit, followed by Mr. Sadowski's decision to not inform the court, his untimely and inadequate investigation into the cause of the filing, his complete lack of contrition, and his cavalier attitude about the seriousness of this matter, is an affront to the integrity of the judicial process . . . .

(8/9/18 Opinion and Order 13, PgID 2580.) As *Metz* makes clear, "improper motive" is not the only "something more" that will support a district court's imposition of sanctions under its inherent authority. "The aforementioned facts provide powerful

18

evidence that [BesTop and Sadowski] knew of, or [were] willfully blind to, the existence of [the] undisclosed [FCA Power Point presentation with the nondisclosure footer]." *Williamson*, 826 F.3d at 304. Magistrate Judge Whalen's very specific findings as to the sanctionable conduct here satisfy the "something more" standard set forth in *Chambers* and satisfy the Sixth Circuit's directive in *Williamson* regarding application of the bad faith standard in the context of the Court's "inherent power to sanction misconduct in litigation."

The Sixth Circuit has expressed its "trust in the district court's 'informed discretion' when the circumstances require the exercise of its inherent authority." *First Bank of Marietta*, 307 F.3d at 517. Here, as in *First Bank of Marietta*, Magistrate Judge Whalen "exercised caution in exercising [the court's] inherent powers," holding a lengthy evidentiary hearing "and considering post-hearing briefs," before determining that BesTop acted in bad faith. 307 F.3d at 519. "In *Chambers*, the Supreme Court stated that courts' inherent power to sanction serves the 'dual purpose' of 'vindicat[ing] judicial authority' and 'mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy.'" *Williamson*, 826 F.3d at 305 (quoting *Chambers*, 501 U.S. at 46) (alterations in original). Magistrate Judge Whalen's award of inherent authority sanctions in his 8/9/18 Opinion and Order served this dual purpose and is not contrary to law. BesTop's Second Objection is

OVERRULED.

## IV. CONCLUSION

For the foregoing reasons, and having conducted a *de novo* review of those portions of the Magistrate Judge's 8/9/18 Opinion and Order to which specific objections have been filed, the Court OVERRULES BesTop's Objections, AFFIRMS the Magistrate Judge's August 9, 2018 Opinion and Order, and ADOPTS the Magistrate Judge's recommended inherent authority sanctions requiring attorney Sadowski "to pay attorneys fees to Webasto's counsel for time reasonably expended in litigating what should have been an otherwise unnecessary motion for sanctions," and "exclud[ing] BesTop's use of any evidence related to [] Mr. Smith's PowerPoint presentation to FCA." (8/9/18 Opinion and Order 15, PgID 2582.)

BesTop shall file its Response to Webasto's petition for attorneys' fees (ECF No. 106) on or before October 31, 2018.

IT IS SO ORDERED.

Dated: OCTOBER 19, 2018

Paul D. Borman
United States District Judge