UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WEBASTO THERMO & COMFORT
NORTH AMERICA, INC. and
WEBASTO-EDSCHA CABRIO USA, INC.,

Case No. 16-cv-13456

Paul D. Borman
United States District Judge

Plaintiffs,

v.

R. Steven Whalen
United States Magistrate Judge

BESTOP, INC.,

Defendant.
_____/

ORDER DENYING MOTION FOR CLARIFICATION (ECF NO. 140)

On November 2, 2018, Defendant BesTop, Inc. (BesTop), filed a motion entitled "Defendant/Counter/Plaintiff BesTop, Inc.'s Motion for Clarification." (ECF No. 140.) The Court required a response from the Plaintiffs, Webasto Thermo & Comfort North America, Inc. and Webasto-Edscha Cabrio USA, Inc. ("Webasto"), which was filed on November 16, 2018. (ECF No. 146, Plaintiff's Opposition to BesTop's Motion for Clarification.) The Court has considered the parties' submissions and finds that oral argument will not assist the Court in it analysis and the Court will resolve the motion on the briefs. E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court DENIES the motion for clarification.

BesTop's motion, which BesTop suggests is *not* a motion for reconsideration

1

but is nonetheless filed within the time frame for seeking reconsideration, is in fact an untimely Objection to Magistrate Judge Whalen's August 9, 2018 Opinion and Order granting Webasto's motion for sanctions and imposing both monetary and evidentiary sanctions. (ECF No. 103, 8/9/18 Opinion and Order.) On August 23, 2018, BesTop filed Objections to Magistrate Judge Whalen's 8/9/18 Opinion and Order, asking the Court to resolve two specific objections: (1) whether the Magistrate Judge erred in imposing an evidentiary sanction against BesTop (the client) in addition to the monetary sanction against attorney Jeffrey Sadowski (BesTop's counsel); and (2) whether the Magistrate Judge applied the wrong legal standard in awarding inherent authority sanctions. (ECF No. 112, BesTop's Objections to the 8/9/18 Order.) On October 19, 2018, this Court issued an Opinion and Order overruling BesTop's Objections, affirming Magistrate Judge Whalen's 8/9/18 Order and adopting the recommendation for the inherent authority sanctions imposed. (ECF No. 129, 10/19/18 Opinion and Order.)

BesTop now asks this Court, in the guise of a "motion for clarification," to anoint BesTop's interpretation of Magistrate Judge Whalen's evidentiary exclusion, which Webasto disputes. The Court concludes that BesTop's motion is both a veiled motion for reconsideration of this Court's 10/19/18 Order and a belated objection to Magistrate Whalen's 8/9/18 Order. Because this Court cannot "reconsider" or

2

"clarify" an issue it was never called upon to decide and because the time to seek a ruling from this Court regarding the breadth of Magistrate Judge Whalen's evidentiary exclusion has passed and any unstated objection has been waived, BesTop's motion is DENIED.

## II. STANDARD OF REVIEW[1]

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (quotation marks and citation omitted). "'A party who fails to

---

[1] As explained in the Court's 10/19/18 Opinion and Order, while Magistrate Judge Whalen proceeded by hearing and determination in resolving Webasto's motion for sanctions, this Court conducted its review under the more exacting *de novo* standard, both because Webasto ultimately sought the sanction of dismissal and because Magistrate Judge Whalen imposed inherent authority sanctions. *See* 10/19/18 Opinion and Order at 5-9.

[specifically] object may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.'" *Guzall v. City of Romulus*, No. 13-cv-11327, 2016 WL 6068038, at *1 (E.D. Mich. Oct. 17, 2016) (quoting *Draper v. Adams*, No. 98-1616, 2000 WL 712376, at *3 (6th Cir. 2000) (unpublished)).

"A motion for reconsideration is governed by the local rules in the Eastern District of Michigan, which provide that the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010) (citing *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("'It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided.'")). "[A] motion for reconsideration is not properly used as a vehicle

to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). *See also Allen v. Henry Ford Health Sys.*, No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb. 19, 2010) (holding that motions for reconsideration do not permit a party to "to raise new legal theories that should have been raised earlier" or "attempt to supplement the record with previously available evidence").

## III. ANALYSIS

In its August 23, 2018 Objections, BesTop *did not* raise an objection to the scope of the Magistrate Judge's evidentiary sanction or in any manner challenge the language of the evidentiary exclusion ultimately imposed as overbroad or otherwise inconsistent with the balance of the Magistrate Judge's 8/9/18 Opinion and Order. BesTop cannot do so now through its pseudo-motion for reconsideration. This Court cannot "reconsider" an issue that it was never called upon, through specific objections, to address. "The Court did not address [the scope of the evidentiary sanction] because [BesTop] did not previously raise [that issue]." *Guzzall*, 2016 WL 6068038, at *2. Having failed to raise the possible ambiguity of the language of the evidentiary exclusion in timely objections, BesTop has waived the right to raise the issue the now. *Id*.

