IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

| | |
|---|---|
| WEBASTO THERMO & COMFORT NORTH AMERICA, INC. and WEBASTO-EDSCHA CABRIO USA INC., <br><br> Plaintiffs, <br><br> v. <br><br><br> BESTOP INC., <br><br><br> Defendant. | No. 2:16-cv-13456-PDB-RSW <br><br><br> Honorable Paul D. Borman <br><br> Magistrate Judge R. Steven Whalen |

**SPECIAL MASTER'S REPORT AND RECOMMENDATIONS**
<u>**RELATING TO WEBASTO'S MOTION TO STRIKE**</u>

This patent infringement action is now before the Court on Plaintiff Webasto's "Motion to Strike Defendant' Second Amended Non-Infringement and Invalidity Contentions". By Order of the Court this matter has been referred to the Special Master for review and recommendations. In this connection I have reviewed in detail the Plaintiffs' Motion, Defendant's Opposition and Plaintiffs' Reply and all related exhibits, law and reports.

   I.   <u>Did Bestop timely file the amendments?</u>

As usual, the parties are not in agreement about anything, including the proper designation/title for the pleading filed by Bestop on December 28, 2018. Bestop labeled the document "Amended Response to Infringement Contentions, Invalidity Contentions and Initial Contentions on Inequitable Conduct/Unenforceability". Webasto elected to call the document "Second Amended Contentions." Bestop does not provide any *bona fide* reasons for its title as there is nothing in the record of the case that allows for such a "response". Indeed, as Webasto points out, the pleading is obviously an amendment to Bestop's amended contentions filed on October 6, 2017. (Hereafter in the Report, the pleading will be referred to as "Amended Contentions")

Initially, the Court must determine whether Bestop, at this point in the proceedings, is entitled to file the Amended Contentions, without leave of Court. The Court's Scheduling Order

set the deadline of September 22, 2017, for defendant to file their non-infringement and invalidity contentions. Bestop met this deadline, but after Webasto raised informal objections, Bestop filed an amendment on October 6, 2017 (the "October Amendments). This document was the focus of a lot attention related to the *Markman* briefing and hearing and was referred to extensively in the Special Master's Report and Recommendations ("SMRR").

Webasto argues, somewhat weakly, that the Joint Stipulations ("JS"- also thoroughly discussed in connection with claims construction phase of the case) provided Bestop with only one opportunity to amend without a Court order, and that Bestop took that opportunity when it filed its October Amendments. Bestop correctly points out, however, that the October Amendments were in response to Webasto's complaints and Webasto did not move to strike. Furthermore, Bestop argues that the Amended Contentions are, in fact, the very amendments permitted by the JS. Neither parties' position is completely correct on this point.  I agree with Bestop that the October Amendments were not the ones allowed under the JS as the timing was not right and it was unrelated to the Claim Construction Order. However, I disagree with Bestop's assertion that the Amended Contentions meet the requirements of the JS.

The Amended Contentions are not in compliance with the JS for two reasons: a) they were not timely filed; and, b) the contentions are *per se* outside the scope of what is permitted under the JS. The relevant portions of the JS provide as follows:

"Amendment of the Infringement Contentions and Noninfringement and Invalidity Contentions may be made at **one time within 30 days of the Claim Construction decision by the Court**. After that time, any changes can be made only by order of the Court upon a timely showing of good cause." (emphasis added)

Since the Claim Construction decision by the Court did not issue until January 8, 2019, the Amended Contentions, filed on December 28, 2018, were not filed in compliance with the JS. Likewise, Bestop has not cited any Court order, stipulation by the parties or rule of law that would permit it to file the Amended Contentions on December 28, 2018. Accordingly, in light of the foregoing, the Court could strike the pleading on this basis alone. However, the Court may want to take into consideration the extenuating circumstances discussed below before striking the Amended Contentions on this basis alone.

