UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WEBASTO THERMO & COMFORT
NORTH AMERICA, INC. and
WEBASTO-EDSCHA CABRIO USA, INC.,

        Plaintiffs/Counter-Defendants,      Case No. 16-cv-13456

                                        Paul D. Borman
v.                                    United States District Judge

BESTOP, INC.,                      R. Steven Whalen
                                         United States Magistrate Judge

        Defendant/Counter-Plaintiff.
_____/

OPINION AND ORDER
(1) OVERRULING BESTOP'S OBJECTIONS TO THE
SPECIAL MASTER'S REPORT AND RECOMMENDATION (ECF NO. 197),
(2) ADOPTING THE REPORT AND RECOMMENDATION (ECF NO. 186),
(3) GRANTING PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S
SECOND AMENDED NON-INFRINGEMENT AND
INVALIDITY CONTENTIONS (ECF NO. 154); and
(4) DENYING AS MOOT BESTOP'S MOTION TO EXCLUDE
THE EXPERT TESTIMONY OF JEFFREY L. STEIN (ECF NO. 167)

On January 15, 2019, Plaintiffs Webasto Thermo & Comfort North America,

Inc. and Webasto-Edscha Cabrio USA, Inc. ("Webasto") filed a Motion to Strike

Defendant's Second Amended Non-Infringement and Invalidity Contentions. (ECF

No. 154.) Defendant BesTop, Inc. ("BesTop") filed a Response (ECF No. 155) and

Webasto filed a Reply (ECF No. 156). On January 31, 2019, this Court referred the

Motion to Strike to Special Master Gaynell Methvin for a Report and Recommendation.[1]  (ECF No. 157.)  On March 8, 2019, Special Master Methvin

_____

[1] On November 29, 2018, Special Master Gaynell Methvin issued his Report and Recommendation on Claim Construction (ECF No. 148), to which both parties were given the opportunity to object under the terms of the Court's June 25, 2018 Order Appointing Special Master Methvin. (ECF No. 88, Order Appointing Special Master ¶ 9, PgID 2234-35).  On December 19, 2018, BesTop filed a "Limited Objection to the Special Master's Report and Recommendation."  (ECF No. 150, BesTop's "Limited Objection".)  In that "Limited Objection," BesTop did not object to any aspect of the Special Master's claim construction ruling that each disputed claim term has a customary and ordinary meaning well understood to a person of ordinary skill in the art and that none of the disputed claim terms required construction.  Rather, BesTop objected to what it construed as the Special Master's recommendation on a matter allegedly outside the scope of his appointment, i.e. that BesTop not be permitted to amend its non-infringement and invalidity contentions. (Ltd. Objs. at 1, PgID 3317.)

On January 8, 2019, this Court issued an Order denying BesTop's Limited Objection, explaining that the Court had only – at that point – empowered the Special Master to opine on claim construction and thus any legal ruling that BesTop perceived the Special Master to have made in his Claim Construction Report on any topic other than claim construction had not in fact effectively been ruled upon. (ECF No. 152, Order Denying BesTop's Objection and Adopting the Report and Recommendation.) The Court expressly noted in that January 8, 2019 Order that it "expresse[d] no opinion" on the issue, that was not properly before it, of whether BesTop was entitled to file amended non-infringement or invalidity contentions. (*Id*. at 2, PgID 3331.)  In fact, BesTop had already served Webasto on December 28, 2018 with the proposed second amended non-infringement and invalidity contentions (Second Amended Contentions) that are the subject of this Order, and the Court then *did refer* Webasto's motion to strike those amended contentions to Special Master Methvin, empowering him to issue a report and recommendation to the Court on Webasto's motion to strike the amended contentions, again affording both parties the opportunity to object to the Special Master's Report. (ECF No. 157, Order of Reference to Special Master.)  The Special Master did issue his Report, recommending that the Court grant Webasto's motion to strike, and BesTop's Objections now properly place the issue before the Court.

issued his Report and Recommendation to GRANT Webasto's Motion to Strike. (ECF No. 186, Report.) BesTop has now filed Objections to the Special Master's Report (ECF No. 197, Objections.) Webasto has filed a Response in Opposition to BesTop's Objections. (ECF No, 201.) For the reasons that follow, the Court ADOPTS the Report and Recommendation, OVERRULES BesTop's Objections, and GRANTS Webasto's Motion to Strike.

## II.    STANDARD OF REVIEW

Fed. R. Civ. P. 53 sets forth the appropriate standard of review for a district court in reviewing findings of fact and conclusions of law made or recommended by a Special Master. Rule 53(f)(3) provides as follows:

> *Reviewing Factual Findings.* The court must decide de novo all objections to findings of fact made or recommended by a master, unless the parties, with the court's approval, stipulate that:
>
> (A) the findings will be reviewed for clear error; or
>
> (B) the findings of a master appointed under Rule 53(a)(1)(A) or (C) will be final.

Fed. R. Civ. P. 53(f)(4) provides as follows:

> *Reviewing Legal Conclusions.* The court must decide de novo all objections to conclusions of law made or recommended by a master.

Fed. R. Civ. P. 53(f)(5) provides as follows:

> *Reviewing Procedural Matters.* Unless the appointing order establishes a different standard of review, the court may set aside a master's ruling

on a procedural matter only for an abuse of discretion.

