UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WEBASTRO THERMO & COMFORT
NORTH AMERICA, INC., ET AL.,

    Plaintiffs,                        No.16-13456

v.                                    District Judge Paul D. Borman
                                        Magistrate Judge R. Steven Whalen

BESTOP, INC.,

    Defendant.
_____/

**OPINION AND ORDER**

This is a patent case. Before the Court is Plaintiff's Motion to Strike Defendant's Non-Report Expert Disclosure and Exclude Testimony of its Putative Experts [Doc. #126]. For the reasons and under the terms discussed below, the motion is GRANTED.

**I.    BACKGROUND**

Under the Court's amended scheduling order [Doc. #99], expert disclosures were due on October 2, 2018. Plaintiff served two expert reports on that date. Defendant Bestop, Inc. ("Bestop") served no expert reports, but on October 3, 2018 served a "Non-Report Witness Expert Disclosures Pursuant to Fed. R. Civ. P. 26(a)(2)," identifying two proposed "lay experts," William H. Haberkamp and Eric D. Getzschman. Bestop indicated in its disclosure that "no written expert report is required."

**II.    DISCUSSION**

Fed. R. Civ. P. 26(a)(2) governs discovery practice related to expert witnesses. Rule 26(a)(2)(A) provides that "[i]n addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to

present evidence under Federal Rule of Evidence 702, 703, or 705." Rule 26(a)(2)(B), which would apply to retained experts, provides:

> "**(B) Witnesses Who Must Provide a Written Report.** Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."

Rule 26(a)(2)(C)[1] governs witnesses who are not required to produce a report, and reads as follows:

> **(C) Witnesses Who Do Not Provide a Written Report.** Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Defendan Bestop contends that Messrs. Haberkamp and Getzschman fall within Rule 26(a)(2)(C), and are therefore not required to produce written reports, because they are "lay" or "percipient" experts. Defendant bears the burden of establishing that these two witnesses are not required to produce a report. *EEOC v. Kaplan Higher Ed. Corp.*, 748 F.3d 749, 752 (6th Cir. 2014); *Advent v. Covidien, Inc.*, 114 F.R.D. 547, 559 (E.D. Mich. 2016).

In *Fielden v. CSX Transportation, Inc.*, 482 F.3d 866 (6th Cir.2007), the Sixth Circuit held that a treating physician could offer expert testimony without providing a written report, so long as the testimony related to his opinions as to causation that were

---

[1] Rule 26(a)(2)(C) was added in 2010 to "resolve[ ] a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement." Fed. R. Civ. P. 26, Advisory Committee's Note.

formed at the time of treatment, not at the request of counsel:

> "Rule 26(a) (2)(B) by its terms provides that a party needs to file an expert report from a treating physician only if that physician was 'retained or specially employed to provide expert testimony.' In this case, Fielden did not retain Dr. Fischer for the purposes of providing expert testimony because *there is evidence that Dr. Fischer formed his opinions as to causation at the time that he treated Fielden and there is no evidence that Dr. Fischer formed his opinion at the request of Fielden's counsel*." *Id*. at 869 (emphasis added).

In *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1 (1st Cir. 2011), the First Circuit found that an exterminator was not an expert retained to give an opinion, and thus was not required to produce a written report, where his opinion testimony arose "not from his enlistment as an expert but, rather, from his ground-level involvement in the events giving rise to the litigation." *Id*. at 6. The Court explained:

> "In order to give the phrase "retained or specially employed" any real meaning, a court must acknowledge the difference between a percipient witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony. It is this difference, we think, that best informs the language of the rule." *Id*.

