UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WEBASTO THERMO & COMFORT
NORTH AMERICA, INC. and
WEBASTO-EDSCHA CABRIO USA, INC.,

        Plaintiffs/Counter-Defendants,         Case No. 16-cv-13456

                                                          Paul D. Borman
v.                                              United States District Judge

BESTOP, INC.,                           R. Steven Whalen
                                                     United States Magistrate Judge

        Defendant/Counter-Plaintiff.
_____/

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT (ECF NO. 169)

This action involves Plaintiffs Webasto Thermo & Comfort North America, Inc. and Webasto-Edscha Cabrio USA, Inc.'s (collectively "Webasto") claim that Defendant Bestop, Inc. ("BesTop") infringes Webasto's U.S. Patent No. 9,346,342 ("the '342 Patent"), entitled "Vehicle Roof and Roof Opening Mechanism." Webasto claims that BesTop's Accused Product, the Sunrider for Hardtop ("the Sunrider"), infringes Webasto's '342 patent as embodied in Webasto's Black Forest ThrowBack top ("ThrowBack"). BesTop responds that Sunrider does not infringe and that the claims of the '342 Patent were disclosed in prior art and are therefore unpatentable and that BesTop created and publicly used the invention claimed in the '342 patent before

1

Webasto applied for a patent in March, 2015, thereby invalidating the '342 patent. The Court has issued claim construction rulings and the parties have filed and fully briefed summary judgment and *Daubert*[1] motions. Now before the Court is Webasto's Motion for Summary Judgment of Infringement. The matter was fully briefed and the Court held a hearing on June 6, 2019. For the reasons that follow, the Plaintiffs' motion is GRANTED.

## I. BACKGROUND

The background facts of this litigation are set forth in multiple prior Orders of this Court and the reader's knowledge of those facts is presumed. Particular facts, as specifically relevant to the issues in this summary judgment motion, will be discussed where appropriate.

## II. LEGAL STANDARD

Summary judgment is appropriate where the moving party demonstrates that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of a motion for summary judgment where proof of that fact 'would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties.'" *Dekarske v. Fed. Exp. Corp.*, 294 F.R.D. 68, 77 (E.D. Mich.

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

2013) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"In deciding a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party." *Perry v. Jaguar of Troy*, 353 F.3d 510, 513 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). At the same time, the non-movant must produce enough evidence to allow a reasonable jury to find in his or her favor by a preponderance of the evidence, *Anderson*, 477 U.S. at 252, and "[t]he 'mere possibility' of a factual dispute does not suffice to create a triable case." *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 576 (6th Cir. 2004) (quoting *Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). Instead, "the non-moving party must be able to show sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." *Arendale v. City of Memphis*, 519 F.3d 587, 601 (6th Cir. 2008) (quoting *Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)). "The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. The plaintiff must present more than a mere scintilla of the evidence. To support his or her position, he or she must present evidence on which the trier of fact could find for the plaintiff." *Davis v. McCourt*, 226

F.3d 506, 511 (6th Cir. 2000) (internal quotation marks and citations omitted). That evidence must be capable of presentation in a form that would be admissible at trial. *See Alexander v. CareSource*, 576 F.3d 551, 558–59 (6th Cir. 2009).

The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587 (1986) (footnote and internal quotation marks omitted).

### III. ANALYSIS

"[Federal Circuit] precedent is clear: a patent is infringed if a single claim is infringed." *Grober v. Mako Pdcts., Inc*., 686 F.3d 1335, 1344 (Fed. Cir. 2012). *See also CollegeNet, Inc. v. ApplyYourself, Inc*., 418 F.3d 1225, 1236 (Fed. Cir. 2005) ("[I]nfringement of even a single claim entitles a patentee to damages."). Here, BesTop does not dispute that the Accused Product, the Sunrider for Hardtop, meets every limitation of Claim 6 of the '342 Patent except for the final limitation: "Wherein

4

the tensioning bow in relation to a vertical longitudinal center plane of the roof is on each of its two sides connected to the auxiliary tensioning bow via a coupling rod, the coupling rod being articulated to the auxiliary tensioning bow and to the main tensioning bow via intermediately positioned hinge points." And within this limitation, the parties are in agreement that the only dispute is over the term "intermediately positioned." As counsel for BesTop stated at oral argument on Webasto's motion for summary judgment on infringement: "The infringement question before this Court boils down to whether the hinge point on the accused product is intermediately positioned or whether it's somewhere else." (ECF No. 229, Transcript of 6/26/19 Hearing on Plaintiffs' Motion for Summary Judgment ("Hr'g Tr.") at 13:3-6.)

