UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WEBASTO THERMO & COMFORT
NORTH AMERICA, INC. and
WEBASTO-EDSCHA CABRIO USA, INC.,

        Plaintiffs/Counter-Defendants,      Case No. 16-cv-13456

                                        Paul D. Borman
v.                                      United States District Judge

BESTOP, INC.,                        R. Steven Whalen
                                          United States Magistrate Judge

                Defendant/Counter-Plaintiff.
_____/

## OPINION AND ORDER (1) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 170) and (2) GRANTING PLAINTIFFS' FIRST MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ALLEGED INVALIDITY NOT DISCLOSED WITH PARTICULARITY (ECF NO. 215)

       This action involves Plaintiffs Webasto Thermo & Comfort North America, Inc. and Webasto-Edscha Cabrio USA, Inc.'s (collectively "Webasto") claim that Defendant Bestop, Inc. ("BesTop") infringes Webasto's U.S. Patent No. 9,346,342 ("the '342 Patent"), entitled "Vehicle Roof and Roof Opening Mechanism." Webasto claims that BesTop's Accused Product, the Sunrider for Hardtop ("the Sunrider"), infringes Webasto's '342 patent as embodied in Webasto's Black Forest ThrowBack top ("ThrowBack"). BesTop responds that the Sunrider does not infringe and that the claims of the '342 Patent were disclosed in prior art and are therefore unpatentable and

1

that BesTop created and publicly used the invention claimed in the '342 patent before Webasto applied for a patent in March, 2015, thereby invalidating the '342 patent. The Court has issued claim construction rulings and the parties have filed and fully briefed summary judgment and *Daubert*[1] motions. Now before the Court is BesTop's Motion for Summary Judgment. The matter was fully briefed and the Court held a hearing on June 13, 2019. For the reasons that follow, the Defendants' motion is DENIED.

## I.    BACKGROUND

The background facts of this litigation are set forth in multiple prior Orders of this Court and the reader's knowledge of those facts is presumed. Particular facts, as specifically relevant to the issues in this summary judgment motion, will be discussed where appropriate.

## II.    LEGAL STANDARD

Summary judgment is appropriate where the moving party demonstrates that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of a motion for summary judgment where proof of that fact 'would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

asserted by the parties.'" *Dekarske v. Fed. Exp. Corp.*, 294 F.R.D. 68, 77 (E.D. Mich. 2013) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"In deciding a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party." *Perry v. Jaguar of Troy*, 353 F.3d 510, 513 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). At the same time, the non-movant must produce enough evidence to allow a reasonable jury to find in his or her favor by a preponderance of the evidence, *Anderson*, 477 U.S. at 252, and "[t]he 'mere possibility' of a factual dispute does not suffice to create a triable case." *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 576 (6th Cir. 2004) (quoting *Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). Instead, "the non-moving party must be able to show sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." *Arendale v. City of Memphis*, 519 F.3d 587, 601 (6th Cir. 2008) (quoting *Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)). "The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. The [moving party] must present more than a mere scintilla of the evidence. To support his or her position, he or she must present

evidence on which the trier of fact could find for the plaintiff." *Davis v. McCourt*, 226 F.3d 506, 511 (6th Cir. 2000) (internal quotation marks and citations omitted). That evidence must be capable of presentation in a form that would be admissible at trial. *See Alexander v. CareSource*, 576 F.3d 551, 558–59 (6th Cir. 2009).

In the case of a summary judgment challenge to the validity of a patent, the movant must produce clear and convincing evidence as to each element of the defense. "A patent is presumed valid, and overcoming that presumption at the district court requires clear and convincing evidence." *Indivior Inc. v. Reddy's Laboratories, S.A.,__F.3d__*, 2019 WL 3047172, at *12 (Fed. Cir. 2019) (citing *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011)).