5

Although BesTop titles its motion one for "clarification," citing case law from the United States District Court for the District of Columbia, BesTop notes that it is filing its motion within the fourteen (14) day time-frame for filing motions for reconsideration, obliquely suggesting that the motion may fall into that category. (Mot. for Clarification 1 n.1, PgID 3032.) BesTop states that it is "asking the Court to construe the scope and application of *the Orders* by applying them in a concrete context or particular factual situation to which the parties presently disagree." (Mot. for Clarification 4-5, PgID 3035-36.) (Emphasis added.) Thus, BesTop is not only asking this Court to "clarify" its own 10/19/18 Order but also asking the Court "clarify," i.e. adopt BesTop's interpretation of, Magistrate Judge Whalen's 8/9/18 Order. The Court is not bound by BesTop's amorphous characterization of its motion as one for "clarification" when, at its essence, it is an untimely Objection to the scope of Magistrate Judge's Whalen's evidentiary sanction. BesTop concedes that it is asking this Court to now construe what BesTop considers to be an ambiguity in Magistrate Judge Whalen's 8/9/18 Order. But as explained by Judge Patrick Duggan of this District in *Guzzall*, BesTop cannot assert an untimely objection to Magistrate Judge Whalen's 8/9/18 Order, raising an issue that was not raised in BesTop's 8/23/18 Objections, through the guise of a motion for clarification/reconsideration of this Court's 10/19/18 Order resolving those objections. *See Guzall*, 2016 WL 6068038,

at *2 ("The arguments raised in Plaintiff's pending motion for reconsideration, which were not raised in her objections to Magistrate Judge Grand's May 20, 2016 decision, are not timely and therefore were waived."). *See also Moneymaker v. Chapleau*, 42 F.3d 1389, at *1 (6th Cir. 1994) (table case) (failure to include an issue or argument in objections to a magistrate judge's report and recommendation precludes appellate review of the issue).

Because BesTop did not raise any objection to the scope of, or assert any ambiguity in, Magistrate Judge Whalen's evidentiary exclusion in its Objections to his rulings, "this Court had no reason to address the issue," and did not address the issue, in its Opinion and Order addressing those Objections. *Guzall*, 2016 WL 6068038, at *2. Because this Court was not called upon to, and did not, address the scope of the evidentiary exclusion, there is nothing for this Court to "reconsider" or "clarify," and BesTop has failed to demonstrate a palpable error. Nor can BesTop be heard to complain that it did not believe that the scope of the evidentiary sanction was unclear because, in reaching out to Webasto to alert Webasto to BesTop's "interpretation" of the evidentiary exclusion, it necessarily concedes that there is, at a minimum, an ambiguity in BesTop's estimation. Indeed, BesTop admits as much in its Motion for Clarification:

> Because the PowerPoint presentation was provided to FCA at the same meeting in which the prototype was demonstrated, evidence of the fact

of the meeting could arguably be tangentially related to the Power Point
presentation, which is the position Plaintiff has taken.

(Mot. for Clarification at 7, PgID 3038.) The time to raise an issue with the scope of the evidentiary exclusion was in BesTop's Objections to Magistrate Judge Whalen's 8/9/18 Opinion and Order. No such objection was raised.

The Magistrate Judge "exclude[d] BesTop's use of any evidence related to [] Mr. Smith's Power Point presentation to FCA." (8/9/18 Opinion and Order.) This Court affirmed and adopted that sanction, to which no objection was made, "exclud[ing] BesTop's use of any evidence related to [] Mr. Smith's Power Point presentation to FCA." (10/19/18 Opinion and Order.) If BesTop wanted this Court to reconcile what BesTop apparently believes to be an ambiguous or over-broad evidentiary exclusion with the balance of Magistrate Judge Whalen's 8/9/18 Order, it was required to file a specific objection asking this Court to resolve any perceived ambiguity. It did not do so and it has waived any such objection.

Given the breadth of the "related to" language of the exclusion, "evidence of the fact of the [FCA] meeting" at which the prototype was presented, as BesTop acknowledges, is "arguably tangentially related to the Power Point presentation." Indeed, the Smith Declaration attests that the Power Point presentation was the culmination of months of design, development and production of prototypes, and the Power Point presentation was not only related to the prototype but was the completed

8

depiction of the prototype and the focal point of the FCA meeting. Thus, based on the plain language of the evidentiary exclusion, the prototype, and the fact of the FCA presentation of that prototype, is evidence "related to" the Smith Power Point presentation to FCA.

The Court expresses no opinion on the admissibility of purported evidence of "other public uses" that may be *unrelated* to the Smith Power Point presentation to FCA. The Court cannot possibly address the relevance or admissibility of such unidentified and undefined evidence to the claims and defenses at issue in this case.

## IV. CONCLUSION

For the foregoing reasons, BesTop's motion for clarification is DENIED, and based on the plain language of the evidentiary exclusion to which no objection was timely raised, the Court "excludes BesTop's use of any evidence related to [] Mr. Smith's Power Point presentation to FCA."

IT IS SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: December 11, 2018