Although Bestop never admits it or attempts to explain their mistake, they obviously misunderstood the deadline requirements of the JS. Instead of filing the Amended Contentions within 30 days of the Court Order on claim construction, they filed within 30 days of the issuance of SMRR.  However, since the Court adopted the SMRR in full, had Bestop filed in a timely fashion, the content of the amendments would clearly be same as found in the Amended Contentions. Thus, since the Court might elect to overlook the timing mistake, the following sections include my analysis and recommendations as to the merits of the Amended Contentions.

II.   Are the Amended Contentions of a
<u>Type Permitted under the Joint Statement</u>?

Clearly the JS is the controlling pleading and Bestop, in fact, relies solely on the JS to justify the amendments. According to Bestop, it's "supplementation is timely under the Joint Statement…"; "The purpose of the stipulation was to allow the parties to amend their contentions in response to the Court's claim construction order." (Bestop Opposition, pages 4 and 5). Of course, the amendments were not timely filed, and Bestop has not demonstrated that the amendments are, in fact, "in response to the Court's claim construction order". Although the JS does not spell out exactly what type of amendments may be filed post claims construction, it is obvious that they must bear a reasonable relationship to these constructions.

Although Bestop asserts that the Amended Contentions "employ the claim constructions adopted by the Court" (Opposition, page 6), nothing could be farther from the truth. To the extent that the Amended Contentions even reference the Court's constructions, each such references are, as Webasto argues, a collateral attack on the Order (*See,* discussions below at page 6). Beyond this however, the Amended Contentions bear no relevant connection to the Court's constructions. Instead, Bestop takes the opportunity to propose wholesale revisions and additions that should have been included in the October Amendments.

By the time the construction order was issued, all fact and expert discovery had been completed. Thus, it makes no sense that at this point in the case that the JS would be designed to provide Bestop with an opportunity to add arguments, evidence and witnesses that have no reasonable relationship to Courts Construction Order. In sum, Bestop not only filed its Amended Contentions with an erroneous understanding as to timing deadlines under the JS, but also with an erroneous understanding as to the type of amendments permitted under the JS.

Furthermore, as Webasto also accurately observes, Bestop could have and should have filed the Amended Contentions back on October 6, 2017. Bestop admits as much when it contends that since all the evidence (both documents and witness statements) cited in the Amended Contentions is well known to Webasto, there is no harm to Webasto if the Amended Contentions are allowed to be filed (Bestop Opposition pages 8-14). The important question, however, is not whether this evidence is known to Webasto, but whether it was known or within Bestop's control such that it should have been included in the October Amendment. Clearly it was known. Bestop's extensive review of the evidence related to the alleged prior use of the invention, provides solid proof that Bestop knew it all in plenty of time to include it in the October Amendments (*See,* Bestop Opposition, pages 8-14). The opportunity to disclose all this evidence and witness without the Court' permission is long gone, and should not be permitted to be filed as Amended Contentions.

The contention that Webasto will not be harmed by the Amended Contentions is also without merit. Webasto was entitled to rely on Bestop to fulfill its obligations under the JS, and provide to Webasto, in writing and in detail, all of its defensive contentions. Webasto awareness of the facts and arguments now presented in the Amended Contentions, does not relieve Bestop

of its burdens under the JS. Webasto correctly relied on the October Amendments as Bestop's complete fulfillment of its obligations. (*See*, Webasto's Motion, pages 4 and 5 for the specific requirements of the JS). If there was ever a proper time for the Amended Contentions it was October 6, 2017, not now.

In light of the foregoing reasoning and analysis, it is the Special Master's recommendation that the Amended Contentions be stricken.[1]

### III. The Parties' Positions

#### a. Webasto

The analysis in Sections I and II of this Report addressed most of the arguments provided by Webasto in its Motion to Strike. However, several need to be reviewed as they provide other examples of how far off base Bestop has gone with the Amended Contentions. The first is Webasto argument that the Amended Contentions found in Section I.A. (Noninfringement., pages 2-8) are "an improper collateral attack on the Court' Claim Construction Order" (*See*, Bestop Motion at pages 7-10, incorporated herein by reference). Webasto is correct on every point and I recommend that the Court review and adopt its arguments *in toto*.