*See also Hochstein v. Microsoft Corp.*, 730 F. Supp. 2d 714, 717 (E.D. Mich. 2010), *aff'd* 430 F. App'x 898 (Fed. Cir. 2011) ( "The Court reviews *de novo* factual findings and legal conclusions of the Special Master to which a specific objection has been made. See Fed. R. Civ. P. 53(f).")  The Court may "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1).

## III.   ANALYSIS

On December 28, 2018, thirty days after Special Master Methvin issued his Report and Recommendation on claim construction but before this Court adopted the recommendations of the Special Master's Report, BesTop served amended non-infringement and invalidity contentions ("Second Amended Contentions") on Webasto that differed markedly from BesTop's First Amended Non-Infringement and Invalidity Contentions that were served on Webasto on October 6, 2017 ("First Amended Contentions").[2]  Webasto has moved to strike BesTop's Second Amended

---

[2] The early stages of this case were consumed by motion practice unrelated to claim construction.  Defendant filed an early motion to dismiss which was denied; Plaintiffs filed a motion to dismiss Defendant's counterclaims which was granted with leave to file an amended counterclaim; Plaintiffs filed a motion to dismiss in part the amended counterclaim which was granted; multiple discovery motions were filed; and finally Plaintiffs filed a motion for sanctions against BesTop for making material misrepresentations to the Court, which was ultimately granted on October 19, 2018,

Contentions, and the Special Master has recommended that the Court grant Webasto's motion. BesTop files four objections to the Special Master's Report, which are addressed in turn.

### A. Objection Number One: "The Special Master Applied the Wrong Legal Standard."

The parties dispute whether the Court should construe Webasto's request to strike under Fed. R. Civ. P. 12, 16, or 37. BesTop is correct that Fed. R. Civ. P. 12(f) applies to striking matters only from "pleadings." As BesTop points out, Fed. R. Civ. P. 7(a) defines "pleadings" very specifically and non-infringement and invalidity contentions are not "pleadings" as that term is defined in Rule 7. Yet in the patent context, courts have observed that "'[i]nfringement contentions serve as substitutes for interrogatories, [and] they also act as forms of pleading that disclose the parties' theories of their case and thereby shape discovery and the issues to be determined at

---

following extensive briefing, a lengthy evidentiary hearing before Magistrate Judge Whalen, and review of Magistrate Judge Whalen's ruling by this Court. Thus, although the claim construction briefs were filed in December, 2017, the claim construction hearing did not take place until October 12, 2018, and the final claim construction ruling of the Court issued on January 8, 2019, after the Court addressed BesTop's "limited objection" to the Special Master's claim construction Report. Accordingly, when BesTop served its Second Amended Contentions on December 28, 2018, fact discovery had closed almost two months earlier and expert discovery was scheduled to close in five days, on January 2, 2019. (ECF No. 99, Order Granting in Part Motion to Amend Civil Case Management Order.) While neither party (or the Court) is to blame for the unusual timing of the claim construction hearing and order, it is still a factor that the Court has considered in resolving Webasto's motion.

trial.'" *Finjan, Inc. v. Blue Coat Systems, Inc.*, No. 13-cv-03999, 2015 WL 3640694, at \*2 (N.D. Cal. June 11, 2015) (quoting *Apple Inc. v. Samsung Electronics Co*., No. 12-cv-0630, at \*3 (N.D. Cal. June 26, 2013)). So invoking Rule 12(f) is not illogical, even if literally the rule is inapplicable. More commonly, however, motions to strike invalidity or infringement contentions are analyzed by courts either (1) under local patent rules or, where no such rules have been adopted, as is the case here, under Fed. R. Civ. P. 16(b)'s good cause standard for amending the court's case management order, *see, e.g., In re Papst Licensing GmbH & Co. KG Litig*., 767 F. Supp. 2d 1, at \*8 (D.D.C. 2011) (observing that the "good cause standard under Federal Rule of Civil Procedure 16(b) applies to a request to amend asserted claims and infringement contentions "), or (2) under "Fed. R. Civ. P. 37 which governs sanctions for failure to make disclosures or to otherwise comply with discovery rules and orders," *see, e.g., Bestop v. Tuffy Security Products, Inc*., No. 13-cv-10759, 2015 WL 5025892, at \*3 (E.D. Mich. 2015).

Regardless of the rule invoked, the heart of the inquiry is whether a party should be barred from relying on certain theories first proffered late in the litigation, of which the opposing party has not fairly been apprised. The analysis invariably has both a good cause/diligence and a prejudice component. Interpreting the Northern District of California Local Patent Rules, the Federal Circuit summarized the

following workable standard, which incorporates the mandates of both Rule 16 and

Rule 37:

> This case primarily presents questions concerning the interpretation and application of the Northern District of California's local rules for patent cases. As noted, a party claiming patent infringement in the Northern District must serve preliminary infringement contentions within ten days of the initial case management conference. *See* U.S. Dist. Ct. N.D. Cal. Patent L.R. 3–1. Among other things, these contentions must specify each claim of each patent that is allegedly infringed, each product that allegedly infringes, and the location in the product where each element of each asserted claim is found. *See id.* The preliminary contentions generally become the final contentions thirty days after the claim construction ruling unless a party serves final infringement contentions. A party may submit final infringement contentions that differ from the preliminary contentions without leave of the court within the thirty day period after the claim construction ruling *only if the amending party believes in good faith that the claim construction ruling or the documents submitted with the other party's invalidity contentions require a change.* See U.S. Dist. Ct. N.D. Cal. Patent L.R. 3–6. Outside of this thirty day period, amendments or modification to the contentions can only be made "by order of the Court . . . upon a showing of good cause." *See* U.S. Dist. Ct. N.D. Cal. Patent L.R. 3–7. The district judges in the Northern District of California, including the district judge in this case, have understood the good cause requirement in the local patent rules to require a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery. *See* J.A at 46 (noting that the plaintiff unreasonably delayed in moving to amend); *see also, e.g., ZiLOG, Inc. v. Quicklogic Corp.*, No. C03–03725 JW, 2006 WL 563057, at *1 (N.D.Cal. March 6, 2006) ("This constitutes sufficient diligence to meet the 'good cause' standard.").