The defining characteristic of a percipient witness is that he or she forms the opinion at the time of and during the course of working on the subject matter of the lawsuit, be it a treating physician testifying as to causation or a project engineer testifying as to patent invalidity. In *Fielden*, the Sixth Circuit did not hold that such witnesses *never* have to disclose an expert report. *Fielden*, 482 F.3d at 870(noting the concern that permitting treating physicians to testify in all circumstances without providing expert reports would circumvent the policies underlying Rule 26(a)(2)(B)). *See also Meyers v. Nat'l R.R. Passenger Corp*., 619 F.3d 729, 734–35 (7th Cir.2010) (affirming grant of summary judgment where no evidence in the record suggested that plaintiff's doctors considered or determined the cause of his injuries during the course of treatment). In

*Gaspar v. Dicks*, 2011 WL 5975061, at *4 (E.D. Mich. Nov. 29, 2011), the Court, addressing the question of whether a written expert report is required in the context of a treating physician's testimony, referred to five factors that might be considered:

> "Courts attempting to determine whether a physician's testimony regarding causation falls into this "core" have considered factors such as: (1) whether the physician reached his conclusion at the time of treatment; (2) whether the opposing party would be surprised by the testimony; (3) whether the condition at issue leaves room for debate as to the specific ailment and its sources; (4) whether the physician relied upon ordinary medical training in drawing his conclusion; and (5) whether the physician will rely on tests, documents, books, videos, or other sources not relied upon during treatment." (Citing *Fielden* at 871-72).

In this case, a number of factors stand clearly at odds with Bestop's argument that Haberkamp and Getzschman are percipient witnesses who are not required to produce written expert reports.

In terms of their identical disclosures under Rule 26(a)(2)(C), both witnesses describe the subject matter of their testimony as Bestop's invalidity contentions "that anticipate asserted claims or render obvious asserted claims" of the '342 patent (the patent in suit); responding to claims of non-obviousness by Plaintiff; and "questions relating to interpretation of the prior art." *See* Doc. #126, Exhibit A. The witnesses also disclose an intent to testify about additional engineering issues. Mr. Haberkamp testified at his deposition that part of his job at Bestop was assisting in the creation of new products. *Haberkamp Dep.* [Doc. 27], at 13. He first saw the Plaintiff's complaint for patent infringement about a week or two before his deposition. *Id*. at 86-87. He did not know what an affirmative defense was, and when showed a list of Bestop's affirmative defenses, he denied personal knowledge of any of them. *Id*. at 88, 90. This would include the affirmative defenses relating to invalidity, non-infringement, prior art, and obviousness. Of course, Plaintiff's invalidity contentions were prepared specifically for

litigation, not in the ordinary course of Haberkamp's employment with Bestop. In addition, in its supplemental answers to interrogatories, Bestop stated that it did not have knowledge of the '342 patent "until the lawsuit was filed and served." Asked to state the basis for any invalidity defense, including "prior art references that anticipate or render obvious any claim," Defendant responded that the "entirety of Bestop's defense is embodied in the pleadings."

Thus, Haberkamp had no knowledge of defenses relating to prior art and obviousness, and was not aware of either those defenses or even the existence of the '342 patent until after the lawsuit was filed. He therefore did not reach any conclusion about those matters at the time he was working on the alleged infringing product, and his testimony would necessarily be based on material not relied upon at that time. His opinion was formed during litigation, at the request of counsel, not pre-litigation during the course of his work. At the same time, without the production of a written report Plaintiff would be unfairly surprised by his opinion testimony.

Mr. Haberkamp does not, therefore, qualify as a percipient witness who can testify as to Bestop's invalidity contentions, including prior art and obviousness. As an engineer who participated in production, however, he may testify as to engineering issues he dealt with during the production process.