    Webasto argues that given the Court's claim construction ruling that this claim term be given its customary and ordinary meaning, Webasto is entitled to a summary judgment finding of infringement because there is no genuine issue of material fact that the hinge points for the coupling rod on the Sunrider are positioned between the end points of the main and auxiliary tensioning bows and are therefore "intermediately positioned." The essence of BesTop's position is that because the hinge point on the Sunrider is "closer to the end" (but admittedly not *on* the end points) of the side arm of the tensioning bow rather than in the "middle," it is not "intermediately

positioned," and therefore the final limitation of Claim 6 is not met and there is at a minimum a question of fact whether the Claim is infringed. (6/26/19 Hr'g Tr. 16:15-22.)

During claim construction, BesTop advocated for the following construction of the disputed term:

> A "coupling rod" is required. "Hinge Points" for a "coupling rod" must be disposed in the middle of the side legs of the tensioning bow ***and*** in the middle of the side legs of the auxiliary tensioning bow.

(ECF No. 61, PgID 1636) (emphasis in original). The Special Master rejected this construction, and recommended that the term be given its customary and ordinary meaning as understood by a person skilled in the art or, in the alternative, that the Court adopt Webasto's proposed "lay dictionary" definition:

> The coupling rod is connected to the auxiliary tensioning bow and the main tensioning bow at hinge points between the end points of the bows.

(ECF No. 148, Special Master's Report Recommendation at 39, PgID 3268 n.1.) "'[T]he 'ordinary meaning' of a claim term is its meaning to the ordinary artisan after reading the entire patent." *Wisconsin Alumni Research Foundation v. Apple Inc.*, 905 F.3d 1341, 1348 (Fed. Cir. 2018) (quoting *Phillips v. AWH Corp.*, 415 F.3d 1303, 1321 (Fed. Cir. 2005)).

The Special Master expressly rejected BesTop's argument that the word "middle" was intended by the Patent Examiner's ruling that Webasto was required to

insert the term "intermediately positioned" in order to distinguish the claim term from prior art, specifically U.S. Patent No. 8,186,740, ("the '740 patent" or "Huotari"), which depicts "tensioning bows and auxiliary tensioning bows with 'coupling rods [] articulated at the *upper ends* of the respective bows.'" (Special Master's Report, 22, PgID 3251 (quoting *Notice of Allowability,* ECF No. 49-7 at 3.) (Emphasis in original.) The Special Master found that there was no language of the '342 Patent or the entire prosecution history that uses the word "middle."  The Special Master pointed out that if the examiner had meant to limit the claim to the "middle" he would have used the word "middle" but he did not.  (Report and Recommendation at 34, PgID 3265.)  The Special Master found that BesTop's proposed construction limiting the claim scope to the "middle" position of the tensioning bows was based on a "convoluted interpretation of the file history."[2]

BesTop did not object to the Special Master's claim construction recommendation of this claim term.  And BesTop has not denied that narrowing the

---

[2] The Federal Circuit has "designated the prosecution history as part of the intrinsic evidence, including 'the prior art cited during the examination of the patent.'" *E.I. du Pont De Nemours & Co. v. Unifrax I LLC*, 921 F.3d 1060, 1068 (Fed. Cir. 2019) (quoting *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005)).  "The prosecution history 'contains the entire record of the proceedings in the Patent Office from the first application papers to the issued patent.'" *Id.* (quoting *Autogiro Co. of Am. v. United States*, 384 F.2d 391, 398 (Ct. Cl. 1967) and citing *Phillips*, 415 F.3d at 1317).

construction to "middle" would read out a preferred embodiment as the '342 patent depicts hinge points for a coupling rod that are *not* in the middle of both the auxiliary and main tensioning bows – the hinge point on the side of the main tensioning bow is quite clearly *not* in the middle but nearer to the base. ('342 Patent Figure 13.) "'[A] claim construction that excludes a preferred embodiment . . . is rarely, if ever correct and would require highly persuasive evidentiary support.'" *Epos Technologies Ltd. v. Pegasus Technologies Ltd.*, 766 F.3d 1338, 1347 (Fed. Cir. 2014) (quoting *Anchor Walls Sys., Inc. v. Rockwood Retaining Walls, Inc.*, 340 F.3d 1298, 1308 (Fed. Cir. 2003)). *See also Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996) (observing that a construction that would read out a preferred embodiment "would require highly persuasive evidentiary support"). No such "highly persuasive" evidence for a "middle" construction has been presented by BesTop here. As the Special Master observed: "BesTop does not offer a shred of credible evidence in support of its proposed construction." (Special Master's Report 35, PgID 3264.)