## III.  ANALYSIS

> This case aptly demonstrates the pitfalls of playing fast and loose with rules of discovery. Conclusory expert reports, eleventh hour disclosures, and attempts to proffer expert testimony without compliance with Rule 26 violate both the rules and principles of discovery, and the obligations lawyers have to the court. Exclusion and forfeiture are appropriate consequences to avoid repeated occurrences of such manipulation of the litigation process.

*Innogenetics, N.V. v. Abbott Laboratories*, 512 F.3d 1363, 1376 n. 4 (Fed. Cir. 2008).

Time and again in this case BesTop's litigation conduct has necessitated rulings by the Court awarding sanctions and/or excluding proffered evidence and argument. The following are examples: making material misrepresentations to the Court (*see*

ECF No. 103, Opinion and Order Granting Plaintiffs' Motion for Sanctions, Whalen, MJ and ECF No. 129 Opinion and Order Affirming), failing to timely serve amended infringement and invalidity contentions (*see* ECF No. 197, Special Master's Report and Recommendation to Grant Plaintiffs' Motion to Strike Second Amended Invalidity Contentions and ECF No. 209, Order Adopting), and failing to serve appropriate expert disclosures (*see* ECF No. 214, Opinion and Order, Whalen, MJ).[2]

BesTop continues to defend this pattern of conduct with the repeated assertion that it invented the claimed invention in this case before Webasto and that therefore BesTop must win. But BesTop has been precluded from presenting its anticipation argument in this case and this case involves a patent and claims that post-date the March 16, 2013 enactment of the Leahy-Smith America Invents Act, Pub.L. No. 112–29, § 3, 125 Stat. 284, 285–294 (2011) ("AIA"). "On September 16, 2011, the President signed into law the AIA. The AIA, *inter alia*, adopted the "first-inventor-to-file" principle for determining priority among patents and patent applications. AIA § 3, 125 Stat. at 285–294. Before the AIA, the United States

_____

[2] The Court will address BesTop's limited objection to Magistrate Judge Whalen's June 10, 2019 Order in a separate Opinion and Order. For purposes of BesTop's motion for summary judgment, it is sufficient to note that BesTop did not object to that portion of the Magistrate Judge's Order striking the expert disclosures of BesTop's two proffered invalidity experts.

typically gave priority to the first to invent. Under the AIA, however, priority will go to the first inventor *to file a patent application*." *Madstad Engineering, Inc. v. U.S. Patent and Trademark Office*, 756 F.3d 1366, 1368 (Fed. Cir. 2014) (emphasis in original). Simply being first to invent, even if true, does not win this case.

BesTop now moves for summary judgment on the only invalidity claim that remains in play – obviousness. And BesTop continues to rely on its fundamentally flawed "we did it first so we win" argument, as evidenced by the closing sentence to its Reply brief in support of its motion for summary judgment: "BesTop's obviousness case boils down to what it has been reporting since the beginning: it was obvious for BesTop to develop the technology claimed by Webasto because BesTop actually did it first." (ECF No. 199, BesTop's Reply y, PgID 7512.) BesTop's blind adherence to its "we did it first" argument and its repeated failure to abide by the rules of disclosure governing this case, conduct discussed at length by this Court in its May 20, 2019 Opinion and Order granting Webasto's motion to strike BesTop's Second Amended Contentions, has not served BesTop well. BesTop fails in its summary judgment motion to establish by clear and convincing evidence that the '342 was obvious.