Section I.A. is the only place in the Amended Contentions where there is at least some tacit acknowledgement by Bestop that the claims have been construed. The Court can readily see, however, that the noninfringement contentions repeatedly ignore the claim constructions eventually adopted by the Court and, instead, re-urge the very constructions that the SMRR and the Court considered and rejected. In addition, Bestop argues that terms, as defined by the Court, are "indefinite". This, however is an attack on the validity of the patent, under Section 112, and has no place in the noninfringement contentions. The fact that the Amended Contentions are riddled with this collateral attack on the Court's order, highlights Bestop's complete lack of respect for its obligations under the JS and this Court's Orders.

In light of the foregoing, it is the Special Master's recommendation that Section I.A be stricken in their entirety.

Turning next to Section II.A of the Amended Contentions (Invalidity under... …Sections 102 and 112, pages 8-12), Webasto is correct in its assertion that these contentions should be struck as they fail to provide the detail required by the JS. (*See,* Webasto's Motion, pages 11-16, incorporated herein by reference). I find the Webasto arguments correct on every point and recommend the Court review and adopt their arguments *in toto.* No further elaboration is required on this point as it is well covered by the analysis earlier in this Report and Westop's Motion. It follows that it is my recommendation that Section II.A of the Amended Contentions be stricken in their entirety.

---

[1] Of course, Bestop still has the option, under the JS, to seek leave to file the Amended Contentions upon a showing of "good cause" for same.

Finally, Webasto is correct in its attack on Sections II. B, C, and D of the Amended Contentions (Invalidity under ….Section 103, pages 13-33). Webasto's arguments in favor of striking these contentions are well reasoned and on point. It is recommended that the Court review and adopt same *in toto*. In light of the earlier analysis in this Report, and Webasto's arguments (*See,* Motion to Strike, pages 16-18), it recommended that the Court strike all of the contentions in the referenced sections.

   b. Bestop

All of Bestop efforts to support the untimely and inappropriate filing of its Amended Contentions fall flat. As outlined below, none of its arguments overcome the problems discussed earlier.

   1. Applicable Law (Opposition, pages 1-4)

In this section Bestop argues that the Motion to Strike seeks sanctions and thus the law related to Rule 37 of the Federal Rules is applicable. Bestop is wrong on this point. None of the law related to Rule 37 applies to the motion. Rather, Webasto's Motion to Strike is a direct attack on the sufficiency of Bestop's defenses and is, therefore properly filed under Rule 12 (f) of these rules:

> "Motions to Strike: Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

   2. The Joint Statement Permits Bestop to Supplement
      Once After Claim Construction (Opposition, pages 4-6)

All of the important arguments relating to the JS have been addressed earlier in this Report. One argument, however, is worth review: "Bestop has good cause for amending its contentions." (Opposition, page 6). Although the JS gives guidelines for what is required to demonstrate "good cause" for an amendment, the issue only arises when and if Bestop seeks leave of Court to file the Amended Contentions on a showing of "good cause". But at this point, "good cause" is not a relevant inquiry. Thus, Bestop's "good cause" arguments are without merit and lend no support to its Amended Contentions.

   3. All Other Bestop Arguments in Support of the Amended Contentions
      (Opposition pages 7-21).

None of the arguments presented in the opposition are persuasive. Most have been dealt with in the Report. To the extent a further response if required, I refer the Court to Webasto's

Reply which accurately points out the fallacy in Bestop's arguments. It is recommended that the Court adopt Webasto's arguments *in toto*.

IV. <u>Conclusion</u>

For all the foregoing reasons the Special Master recommends that the Court grant Webasto's Motion to Strike and strike all of the amendments proposed by Bestop in the Amended Contentions.

Respectfully submitted,

*/s/ Gaynell C. Methvin*

Gaynell C. Methvin, Special Master          Dated: March 4, 2019