The local patent rules do not specify the actions that the district court may or must take if there is non-compliance with the requirements for disclosure of contentions. However, the rules are essentially a series of case management orders, and the deadlines for submission of contentions

in this case were explicitly included in a supplemental case management order. The court may impose any "just" sanction for the failure to obey a scheduling order, including "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(B). District judges in the Northern District of California have taken various positions depending on the facts of the particular case as to whether non-compliance with the rules for disclosure of contentions should bar reliance on theories omitted from the preliminary or final contentions.

*O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1362-63

(Fed. Cir. 2006) (emphasis added) (footnote omitted).

In the absence of local patent rules, as is the case in this District, the Court may

look to case law in other districts that have adopted such rules that contain language

similar to that adopted by the parties and the Court to govern the litigation:

The Eastern District of Michigan has not adopted patent local rules. However, other districts, such as the Northern District of California and the Eastern District of Texas, have. Because the infringement and invalidity contention language in the Proposed Scheduling Order is similar to the language used in those districts' patent local rules, this Court looks to case law interpreting those rules for guidance.

*Magna Donnelly Corp. v. 3M Company*, No. 07-cv-10688, 2012 WL 12930956, at *3

(E.D. Mich. Feb. 1, 2012) (Michelson, MJ) (footnote omitted).

BesTop argues that because the Eastern District of Michigan has not adopted

local patent rules, and because this Court did not enter an order specifying detailed

time and content directives for serving and amending of infringement and invalidity

contentions, there are no content or timing restrictions governing what the parties to this patent litigation must disclose or provide to the opposing party or when. BesTop is wrong. The parties submitted a detailed Joint Rule 26(f) Statement on July 17, 2017 (ECF No. 30), which this Court implicitly adopted by reference when (having received the parties' Joint Statement) it cancelled the Scheduling Conference set for July 24, 2017, and entered its Civil Case Management and Scheduling Order on July 26, 2017. (ECF No. 32, 7/26/17 Scheduling Order) ("This civil matter having come before the Court pursuant to Fed. R. Civ. P. 16, and the parties having submitted a proposed discovery plan, the Court enters the following schedule to manage the progress of the case."). *See Magna Donnelly*, 2012 WL 12930956, at *3 (observing that the court's scheduling order, which set forth dates and general case management rules but no patent-specific directives, "implicitly adopted the requirements" of the parties' proposed joint scheduling order which did set forth deadlines and requirements governing the content and timing of patent-related submissions). There was no need for this Court to reiterate in its Scheduling Order the detailed content of the parties' Joint Statement, which was implicitly incorporated into the Court's 7/26/17 Scheduling Order by reference and contains, *inter alia*, detailed content and timing directives for the filing of infringement, non-infringement, and invalidity contentions and for amendments to contentions. (Joint Statement 6-9, PgID 358-361.)

The Joint Statement expressly addresses the amendment of contentions post-claim construction, and allows for a one-time amendment to contentions that are made within a prescribed period (30 days) following the claim construction decision by the Court. (*Id*. at 8, PgID 360.) Belying its assertion that the Joint Statement is not an Order of this Court and has no force and effect, BesTop invokes this provision of the Joint Statement as the basis for filing the Second Amended Contentions that are under challenge here, which BesTop not coincidentally filed within 30 days of the entry of the Special Master's Report on claim construction. It is disingenuous (to say the least) for BesTop to disavow any portion of the Joint Statement, particularly when BesTop relies on that very Joint Statement as the basis for its right to file amended contentions post-claim construction.

The Joint Statement *is* an Order of this Court and the parties are bound to abide by its terms. The Special Master did not abuse his discretion or clearly err in invoking Rule 12(f) where his analysis and conclusions, as discussed *infra*, comport with the mandates of both Rule 16 and Rule 37.

B.     **Objection Number Two: "The Special Master Clearly Erred in Finding that BesTop's Post-Claim Construction Response to Webasto's Contentions Are Not Permitted by the Parties' Joint Statement and are Untimely."**

BesTop argues that it is entitled to freely amend its contentions now without leave of Court pursuant to Section IV ¶ C of the Joint Statement which provides:

"Amendment of the Infringement Contentions and Noninfringement and Invalidity Contentions may be made one time within 30 days of the Claim Construction decision by the Court. After that time, any changes can be made only by order of the Court upon a timely showing of good cause." (Joint Statement 8, PgID 360.) But even if this provision is in play, this entitlement must be read in the context of the litigation as a whole, the Orders of this Court (including the entirety of the parties' Joint Statement), and the well-accepted practices that govern the progress of a patent case.