Unlike Haberkamp, Mr. Getzschman is not an engineer, but rather has a degree in business administration. He was not involved in product design; instead, his focus was on the marketability of Bestop's product. *Getzschman Dep.* [Doc. #136], 10, 127-28. He was shown a variety of patent material, including the '342 patent, and testified that he never examined or analyzed the patents in any detail. Rather, he testified repeatedly that he "rel[ies] on my patent attorney to provide me guidance." *Id*. at 122-25. He said that

any analysis of the patent would have been very general in nature. By that he meant that he was looking at the marketability of the product. Regarding infringement analysis, he again testified that he relies on his patent attorney and litigation attorney; that he would not personally perform an analysis of patents; that he performed no in-depth analysis of the '342 patent; and had not considered that patent for any purpose regarding this lawsuit *Id*. at 125, 127-128, 131, 142. He said that "[a]ny analysis...for this lawsuit would have been done by our patent attorney." *Id*. at 145-46. When asked how he would know, for example, that another Bestop patent would invalidate the '342 patent, Mr. Getzschman testified as follows:

>A: Just my opinion.
>
>Q: So you would have an opinion, but its not backed up by any analysis?
>
>A: I rely on the attorneys for my analysis.
>
>\*            \*            \*
>
>Q: So your expert opinion is 'Ask my attorney'?
>
>A: That is correct. *Id*. at 159-60.

With respect to whether anything in the claim chart would be sufficient to invalidate the '342 patent, Getzschman testified that he "cannot provide an opinion" and would rely on the attorneys. *Id.* at 170. He reiterated that any opinion that the other Webasto patent would invalidate the '342 patent would be based on what Webasto's attorney said.

In sum, Mr. Getzschman's bailiwick is marketing, not infringement or invalidity analysis, and any opinions he might offer on any issue properly in this case would be based on information from Bestop's attorneys, not on his on-the-job conclusions. For the same reasons discussed above, he does not qualify as a percipient witness who can testify

without providing a written report.

On another note, Plaintiff argues that the proposed testimony of these two witnesses is irrelevant insofar as it relates to when Bestop conceived of or invented the alleged infringing product. Plaintiff is correct. In 2011, Congress amended 35 U.S.C. § 103 when it passed the Leahy-Smith America Invents Act ("AIA"). The AIA "abolished the first-to-invent interference rule in favor of a first-to-file rule." *Storer v. Clark*, 860 F.3d 1340, 1342 (Fed. Cir. 2017). "Among other things, the AIA revised § 103 to provide that obviousness be determined as of 'the effective filing date of the claimed invention' rather than 'at the time the invention was made.' Compare § 103 (post-AIA) with § 103(a) (pre-AIA)." *Hospira, Inc. v. Fresenius Kabi USA, LLC*, 343 F. Supp. 3d 823, 840 (N.D. Ill. 2018).

The effective date of the AIA is March 16, 2013. The '342 patent was filed on March 10, 2015, and involves no claims that predate March 16, 2013. The AIA therefore controls this case, making conception and reduction to practice irrelevant. Yet that is exactly what underlies the proposed testimony of these witnesses on the issue of obviousness. Bestop's Non-Report Expert Disclosures state:

> "That [Getzschman and Haberkamp], as an employee of Bestop with an appropriate background to be a person of ordinary skill in the art prior to the date of the filing of the '342 Patent and capable of rendering an opinion that the '342 patent was obvious at the time of filing the patent application *because Bestop created and conceived the Sunrider for Hardtop before Webasto filed any patent application on the patent in suit*." (Emphasis added).

Apart from the fact that Getzschman and Haberkamp do not qualify as percipient witnesses, their proposed testimony is irrelevant.

## III. CONCLUSION

Plaintiff's Motion to Strike Defendant's Non-Report Expert Disclosure and Exclude Testimony of its Putative Experts [Doc. #126] is GRANTED, with the proviso that Mr. Haberkamp will be permitted to testify as to engineering matters.[2]

IT IS SO ORDERED.

Dated: June 10, 2019
s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

---

### CERTIFICATE OF SERVICE

I hereby certify on June 10, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on June 10, 2019.

s/Carolyn M. Ciesla
Case Manager for the
Honorable R. Steven Whalen

---

[2] Subject, of course, to any objection based on relevance or other evidentiary matters.