BesTop did not object to any aspect of the Special Master's claim construction of this term. Thus, any suggestion by BesTop that the hinge points must be located in the "middle" of the tensioning bow in order to infringe Claim 6 of the '342 was clearly rejected by the Special Master in his Report and Recommendation, which this Court adopted without objection by BesTop or Webasto. The Special Master did

suggest that if the Court felt that further lay definition taken from the dictionary was necessary, the alternative definition proposed by Webasto, i.e. "the coupling rod is connected to the auxiliary tensioning bow and the main tensioning bow at hinge points between the end points of the bows," was a good definition. (*Id*. at 39 n.1, PgID 3268.)

In continuing to argue that a definition of "middle" could be applied to the claim term "intermediately positioned," BesTop ignores this Court's claim construction ruling which held, without objection from either party, that the term "intermediately positioned" be given its plain and ordinary meaning as understood *by a person skilled in the art* ("a POSITA") and, if further specificity was required, the term be given the following "lay definition, taken from the dictionary:" "The coupling rod is connected to the auxiliary tensioning bow and the main tensioning bow at hinge points between the end points of the bows." (*Id*., *adopted at* ECF No. 152, Order Adopting Report and Recommendation.) Despite the clarity of the Court's Orders, BesTop suggests that the Court should consult the dictionary and present the jury (under the guise of the issue of infringement) with a host of different definitions for the term "intermediate," including "in the middle" which has been expressly rejected by the Court, and let the jury decide what is meant by "intermediately positioned." It is axiomatic that claim construction is an issue for the Court, not the

jury, and this Court's claim construction ruling is clear. As the Federal Circuit has repeatedly observed, "'[t]he main problem with elevating the dictionary to such prominence is that it focuses the inquiry on the abstract meaning of words rather than on the meaning of claim limitations within the context of the patent.'" *Innogenetics, N.V. v. Abbott Laboratories*, 512 F.3d 1363, 1371 (Fed. Cir. 2008) (quoting *Phillips*, 415 F.3d at 1321).

This Court's claim construction ruling focused the inquiry on the meaning of this claim term within the context of the patent, the specifications, and the prosecution history, and concluded that the term would have a customary and ordinary meaning to a POSITA after reading the entire patent. The Court's claim construction ruling also suggested an alternative "lay definition" that would comport with that contextual meaning, if additional specificity were required: "the coupling rod is connected to the auxiliary tensioning bow and the main tensioning bow at hinge points between the end points of the bows." (Special Master's Report at 39 n.1, PgID 3268.) Further consultation of the dictionary as suggested by BesTop is neither appropriate nor necessary.

The Special Master ruled, and this Court adopted the ruling, that the claim term "intermediately positioned" should be given its customary and ordinary *as understood by a POSITA*. BesTop has offered *no* expert opinion from a POSITA on the issue of

10

infringement and none of its lay witnesses has been proffered or would be permitted now to offer such an opinion in this case. The only evidence in this summary judgment record from a POSITA regarding the meaning of the term "intermediately positioned" is the opinion of Webasto's infringement expert, Dr. Stein, who explains in his Report that the Sunrider infringes as a matter of law because its hinge points are positioned somewhere between the end points of the sides of the tensioning bows:

> [T]he crux of the parties' dispute appears to be over the term "intermediately positioned." Based upon my review of the materials referenced above, I agree with Webasto that "intermediately positioned"simply means positioned between the end points of the bows. This is actually supported by BesTop's own claim construction arguments, which show how prior art systems located the hinge points at the ends of the side legs, as opposed to between the end points. I disagree with BesTop's proposed construction, because it is clear from the figures of the '342 patent that the coupling rod is not connected to the middle of both the tensioning bow and the auxiliary tensioning bow. It is connected to the tensioning bow away from the middle. I understand that the figures show a "preferred embodiment" of the patented invention, and that any of the construction of the claims that would read the preferred embodiment out of the claim scope is presumptively incorrect. . . . My opinion also takes into account the prosecution history of the '342 Patent. Nothing in the prosecution history of the patent appears to define the term "intermediately positioned" in a way that would deviate from the ordinary meaning of the term.