A patent cannot be obtained as to a claimed invention that was "obvious" to persons having ordinary skill in the relevant art:

A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

35 U.S.C. § 103.

BesTop argues that apart from and independent of any public use, the '342 patent is also invalid under 35 U.S.C. § 103 because the invention claimed in the '342 patent would have been obvious to persons of ordinary skill in the art at the time Webasto applied for the patent. The ultimate question to be addressed in the obviousness inquiry is whether a person of ordinary skill in the art would have been motivated to combine prior art teachings to arrive at the claimed invention and would reasonably have been expected to succeed in combining those teachings to produce the claimed invention. "'An obviousness determination requires finding both 'that a skilled artisan would have been motivated to combine the teachings of the prior art [to achieve the claimed invention] and that the skilled artisan would have had a reasonable expectation of success in doing so.'" *In re Stepan Co*., 868 F.3d 1342, 1345-46 (Fed. Cir. 2017) (quoting *Intelligent Bio-Sys., Inc. v. Illumina Cambridge Ltd.*, 821 F.3d 1359, 1367–68 (Fed. Cir. 2016)) (footnote omitted). "Whether a person of ordinary skill in the art would have been motivated to modify or combine teachings

in the prior art, and whether he would have had a reasonable expectation of success, are questions of fact." *Id.*

"Obviousness is a question of law based on underlying facts." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 839 F.3d 1034, 1047 (Fed. Cir. 2016) (*en banc*). The framework for the obviousness inquiry requires consideration of four factors, as set forth in *Graham v. John Deere Co.*, 383 U.S. 1, 17–18 (1966):

> While the ultimate question of patent validity is one of law, *Great A. & P. Tea Co. v. Supermarket Equipment Corp., supra*, 340 U.S. at 155, 71 S.Ct. at 131, the s 103 condition, which is but one of three conditions, each of which must be satisfied, lends itself to several basic factual inquiries. Under s 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented. As indicia of obviousness or nonobviousness, these inquiries may have relevancy.

*Graham*, 383 U.S. at 17-18. "A determination of whether a patent claim is invalid as obvious under § 103 requires consideration of all four *Graham* factors, and it is error to reach a conclusion of obviousness until all those factors are considered. Objective indicia of nonobviousness must be considered in every case where present." *Apple*, 839 F.3d at 1048. Thus in its summary judgment motion, BesTop must establish by clear and convincing evidence that there is no genuine issue of material fact as to (1)

the scope and content of the prior art, (2) the differences between the prior art and the claims of the '342, (3) the level of skill of a person of ordinary skill in the art, and (4) any objective indicia of obviousness.

BesTop adopts Webasto's definition of a person having ordinary skill in the art, as set forth in the expert report of Jeffrey Stein, Webasto's expert on infringement:

> [A]n ordinarily skilled artisan performing work in the design of soft-top roof systems for convertible vehicles would have either a bachelor's degree in mechanical engineering, or the equivalent practical work experience. This person would likely have some experience designing mechanical structures using Computer-Aided Drawing ("CAD") software. This person would also likely have some practical understanding of the specific design considerations and constraints applicable to automotive technology. This person would also likely have some understanding of physics or material science, including an understanding of how the materials and designs would handle loads, winds, water, and the stress of repetitive use. This knowledge and understanding could be gained by an ordinarily skilled artisan with a few years of on-the-job training.

(ECF No. 170-13, Expert Report of Jeffrey L. Stein Regarding BesTop's Infringement of the U.S. Patent No. 9,346,342, p. 17, PgID 4693.) Thus, according to BesTop, the only issues in dispute are the scope and content of the prior art, the differences between the prior art and the '342, and the importance of any objective indicia of nonobviousness.

BesTop bases its summary judgment obviousness argument principally on the prior art expressed in the Haberkamp patent, U.S. Patent 9,139,073 ("the '073" or "the

Haberkamp patent") combined with the bow and linkage elements expressed in BesTop's U.S. Patent 8,186,740 ("the '740 patent").[3] But the only prior art reference that BesTop referenced in its First Amended Contentions, which are the only contentions on which it is permitted to rely in this case, was the '073 patent. And even that disclosure did not strictly meet the requirements of the governing Rule 26(f) Order. However, given that Webasto's expert, Dr. Jeffrey Stein, did respond to BesTop's claims of obviousness as they related to the '073, BesTop will be permitted to rely on the '073 as a prior art reference.[4] For the reasons that follow, however,

---

[3] BesTop continues to contend that the Accused Product (the Sunrider) is prior art in this case. No such finding has been made by this Court and BesTop will be precluded from arguing or suggesting that the Accused Product is prior art in this case.