Of critical importance here, amendment of contentions post-claim construction is permitted "*only if* the amending party believes in good faith that the claim construction ruling or the documents submitted with the other party's invalidity contentions require a change." *O2 Micro*, 467 F.3d at 1362. (Emphasis added.) It is well-understood by courts and patent practitioners that diligence in amending contentions is crucial "to prevent the shifting sands approach to claim construction." *O2 Micro*, 467 F.3d at 1364 (noting that patent specific rules, like those adopted by the parties here in the Joint Statement, are designed specifically to require parties to crystallize their theories of the case early in the litigation so as to prevent the 'shifting sands' approach to claim construction.") (internal quotation marks and citations omitted). An "experienced patent litigator[] . . . [is] reasonably expected to understand that infringement [and invalidity] contentions, whether responsive to a

contention interrogatory, required by local patent rules, or included in a scheduling order – should specify what infringement theories the party is pursuing." *Teashot LLC v. Green Mountain Coffee Roasters, Inc.*, 595 F. App'x 983, 987 (Fed. Cir. 2015).

"Apart from amendments designed to take account of the district court's claim construction, amendments are permitted only for "good cause" even though the period allowed for discovery typically will not have expired." *O2 Micro*, 467 F.3d at 1360. "A party may submit final infringement contentions that differ from the preliminary contentions without leave of the court within the thirty day period after the claim construction ruling only if the amending party believes in good faith that the claim construction ruling or the documents submitted with the other party's invalidity contentions require a change." *Id.* at 1363. Otherwise, "[t]he good cause requirement in the local patent rules [like the Joint Statement modeled after them] [] require[s] a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery." *Id.*

Critically, unless an amendment is "designed to take account of the district court's claim construction," good cause to amend is required. Specifically with regard to the one-time post-claim construction opportunity for amendment to contentions that may be found in some patent scheduling orders, courts have observed that failing to

prevail on a proposed claim construction does not entitle a party to amend post-claim construction as a matter of right:

> This exception is intended to allow a party to respond to an unexpected claim construction by the court. This does not mean that after every claim construction order, new infringement contentions may be filed. That would destroy the effectiveness of the local rules [or as here the Joint Statement that is modeled on local patent rules] in balancing the discovery rights and responsibilities of the parties. *See Finisar v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 900 (E.D.Tex. 2006). The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *IXYS Corp. v. Advanced Power Tech., Inc.*, 2004 WL 1368860, * 3 (N.D. Cal. June 16, 2004); *see also STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F.Supp.2d 845, 849 (E.D. Tex.2004).
>
> A party cannot argue that because its precise proposal for a construction of a claim term is not adopted by the court, it is surprised and must prepare new infringement contentions. Courts seldom simply adopt the construction of one party or the other. Accepting such an argument would encourage parties to file narrow proposed constructions with an eye towards hiding important contentions until shortly before trial. One of the goals of the Federal Rules of Procedure and the Local Patent Rules is to speed up the litigation process and make it less expensive. *See Finisar*, 424 F. Supp. 2d at 901. A party simply cannot wait until shortly before trial to prepare its case. *Id*. Moreover, the right to amend under P.R. 3–6 is subject to the court's duty to avoid unfairly prejudicing *[A]didas* "through eleventh-hour alterations." *IXYS Corp*., 2004 WL 1368860, * 1.

*Nike, Inc. v. Adidas America Inc.*, 479 F. Supp. 2d 664, 667-68 (E.D. Tex. 2007).

As the court explained in *Fast Felt Corp. v. Owens Corning Roofing and Asphalt, LLC*, No. 14-cv-803, 2017 WL 4876789 (N.D. Ohio July 26, 2017):

The ability to amend a final contention does not excuse withholding information until the last possible moment. Quite the contrary, the local rules provide for an orderly process for exchange of contentions that is tied to the claim construction process. The purpose of post-*Markman* amendments is to refine a party's infringement theories in order to conform to the *Markman* ruling. The purpose is not to allow a party to spring entirely new theories that potentially disrupt the case schedule. In this case, the schedule provided for summary judgment briefing to begin on July 31. Fact discovery having closed on June 30, there is no room in the agreed upon case schedule for a new theory to be introduced so late.

This Court's Orders and the Federal Civil Rules place a duty on a party to supplement prior information. Fast Felt was required to disclose its infringement theories long before July 10. Disclosure requirements and interrogatory responses both gave Fast Felt such an opportunity.

2017 WL 4876789, at *1.

Here, BesTop offers no good faith basis, indeed no explanation, why the Court's claim construction ruling that all claim terms are to be given their "customary and ordinary" meaning so surprised BesTop that amended contentions were necessary.

BesTop was required to file and serve *detailed* non-infringement and invalidity contentions on or before September 22, 2017. (Joint Statement 7, PgID 359.) BesTop served its original contentions and Webasto responded with an email referencing the parties' Joint Statement and identifying several deficiencies it perceived in BesTop's non-infringement and invalidity contentions. (ECF No. 46-4, Oct. 3, 2017 Email from E. Carnevale to J. Karmo.) On October 6, 2017, BesTop served its First Amended Contentions, which contained minimal changes from the original contentions. (ECF

No. 146-4, BesTop's "Amended Response to Infringement Contentions, Invalidity Contentions and Initial Contentions on Inequitable Conduct/Unenforceability.")

BesTop's First Amended Contentions, and the theories of non-infringement and invalidity set forth in those contentions, have served as the basis for all discovery, fact and expert, as well as for the dispositive and *Daubert* motions that have already been filed and fully briefed by the parties. Expert reports were served on October 2, 2018 and November 2, 2018, based on the non-infringement and invalidity contentions and theories set forth in BesTop's First Amended Contentions. In fact, in discovery responses BesTop doubled-down on its position that it had set forth all of the defenses and theories that intended to present in this case:

> The entirety of BesTop's defense and position in this case is embodied in the *pleadings* that have been filed publicly with the Court. BesTop objects to repeating that in full here as the information is already in Webasto's control including its assertions of invalidity for indefiniteness or enablement under 35 U.S.C. § 112 and other presented defenses under 35 U.S.C. §§ 112, 102, and 103.