(ECF No. 171-12, Oct. 2, 2018 Expert Report of Jeffrey L. Stein Regarding BesTop's Infringement of the U.S. Patent No. 9,346,342 at 21-22, PgID 5148-49.)

Dr. Stein offers the opinion that the Sunrider infringes, *inter alia*, Claim 6 of the '342. Referring specifically to Figures 4, 6, and 7 of the '888 Patent, Dr. Stein

11

opines:

> In the '888 Patent (the Sunrider), and as shown in figure 4, above, the coupling rod is referred to as a "second link" and is indicated by the number 42 in the figures. The '888 Patent further states:
>
>> The second link 42 is pivotally connected to the first link 40 at a third pivot point 48. The other end of the second link 42 is pivotally connected to the third link 44 at a fourth pivot point 50.
>
> '888 Patent, col. 4 ll. 25-28. In other words, the coupling rod, referred to as second link in the '888 Patent, is connected to the side arms of the tensioning bow and the auxiliary tensioning bow via hinge points. As shown in figures 4, 6, and 7 above, the hinge points are intermediately positioned because they are placed between the end points of the tensioning bows. Particularly with respect to figure 4, it can be seen that the auxiliary tensioning bow continues beyond the hinge point designated by the number 50, and the end point of the tensioning bow is concealed by the fabric covering. The hinge points are intermediately positioned because they are placed between the end points of the tensioning bows as shown, for example, in Figs. 7, 9, 10 and 13 of the '888 Patent where the coupler (second link 42) is shown pivotally connecting to the tensioning bows at the pivot point 48 in first link, 40 and the pivot point 50 in second link 42. Pivot points 48 and 50 are clearly intermediately positioned along first and second link arms, respectively and intermediate to the ends of their respective links.

Stein Infringement Report 37-38, ¶ 74, PgID 5164-65.

During oral argument on Plaintiffs' motion for summary judgment, BesTop suggested that the question of infringement must await a trial because the actual physical Accused Product has not been examined by Webasto's expert or by this Court. But BesTop has never questioned the authenticity or accuracy of any of the

12

specifications, figures, or other depictions of the Accused Product on which Webasto's experts, and indeed all parties and witnesses, have relied.

BesTop has not offered an expert on non-infringement. BesTop takes the position that expert testimony is not necessary to inform the jury on the term "intermediately positioned." But in fact BesTop has not proffered *any* evidence, expert or otherwise, from a POSITA to rebut Dr. Stein's opinions. BesTop offers only attorney argument which is plainly insufficient to create a genuine issue of material fact for trial. "[M]ere[] attorney argument lacking evidentiary support" is not evidence. *Perfect Web Technologies, Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1332 (Fed. Cir. 2009) (citing *Gemtron Corp. v. Saint-Gobain Corp.*, 572 F.3d 1371, 1380 (Fed. Cir. 2009) ("noting that 'unsworn attorney argument . . . is not evidence'"). BesTop was required to meet Webasto's motion for summary judgment on infringement, which was supported by record evidence and by the unrebutted opinion of Webasto's expert, with evidence of evidentiary quality creating a genuine issue of material fact for trial. BesTop "provides no expert opinions on how a person ordinarily skilled in the art would have a different understanding of the claim limitation" than Dr. Stein has provided and BesTop has not contested Dr. Stein's opinions through a *Daubert* challenge. *Innogenetics*, 512 F.3d at 1370. Indeed, BesTop has come forward with no "evidence" in response to Webasto's motion and proffers only attorney argument

that largely ignores this Court's claim construction rulings.

Based on this summary judgment record, viewing the facts and all reasonable inferences in favor of BesTop, the Court finds that no rational juror could conclude that the hinge points of the coupling rod on the tensioning bows of the Accused Product are not positioned between the end points of the tensioning bows. Accordingly, Webasto has established that there is no genuine issue of material fact that the hinge points of the Accused Product are "intermediately positioned" and Webasto is entitled to a finding of infringement of Claim 6 or the '342 as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, Webasto's Motion for Summary Judgment of Infringement is GRANTED.

IT IS SO ORDERED.

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: July 12, 2019