[4] In its May 20, 2019 Opinion and Order striking BesTop's second amended contentions, this Court concluded that its ruling rendered moot BesTop's pending motion to exclude Dr. Stein's testimony and opinions on invalidity. (5/20/19 Opinion and Order at 32 n. 4.) The Court stated that Webasto would be precluded from offering any testimony from Dr. Stein directed to the specific issues raised in BesTop's motion to strike his testimony. BesTop's motion to exclude Dr. Stein's testimony was directed largely to his opinions regarding public use. BesTop did however briefly argue that Dr. Stein's obviousness opinion should be excluded because Dr. Stein failed to consider BesTop's alleged simultaneous invention of the Sunrider. (ECF No. 167, BesTop's Motion to Exclude the Expert Testimony of Jeffrey Stein 17-18, PgID 4384-85.) The Court finds that BesTop's argument that Dr. Stein neglected to consider such evidence (even assuming its admissibility which is an issue not yet decided by this Court) would go to the weight of his testimony and not its admissibility and can be tested through vigorous cross-examination. *See* Fed. R. Evid. 702; *Best v. Lowe's Home Centers, Inc.*, 563 F.3d 171, 181 (6th Cir. 2009) (attacks regarding the completeness of an expert's opinions "affect the weight that the jury should give the expert's testimony and not the admissibility of that testimony").

BesTop will be limited to reliance on this single prior art reference for purposes of establishing the scope and content of the prior art.

Under the Rule 26(f) Joint Statement, BesTop was required to provide:

1.  Each item of prior art that forms the basis for any allegation of invalidity by reason of anticipation under 35 U.S.C. § 102 or 35 U.S.C. § 103.  For prior art that is a document, a copy of the document should be provided to the patentee's counsel or be identified by Bates Number if it was previously produced.  As to prior art that is not documentary in nature, such prior art shall be identified with particularity (by "who, what, when, and where" etc.) as to publication date, sale, use date, source, ownership, inventorship, conception and any other pertinent information.

2.  Whether each item of prior art anticipates each asserted claim or renders it obvious.  If a combination of items or prior art makes a claim obvious, each such combination, and the reason why a person of ordinary skill in the art would combine such items must be identified.

3.  A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each claim limitation that such party is governed by 35 U.S.C. § 112 ¶ 6, the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function;

4.  For any grounds of invalidity based on 35 U.S.C. § 112 or other defenses, the party asserting the claim or defense shall provide its reasons and evidence why the claims are invalid or the patent unenforceable and make specific reference to relevant portions of the patent specification and/or claims.  Such positions shall be made in good faith and not simply pro forma arguments.

_____

Dr. Stein's obviousness testimony and opinions will be admissible at trial.

(ECF No. 30, Joint Statement Under Rule 26(f), Section IVB.)[5]

It is undisputed that to this day, BesTop has never complied with these requirements of the Joint Statement. BesTop never specified a prior art reference in its claim charts other than the '073 (U.S. Patent No. 8,042,858 is also generally referred to in BesTop's claim chart but does not appear to figure in to BesTop's summary judgment arguments at all). As correctly observed by Dr. Jeffrey Stein, Webasto's infringement and validity expert, BesTop has *never* provided an element by element identification of "what specifically any prior art reference discloses, where the alleged disclosure may be found in the given reference, which specific combination or combinations of references are alleged to render any particular claim of the '342 Patent to be obvious, including even how many references comprise any particular combination, or why a person of ordinary skill in the art would be motivated to combine the teachings of whichever and however many references that allegedly render the challenged claims to be obvious." (ECF No. 167-4, Expert Report of Jeffrey L. Stein Regarding Validity of U.S. Patent No. 9,346,342 at 20-21, PgID 4463-64.)