(ECF No. 126-4, Excerpts from BesTop's March 2, 2018 Supplemental Answers to Plaintiffs' First Set of Interrogatories at 19-20, PgID 2789-90.) (Emphasis added.) Under Fed. R. Civ. P. 7's definition of pleadings, as BesTop seems to appreciate, this would limit BesTop to those defenses and positions set forth in its Amended Answer and Amended Counterclaim, neither of which sets forth its defenses and theories with the detail required by the parties' Joint Statement. In fact, with regard to BesTop's

public use invalidity defense, the "pleadings" reference only one specific allegedly invalidating event – an alleged public disclosure to FCA, which BesTop is barred from relying on by a previously-issued sanctions Order of this Court.  (*See* ECF No. 129, 10/19/18 Sanctions Order.)

On October 19, 2018, the Court issued sanctions precluding BesTop from relying on the only public use theory it had relied upon in the case, but BesTop did not seek leave of Court to amend its contentions to assert new theories or to rely on different or additional evidence of public uses or to otherwise amend its non-infringement or other invalidity theories at that time.  Rather, BesTop waited until discovery was closed, and dispositive and *Daubert* motions were being prepared based on BesTop's First Amended Contentions, to serve its Second Amended Contentions, relying on new and different evidence of public uses and introducing new and different evidence and arguments of indefiniteness, all allegedly in response to the Court's claim construction rulings. But as discussed at length *supra*, any right to amend post-claim construction cannot reasonably be interpreted to allow amendments that are not in some way necessitated by the Court's claim construction rulings. "The purpose of post-*Markman* amendments is to refine a party's infringement theories in order to conform to the *Markman* ruling. The purpose is not to allow a party to spring entirely new theories that potentially disrupt the case schedule." *Fast Felt*, 2017 WL

4876789, at *1. "This exception [for post-claim construction amendments] is intended to allow a party to respond to an unexpected claim construction by the court. This does not mean that after every claim construction order, new infringement contentions may be filed. That would destroy the effectiveness of the local rules [or as here the Joint Statement that is modeled on local patent rules] in balancing the discovery rights and responsibilities of the parties." *Nike*, 479 F. Supp. 2d at 667. "A party cannot argue that because its precise proposal for a construction of a claim term is not adopted by the court, it is surprised and must prepare new infringement contentions. Courts seldom simply adopt the construction of one party or the other. Accepting such an argument would encourage parties to file narrow proposed constructions with an eye towards hiding important contentions until shortly before trial. One of the goals of the Federal Rules of Procedure and the Local Patent Rules is to speed up the litigation process and make it less expensive. A party simply cannot wait until shortly before trial to prepare its case." *Nike*, 479 F. Supp. 2d at 668.

BesTop defends its right to serve amended public use contentions (and to proffer multiple new witnesses and documents in support of those contentions) because it "disclosed to Webasto – during discovery – anticipating public uses beyond the PowerPoint document" that the Court has barred BesTop from relying on as a sanction for misrepresentations made to the Court. But BesTop offers no explanation

as to how introducing these new public use contentions now relates to the Court's claim construction ruling and could not possibly establish the diligence required for this eleventh-hour amendment of its public use defense, which pertains to evidence that BesTop has possessed since before this litigation began and which has no conceivable relation to the Court's claim construction. The fact that these other public uses may have been mentioned during discovery does not relieve BesTop of the obligation to articulate specific theories based upon them in its contentions. These Second Amended Contentions regarding new and different public uses have no relation whatsoever to the Court's claim construction rulings. Pursuant to the parties' Joint Statement, which *is* an Order of this Court, BesTop was required to timely disclose these theories and the specific evidence that supported them, in detail, and by way of motion if necessary, long before now.

With regard to its "new" public use evidence, BesTop asserts that "all that has changed" is the who, what, where, and when. But of course this is everything. The fact of the matter is that BesTop has had the public use evidence it seeks to rely on now since before this litigation began and should have included this evidence in its initial and First Amended Contentions. For whatever reason, it did not. Rather than acknowledging long ago that this was perhaps the wrong tactical choice and filing an appropriate motion at an appropriate time seeking leave of Court to amend its

contentions so that Webasto would have the motive and the opportunity to fully explore this new evidence, BesTop continued to rely on its First Amended Contentions and to allow those contentions to shape the course of discovery, expert opinions, and dispositive and *Daubert* motions. While the Court expresses no opinion on how such a motion would have been received or resolved, the Court will not allow BesTop to sit back and bypass a mandatory procedural path and simply introduce by fiat new evidence and theories at this stage of the litigation without any good faith basis for claiming that the Court's claim construction necessitated amendment.[3]