BesTop argues that because its First Amended Contentions directed Webasto

---

[5] As this Court explained at length in its May 20, 2019 Opinion and Order, this Rule 26(f) Joint Statement "*is* an Order of this Court and the parties are bound to abide by its terms." (ECF No. 209, 5/20/19 Opinion and Order 10, PgID 7582).

to the '073 patent and to certain pages in the prosecution history of the '342 patent where other prior art references were discussed by the patent examiner, and because BesTop has mentioned the '740 patent numerous times in this litigation as one of many other prior art references (also unspecified) which disclose the auxiliary bow and linkages for fabric management, it has satisfied its disclosure obligations and should be permitted to rely on the '740, and any other prior art references that were discussed by the patent examiner, for purposes of presenting its invalidity defense. It is true that the First Amended Contentions contain reference to specific pages of the prosecution history where several different prior art references are discussed by the patent examiner, but BesTop has never provided the specific contention information required by the Rule 26(f) Order, or by Webasto's supplemental contention interrogatories. This "go fish" reference, inviting Webasto to read what the patent examiner had to say about a number of prior art references in order to glean BesTop's arguments as to how each claim limitation was allegedly disclosed by each specific prior art reference, does not provide the detail required by the Rule 26(f) Order governing this litigation. The Court has been unable to find a case stating that as long as the patent examiner mentioned the prior art in the prosecution history the accused

infringer need not provide detailed invalidity contentions.[6]

In its May 20, 2019 Opinion and Order, this Court precluded BesTop from relying on invalidity theories that were not properly disclosed in its First Amended Contentions.  (ECF No. 209, 5/20/19 Opinion and Order 32.)  The only prior art reference even arguably properly disclosed in those First Amended Contentions was the '073 patent. BesTop has never supplied Webasto with the specificity required by the Rule 26(f) Order or requested in Webasto's supplemental contention interrogatories. BesTop's attempt to rely on numerous items of prior art that have never been properly disclosed in this case violates both the Rule 26(f) Order and ignores the directive of this Court's May 20, 2019 Opinion and Order.

The Federal Circuit has reaffirmed this Court's discretion in excluding late-proffered evidence that should have been provided in contention claim charts or in response to contention interrogatories:

---

[6] In fact, the Federal Circuit has held that "'[w]hen no prior art other than that which was considered by the PTO examiner is relied on by the attacker, he has the added burden of overcoming the deference that is due to a qualified government agency presumed to have properly done its job.'" *PowerOasis, Inc. v. T–Mobile USA, Inc.*, 522 F.3d 1299, 1304 (Fed. Cir. 2008) (quoting *Am. Hoist & Derrick Co. v. Sowa & Sons*, 725 F.2d 1350, 1359 (Fed. Cir. 1984)).  *See also Tokai Corp. v. Easton Enterprises, Inc.*, 632 F.3d 1358, 1367 (Fed. Cir. 2011) ("[A]lthough the standard of proof does not depart from that of clear and convincing evidence, a party challenging validity shoulders an enhanced burden if the invalidity argument relies on the same prior art considered during examination by the U.S. Patent and Trademark Office ("PTO").").

> [C]ontention interrogatories serve an important purpose in enabling a party to discover facts related to its opponent's contentions. In order for MES to have an opportunity to meaningfully challenge DeAngelo's reliance on the drawings as prior art (including whether the drawings were published or whether devices made from the drawings contained the claimed features and were in fact on sale in the early 1990s), it would have needed to know what features of the drawings DeAngelo contended rendered MES's patents obvious on a claim-by-claim basis. *See Innogenetics*, 512 F.3d at 1376 ("Abbott's disclosure of the Cha patent as an anticipatory prior art reference on the very last day of discovery meant Innogenetics was stripped of any meaningful opportunity to prepare an adequate cross-examination of the reference.").

*Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1282 (Fed. Cir. 2012) (footnote omitted). The same is true here, as evidenced by the fact that Dr. Stein, when rendering his obviousness opinions in his invalidity report, discussed only the '073 patent as a disclosed prior art reference. This Court already discussed in its May 20, 2019 Opinion and Order its reasons for limiting BesTop to the properly disclosed claims and theories set forth in its First Amended Contentions. The only arguably properly disclosed prior art reference in the First Amended Contentions was the '073 and BesTop shall be so limited.

BesTop attempted to belatedly present the missing detail of its claim charts through two "lay experts" – BesTop employees Eric Getzschman and William Haberkamp. But the opinions of those two lay witnesses on the issue of invalidity have been stricken by the Court because neither one of them had any awareness of the invalidity issues "discussed" by them in their "expert" disclosures that were drafted

for them by their attorneys. (*See* ECF No. 214, 6/10/19 Order granting Plaintiff's Motion to Strike) (Whalen, MJ). BesTop thus presents no expert evidence in this summary judgment record in support of its invalidity theories. While BesTop has suggested that the issues are too simple to warrant expert testimony, this suggestion is belied by the fact that BesTop felt it necessary to designate Mr. Getzschman and Mr. Haberkamp as experts to explain BesTop's invalidity theories.

Any opinion or evidence on obviousness must "explain how specific references would yield a predictable result, or how any specific combination would operate or read on the asserted claims." *ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*, 694 F.3d 1312, 1327 (Fed. Cir. 2012). "Conclusory statement[s]" as to what a person skilled in the art would have known are insufficient and "fraught with hindsight bias." *Id.* (citing *KSR Intern. Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007) ("'A patent composed of several elements is not proved obvious by merely demonstrating that each of its elements was, independently, known in the prior art.'"); and *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1373–74 (Fed. Cir. 2008) ("'Such vague testimony would not have been helpful to a lay jury in avoiding the pitfalls of hindsight that belie a determination of obviousness.'")). All the more so when the conclusory statements are made by attorneys. "[M]ere[] attorney argument lacking evidentiary support" is not evidence. *Perfect Web Technologies, Inc. v.*

*InfoUSA, Inc.*, 587 F.3d 1324, 1332 (Fed. Cir. 2009) (citing *Gemtron Corp. v. Saint-Gobain Corp.*, 572 F.3d 1371, 1380 (Fed. Cir. 2009) ("noting that 'unsworn attorney argument . . . is not evidence'").

BesTop argues that Webasto never moved to strike the First Amended Contentions or otherwise objected to them as vague or conclusory. But Webasto did endeavor to clarify what prior art BesTop was relying on and how that prior art specifically disclosed the claims of the '342 patent by serving supplemental contention interrogatories on BesTop and by deposing BesTop's two designated invalidity experts, Mr. Getzschman and Mr. Haberkamp. BesTop's response to the contention interrogatories failed to provide the required detail and, as it turned out, as discussed by Magistrate Judge Whalen in his June 10, 2019 Opinion and Order, neither Mr. Getzschman nor Mr. Haberkamp was able to shed any light on BesTop's invalidity theories because they were both completely unfamiliar with any prior art references or how those references might have disclosed the claims of the '342. BesTop was under an ongoing to obligation under the Court's Rule 26(f) Order to provide the detailed invalidity contentions and they failed to do so. Not only has BesTop violated an Order of this Court by failing to provide the requisite detail in its invalidity contentions, but allowing BesTop to rely on improperly disclosed prior art references at this stage of the litigation would result in significant prejudice to Webasto with trial

fast approaching.  *See* Fed. R. Evid. 403.[7]

BesTop has failed to submit clear and convincing evidence that the '342 was obvious based upon the disclosures of the '073.  Not only do BesTop's claim charts fail to specify where in the '073 each limitation of each asserted claim is allegedly found, but BesTop offers no summary judgment evidence, apart from conclusory attorney argument, demonstrating why a  person ordinarily skilled in the art ("a POSITA") would have found the '342 obvious in view of the '073.  The Federal Circuit has observed:

> "[T]here must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness." *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006);  *see also KSR Int'l Co. v. Teleflex Inc*., 550 U.S. 398, 127 S.Ct. 1727, 1741, 167 L.Ed.2d 705 (2007) ("To facilitate review, this analysis should be made explicit.") (citing *Kahn*, 441 F.3d at 988). Nowhere does Dr. Patterson state how or why a person ordinarily skilled in the art would have found the claims of the  704 patent obvious in light of some combination of those particular references. As the district court found: "It is not credible to think that a lay jury could examine the Cha application, the Resnick  718 patent that defendant cited as prior art or any of the other references and determine on its own whether there were differences among them and the 704 patent." *Innogenetics, N.V. v. Abbott Labs*., No. 05–C–0575–C, slip op. at 14 (W.D.Wis. Jan. 3, 2007). Such vague testimony would not have been helpful to a lay jury in avoiding the pitfalls of hindsight that belie a determination of obviousness. *See Graham v. John Deere Co.*, 383

_____

[7]  This analysis resolves Webasto's pending First Motion *In Limine* to Exclude Evidence of Alleged Invalidity Not Disclosed With Particularity.  (ECF No. 215.) The motion is GRANTED and BesTop will be limited to reliance on the '073 Patent as its single prior art reference.

U.S. 1, 36, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966) (discussing the "importance of guarding against hindsight . . . and resist[ing] the temptation to read into the prior art the teachings of the invention in issue" when considering the obviousness of a patent).

*Innogenetics*, 512 F.3d at 1373.

In its brief in support of its motion for summary judgment, BesTop devotes two sentences to the second *Graham* factor, i.e. the differences between the prior art and the '342, providing a figure from the '073 and a figure from the '342, and citing to its now-stricken lay expert witness declarations. (Def.'s Mot. 17-18, PgID 4567-68.) This is plainly insufficient evidence to meet BesTop's burden to submit clear and convincing evidence of the content of the prior art and the differences between the prior art and the claims at issue. Thus, genuine issues of material fact clearly exist for trial regarding the *Graham* factors.

BesTop then offers three conclusory rationales for "making" the '342 from the '073. But the problem with these rationales, apart from the fact that they are conclusory attorney argument supported by stricken expert witness testimony, is that they rely on other prior art in addition to the '073, such as "BesTop's own prior art" (whatever that might mean) which BesTop never properly disclosed and cannot rely on as a prior art reference. Federal Circuit precedent, even after *KSR*, requires more than conclusory reasoning:

The opinion by Verizon's expert regarding the motivation to combine

references was likewise insufficient. Verizon's expert testified that:

> The motivation to combine would be because you wanted to build something better. You wanted a system that was more efficient, cheaper, or you wanted a system that had more features, makes it more attractive to your customers, because by combining these two things you could do something new that hadn't been able to do before.

J.A. 4709–10. This testimony is generic and bears no relation to any specific combination of prior art elements. It also fails to explain why a person of ordinary skill in the art would have combined elements from specific references in the way the claimed invention does. *See KSR*, 550 U.S. at 418, 127 S.Ct. 1727 ("[I]t can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does ... because inventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known."); *Innogenetics*, 512 F.3d at 1373 (Fed. Cir. 2008) ("[K]nowledge of a problem and motivation to solve it are entirely different from motivation to combine particular references...."). Because the record evidence was insufficient for a reasonable jury to support a determination of obviousness, the district court's grant of ActiveVideo's JMOL on obviousness was not erroneous.

*ActiveVideo*, 694 F.3d at 1328.