---

[3] Apparently acknowledging that amending its contentions regarding public use has no conceivable relation to the Court's claim construction rulings, BesTop argues that there is no prejudice to Webasto in allowing the amended public use contentions because one of Webasto's experts addressed the "new" public use contentions in his expert report. But BesTop's lack of diligence in timely seeking to amend relieves the Court of any obligation to consider prejudice. "Having concluded that . . . [BesTop] did not act diligently in moving to amend its infringement contentions, [there is] no need to consider the question of prejudice to [Webasto]." *O2 Micro*, 467 F.3d at 1368. Even were the Court to consider prejudice, it would find it here. Webasto's expert Dr. Jeffrey Stein's discussion of these "new" public use defenses is clearly premised with the qualification that these public uses were not properly disclosed in BesTop's invalidity contentions and thus could not be fully understood on the limited (and one-sided) evidence presented. (ECF No. 167, BesTop's Motion to Exclude the Expert Testimony of Jeffrey L. Stein, Ex. D, Stein Report ¶¶ 52-65.) Thus BesTop's claim of no prejudice lacks substantive merit as Dr. Stein offered opinions on these new alleged public uses based on limited evidence and with the express caveat that he was limited in a full understanding of the contentions but provided a discussion of them "in the event that BesTop is permitted to present them at trial." Thus, any opinion that Dr. Stein did offer was necessarily and significantly compromised by BesTop's late disclosure. Thus there is demonstrable prejudice to Webasto.

In any event, BesTop's clear lack of diligence ends the inquiry and the Court

There is another overarching problem with any ruling that would allow BesTop to present these particular proposed public uses, which BesTop asserts are merely "embellishments" on its now-excluded FCA public use theory. If BesTop were permitted to introduce evidence that these alleged public disclosures (which involved the same prototype and appear in large part to have occurred close in time to the FCA presentation), Webasto would presumably want to respond with evidence of the contradictory fact that contemporaneous with these alleged public disclosures, BesTop presented the very same prototype that it alleges was publicly disclosed on these other occasions in a confidential presentation to FCA. Thus Webasto would be forced to rely on the very evidence that the Court has excluded and would be prejudiced were it not permitted to rely on that evidence. And if Webasto were allowed to present this previously-excluded evidence of confidentiality, the Court would be in a position of relitigating the very issue that was the subject of its evidentiary bar ruling. This will not abide; BesTop has no one to blame for this predicament but itself.

Similarly, BesTop's efforts to introduce new indefiniteness arguments, allegedly in response to the Court's claim construction rulings, fail to persuade. The parties' Joint Statement required BesTop to identify any ground of invalidity based on § 112 or other defenses providing "its reasons and evidence why the claims are

need not consider the issue of prejudice to Webasto.

invalid or the patent unenforceable and make specific reference to relevant portions of the patent specification and/or claims." (Joint Statement at 8.) BesTop did not specifically set forth any indefiniteness defense under § 112 as to any particular claim term in its initial or First Amended Contentions. (*See* ECF No. 56, BesTop's Responsive Claim Construction Brief Exs. 7-8, Original and Amended Non-Infringement and Invalidity Contentions.)

BesTop first specifically asserted the defense in its Opening Claim Construction Brief and as to one term only - "*an edge region of the roof structure.*" (ECF No. 50, BesTop's Opening Claim Construction Brief 20-21, PgID 1224-45.) As to every other contested term, BesTop argued that Webasto's proposed "ordinary and customary meaning" construction should be rejected either because (1) Webasto had disavowed the scope encompassed by the contested terms' customary and ordinary meaning and/or (2) Webasto had defined the claim scope in a manner that contradicted the proposed customary and ordinary meaning. (ECF No. 56, BesTop's Responsive Claim Construction Brief at 1, PgID 1350.) BesTop argued for constructions that the Special Master ultimately rejected when he concluded that all of the disputed claim terms have a customary and ordinary meaning to a person of ordinary skill in the art and require no construction. Despite this outcome, BesTop did not file objections to the Special Master's Report arguing what it argues now – many months later – i.e. that

Webasto's proffered customary and ordinary construction, which was adopted by the Court in the absence of objection, rendered certain claim terms indefinite. By failing to timely object to the Special Master's Report, BesTop has waived the right to make that argument at this or any subsequent stage in this litigation – including in amended contentions. *See infra* § III(C).

BesTop seeks to introduce into this litigation new public use theories, in addition to new non-infringement contentions and theories of invalidity based on indefiniteness, that have not been presented before, along with new documentary evidence and new witnesses, all under an allegedly "unlimited" right to amend contentions in response to the Court's claim construction. Obviously, any ruling that would allow such free-wheeling amendments "without limitation" would swallow every rule of patent litigation that aims to force parties to crystalize theories and defenses as early as possible. The right to amend contentions post-claim construction is not so absolute as BesTop suggests. The Court did not adopt some arcane construction that was not proffered by either party – Webasto has argued for customary and ordinary meaning from the outset. On these facts, even considering the unusual timing of the claim construction rulings in this case, BesTop cannot rely on the post-claim construction amendment provision of the Joint Statement to justify its eleventh-hour attempt to change course and amend its contentions and introduce

new theories, witnesses and evidence.

Nor, as discussed *supra* at note 3, can BesTop demonstrate diligence, which is required for all other amendments to contentions. The Joint Statement, incorporated into this Court's Scheduling Order, like many local patent rules upon which the Joint Statement was modeled, require both parties "to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *O2 Micro*, 467 F.3d at 1365-66. "The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to legal theories." *Id*. "'The [patent local] rules are designed to require partes to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.'" *Id*. at 1366 n. 12 (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)). "If the parties were not required to amend their contentions promptly after discovering new information, the contentions requirement would be virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation." *Id*. at 1366. The Joint Statement provides that any changes to contentions can be made "only by order of the Court upon a timely showing of good cause." (Joint Statement Sec. IV ¶ C.) BesTop has never sought leave of Court to amend its contentions, even though it is clear that

BesTop possessed the evidence it seeks to rely on now for many months, and in some cases years, before it served its Second Amended Contentions.