"'Rejections on obviousness grounds cannot be sustained by mere conclusory statements; instead, there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness.'" *Plantronics, Inc. v. Aliph, Inc.*, 724 F.3d 1343, 1354 (Fed. Cir. 2013) (quoting *In re Nouvel*, 493 Fed. Appx. 85, 92 (Fed. Cir. 2012) (quoting *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir.

2006)). "Where, as here, the necessary reasoning is absent, we cannot simply assume that 'an ordinary artisan would be awakened to modify prior art in such a way as to lead to an obviousness rejection.'" *Plantronics*, 724 F.3d at 1354. "It is in such circumstances, moreover, that it is especially important to guard against the dangers of hindsight bias." *Id.*

In addition to these failures of proof on BesTop's part, Webasto's expert Dr. Stein offers several opinions that create a genuine issue of material fact as to obviousness. Dr. Stein is of the opinion that the '073 actually teaches away from the '342 because the '073 specified that the top be transitioned to the open position "without folding the fabric in a folded accordion like manner," which of course is exactly what the '342 teaches – a folding fabric top. (ECF No. 167-4, Stein Invalidity Report 11-12, ¶ 29, PgID 4454-55.) "[W]hen the prior art teaches away from combining certain known elements, discovery of a successful means of combining them is more likely to be nonobvious." *KSR*, 550 U.S. at 416. Dr. Stein also observes that the patent examiner explicitly considered the '073 as prior art and ultimately, after changes made by Webasto, found the '342 *not obvious* in light of the '073. (Stein Invalidity Report 22-23, ¶ 50, PgID 4465-66.)

The Federal Circuit has stressed that "a court must draw all reasonable inferences in favor of a patent owner with respect to objective evidence of

nonobviousness in the context of a motion for summary judgment of obviousness."

*Plantronics*, 724 F.3d at 1356, (citing *Transocean Offshore Deepwater Drilling, Inc.*

*v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1305 (Fed. Cir. 2010)). Dr. Stein

opines that secondary objective factors of nonobviousness, such as the commercial

success of the Sunrider and the failure of BesTop for years to bring a multi-bow

product to market, support a finding of nonobviousness. (*Id.* ¶¶ 66-73.) BesTop

argues that under the fourth *Graham* factor the Court must consider secondary

evidence of simultaneous invention, specifically the fact that BesTop allegedly created

the Sunrider even before Webasto applied for the '342 patent, as objective evidence

that the invention claimed in the '342 patent was obvious. The Court will address in

a separate Opinion and Order, resolving BesTop's Objection to Magistrate Judge

Whalen's June 10, 2019 Opinion and Order and also resolving Webasto's Third

Motion *in Limine* to Exclude Evidence of Prior/Simultaneous Invention, whether

BesTop will be permitted to introduce *any* evidence in this trial that the Sunrider

allegedly was conceived and reduced to practice before Webasto applied for the '342

patent. For purposes of analyzing BesTop's motion for summary judgment however,

even assuming such evidence was allowed as *secondary* objective evidence of

obviousness, it would not be sufficient evidence to meet BesTop's summary judgment

burden of establishing obviousness by clear and convincing evidence given: (1) the

substantial failures of proof discussed above as to the first two *Graham* factors, (2) Dr. Stein's opinions on nonobviousness, and (3) the Court's duty to draw all reasonable inferences in favor of Webasto on any competing objective evidence of obviousness. Drawing all reasonable inferences in favor of Webasto, there are genuine issues of material fact regarding objective evidence of obviousness.

## IV.    CONCLUSION

Viewing the facts in the light most favorable to Webasto, BesTop has failed to meet its burden of establishing obviousness by clear and convincing evidence and genuine issues of material fact on the issue of validity remain for trial. Accordingly, the Court DENIES BesTop's motion for summary judgment (ECF No. 170). In addition, the Court GRANTS Plaintiffs' First Motion *in Limine* to Exclude Evidence of Alleged Invalidity Not Disclosed With Particularity (ECF No. 215).

IT IS SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 17, 2019