For example, the Special Master questioned BesTop regarding BesTop's copy-and-paste reference in its First Amended Contentions to the Haberkamp patent, which BesTop recited as its entire response for each claim limitation except for the final limitation in claim 6 in its First Amended Contentions, conceding that BesTop's Accused Product possessed each and every limitation of the claims at issue save the final limitation in claim 6:

> Q: (by Special Master): So why if you already understood clearly [] where those terms were in your product and where they are in prior art, why do we need claims construction. . . . You admitted you know what they mean.
>
> A: (by BesTop's Counsel): I'm saying we need a claims construction because whichever – whatever, however they're construed, they're going to cover that.
>
> Q: So however they're construed, you're going to still say it's in your product and its in the prior art.
>
> A: That's correct. But –
>
> Q: Okay.
>
> A: No, that's – I guess that's not correct. There is a way that you can construe this where you say it's – it's not in our product but it could be in the prior art.
>
> Q: That's not what this statement in your response says.

A.  I know.

Q: It's clear, it's unequivocal.

A: And at this point in time I didn't know then what I know now, and over the course of time we had the ability to file for the claim terms and look at what they generated and we just know more now –

Q: Okay. So now are you saying you would say something different in response to things?

A: Yes, I would say something different in response to this.

Q: I don't know that you're going to get that chance, but I understand your position.

(ECF No. 130, Transcript of 10/22/18 *Markman* Hearing, 19:20-21:1.)

Thus, in its original and First Amended Contentions, BesTop unequivocally conceded that its Accused Product had each and every claim limitation in dispute save the final limitation of Claim 6, regardless of the construction imposed by the Court. But BesTop appeared to change course and take a different position at the *Markman* hearing, informing the Court that it became aware during the course of discovery that its contentions were incomplete or in need of supplementation and admitting that BesTop "would say something different" now. Thus, BesTop concedes that it was not a "surprising or unexpected claim construction" that prompted the amended contentions – it was knowledge that BesTop had already obtained during the course of discovery. And BesTop did not act promptly to supplement or amend it contentions

by seeking an Order of the Court, as required by the Joint Statement.

BesTop's failure to offer any good faith basis tying these post-claim construction amendments to the Court's claim construction rulings mandates striking these eleventh-hour contentions, which would require re-opening discovery, striking the fully briefed dispositive and *Daubert* motions, and delaying the scheduled August trial. In addition, BesTop has evidenced a clear lack of diligence in bringing these new theories and this new evidence to the fore. Thus, even under the more stringent standards of Rule 37, which BesTop argues should control here, BesTop has violated the Joint Statement which is part and parcel of the Court's Scheduling Order in this case, by lying in wait and serving eleventh-hour post-claim construction amendments with no explanation of how or why they are necessitated in view of some particularity of the Court's claim construction ruling. "[U]nlike the liberal policy for amending pleadings, the philosophy behind amending claim charts [under Rule 16–9] is decidedly conservative and designed to prevent the 'shifting sands' approach to claim construction." *Genentech, Inc. v. Amgen*, *Inc.,* 289 F.3d 761, 774 (Fed. Cir. 2002) (applying clearly erroneous standard to district court's decision to disallow contention amendments, even in the absence of a finding of prejudice and even in light of *some* evidence that might have supported allowing the amendments).

The Court finds that the Special Master did not err in concluding that BesTop's amended contentions are "unrelated to the Claim Construction Order" and were not timely or otherwise permitted under the Court's orders incorporating the parties' Joint Statement. Accordingly, the Court GRANTS Webasto's Motion to Strike Defendant's Second Amended Non-Infringement and Invalidity Contentions. (ECF No. 154.) For this reason alone, BesTop is precluded from asserting any non-infringement or invalidity theories as this case progresses that were not included in its First Amended Contentions.

## C. Objection Number Three: "BesTop is Not Collaterally Attacking the Court's Claim Construction Order."

Even were BesTop's Second Amended Contentions not barred for the reasons stated *supra*, several of its Second Amended Contentions *do* amount to a collateral attack on the Court's claim construction order and are barred for the separate and independent reason that BesTop never objected to the Special Master's recommendation that all claim terms be given their customary and ordinary meaning. BesTop (contradicting its apparent clear understanding of those terms when crafting its initial and First Amended Contentions) articulated the position during claim construction that there is no ordinary meaning that can exist here to define the scope of certain terms. (*See, e.g., Markman* Hr'g Tr. 34:3, 36:22-23, 53:7-54:10, 63:10-64:7.) But when the Special Master concluded, and recommended to this Court, that

all claim terms should be given their ordinary and customary meaning as understood by a person of ordinary skill in the art, Bestop did not object to that construction and seek review by this Court. Here, because the Court referred claim construction in the first instance to the Special Master, BesTop had the right to object to the Special Master's "customary and ordinary" construction recommendation, and to seek review of that ruling in this Court, which it elected not to do.

Instead of objecting, BesTop sat back and unabashedly served its Second Amended Contentions on Webasto, allegedly in response to the Court's claim construction, that do not "employ" the constructions adopted by the Court but rather reject them. Through its amended contentions, BesTop argues now that affording certain claim terms their customary and ordinary meaning renders them indefinite. "[I]ndefiniteness is a question of law and in effect part of claim construction." *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 517 (Fed. Cir. 2012). *See also   Noah Systems, Inc. v. Intuit Inc.*, 675 F.3d 1302, 1311 (Fed. Cir. 2012) ("Whether a claim complies with the definiteness requirement of 35 U.S.C. § 112 ¶ 2 is a matter of claim construction . . . ." ).   While there are instances in which indefiniteness is not necessarily a part of claim construction, this is not such a case.  If  Bestop believed that the Special Master's conclusion that the disputed terms should be given their customary and ordinary meaning rendered any of those terms indefinite, it should have

raised that issue on appeal of the Special Master's claim construction recommendations to this Court by way of objections. It did not. By failing to object to the Special Master's recommended claim construction, BesTop has waived any right to challenge that construction. BesTop's attempt to achieve the same result through a purported amendment in response to the claim construction order – which actually ignores the claim construction order and continues to insist on squarely-rejected constructions – fails. The Special Master did not err in concluding that BesTop's Second Amended Contentions amount to a collateral attack on the Court's Claim Construction Order.

### D. Objection Number Four: "The Special Master Erred in Finding That BesTop's Post-Claim Construction Response to Webasto's Invalidity Contentions Does Not Provide the Appropriate Level of Detail"

Here, BesTop asserts: "Webasto simply takes the position that nothing was disclosed unless it was disclosed *in a prior contention*, which is not realistic or fair. The contentions were only one of many discovery tools in the case, and they were not ordered by the Court. There was substantial other discovery such as depositions, lay expert disclosures, document production, hearing testimony, and interrogatory responses. All of this discloses BesTop's position." (Objs. 11, PgID 1471.) (Emphasis in original.) But as discussed *supra*, the parties' contentions *were* ordered by the Court, as expressed in the Joint Statement and incorporated by reference into

29

the Court's Scheduling Order. Apparently BesTop believes that contentions are meaningless and that it can wait until discovery is closed and dispositive and *Daubert* motions are being prepared to present new theories and defenses as long as there is some support for the new theory or defense somewhere in the vast discovery that was exchanged by the parties. This is nonsense. Contentions do matter!

The entire purpose of the rules requiring detailed and specific contentions is to "allow[] the parties to discover their opponent's theories of liability," and thus the parties are required "to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *O2 Micro*, 467 F.3d at 1365-66. BesTop's wait and see approach in this litigation – apparently believing it could wait until after claim construction to provide its contentions in earnest, regardless of whether they were necessitated by a "surprise" claim construction ruling and despite the fact that BesTop conceded at the claim construction hearing that discovery had already revealed the need to amend contentions – finds no support in the law or in logic. This is not how a patent case is litigated, as BesTop well knows. This is particularly true when a party seeks to amend contentions *after* claim construction but fails to "explain why the court's construction was so different that amended [] contentions were necessary." *Id*. And that is precisely what has happened here. The

Special Master did not err in concluding that the Court should strike BesTop's Second Amended Contentions.

## IV.    CONCLUSION

BesTop tries to place the blame for its late-filed amended contentions on the Court's Scheduling Order dates, and specifically the timing of the claim construction hearing.  (Objs. 9, PgID 7469.)  While the timing of the claim construction hearing was somewhat unusual, a factor that has been carefully considered by the Court in its analysis, that did not give BesTop free rein to lie in wait and spring new theories and defenses unrelated to the Court's claim construction ruling at the eleventh hour under the guise of a claimed "unlimited right" to amend its contentions post-claim construction.  As discussed at length *supra*, any such right is not unlimited.  BesTop has proffered no good faith basis for citing the Court's claim construction ruling (which BesTop had the opportunity to challenge but did not) as the reason for its substantially revised Second Amended Contentions.

Nor has BesTop supplied the Court with facts that demonstrate good cause, as measured by diligence, for its failure to have acted sooner to amend its non-infringement and invalidity contentions.  And, although the Court need not consider the issue in light of BesTop's clear lack of diligence, the prejudice to Webasto in allowing these amendments now is obvious and it is significant.  The Court will not

further delay this three-year-old litigation.

For the foregoing reasons, the Court ADOPTS the Special Master's Report (ECF No. 186), OVERRULES BesTop's Objections (ECF No. 197), and GRANTS Webasto's Motion to Strike Defendant's Second Amended Non-Infringement and Invalidity Contentions. (ECF No. 154.)

BesTop will be precluded from asserting any non-infringement theories or invalidity defenses at trial (or at any stage of these proceedings) apart from those disclosed in BesTop's First Amended Contentions.[4]

IT IS SO ORDERED.

Dated: May 20, 2019

s/Paul D. Borman
Paul D. Borman
United States District Judge

---

[4] At the May 16, 2019 hearing on BesTop's Motion to Exclude the Expert Testimony of Jeffrey L. Stein, Webasto represented to the Court that if the Court adopted the Special Master's Report and Recommendation to grant Webasto's motion to strike BesTop's Second Amended Contentions, and granted Webasto's motion to strike the Second Amended Contentions, the issues raised in BesTop's motion to exclude the testimony of Dr. Stein set forth in his November 2, 2018 Expert Report Regarding Validity of the '342 Patent would be moot because Webasto would no longer seek to introduce Dr. Stein's testimony on the issues raised in BesTop's motion to exclude Dr. Stein's testimony. Accordingly, BesTop's Motion to Exclude the Expert Testimony of Dr. Jeffrey L. Stein (ECF No. 167) is DENIED AS MOOT, and Webasto will be precluded from proffering any testimony from Dr. Stein directed to the specific issues raised in BesTop's motion to strike his testimony.