UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WEBASTO THERMO & COMFORT
NORTH AMERICA, INC. and
WEBASTO-EDSCHA CABRIO USA, INC.,

    Plaintiffs/Counter-Defendants,    Case No. 16-cv-13456

        Paul D. Borman
v.        United States District Judge

BESTOP, INC.,    R. Steven Whalen
        United States Magistrate Judge

    Defendant/Counter-Plaintiff.
_____/

OPINION AND ORDER GRANTING PLAINTIFFS'
SECOND MOTION *IN LIMINE* TO PRECLUDE BESTOP'S LAY WITNESSES
FROM PROVIDING OPINION TESTIMONY
REGARDING VALIDITY OF THE PATENT-IN-SUIT (ECF NO. 216)

This action involves Plaintiffs Webasto Thermo & Comfort North America, Inc. and Webasto-Edscha Cabrio USA, Inc.'s (collectively "Webasto") claim that Defendant Bestop, Inc. ("BesTop") infringes Webasto's U.S. Patent No. 9,346,342 ("the '342 Patent"), entitled "Vehicle Roof and Roof Opening Mechanism." Webasto claims that BesTop's Accused Product, the Sunrider for Hardtop ("the Sunrider"), infringes Webasto's '342 patent as embodied in Webasto's Black Forest ThrowBack top ("ThrowBack"). BesTop responds that the Sunrider does not infringe and that the claims of the '342 Patent were disclosed in prior art and are therefore unpatentable.

1

The Court has issued claim construction, summary judgment, and *Daubert*[1] rulings and the Plaintiffs have filed *in limine* motions. Now before the Court is Plaintiffs' Second Motion *In Limine* to Preclude BesTop From Providing Opinion Testimony Regarding Validity of the Patent-In-Suit. (ECF No. 216.) The matter has been fully briefed and the Court deems oral argument unnecessary for resolving the motion. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, Plaintiffs' motion is GRANTED.

## I.  BACKGROUND

The background facts of this litigation are set forth in multiple prior Orders of this Court and the reader's knowledge of those facts is presumed. Particular facts, as specifically relevant to the issues in this motion, will be discussed where appropriate.

## II.  LEGAL STANDARD

"The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures – including motions *in limine* – in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). District courts have broad discretion over matters involving the

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991).

**III. ANALYSIS**

It is not clear that there is much to resolve with respect to this motion as BesTop responds that it understands that "BesTop's witnesses cannot offer opinion testimony, and so they will not." (ECF No. 221, Def.'s Resp. 4, PgID 7759.) BesTop maintains, however, that its lay witnesses are permitted to offer factual testimony and they intend to do so. BesTop asserts that this is permissible under Fed. R. Evid. 602, which BesTop asserts "permits BesTop's witnesses to testify about their personal involvement in the development and marketing of the alleged infringing device." (Def.'s Resp. 2, PgID 7757.) BesTop directs the Court to *Laser Design Int'l, LLC v. BJ Crystal, Inc.*, No. 03-1179, 2007 WL 735763, at *3 (N.D. Cal. March 7, 2007), for the proposition that a witness can testify as to what he or she personally "did" with respect to these topics. (*Id.*) Although this is not a misstatement of *Laser Design*, it is a partial representation of what the case actually says on this subject, which is as follows:

> While lay witnesses may be allowed to testify as to their personal knowledge of a particular invention or prior art, they may not "provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events." *Fresenius Med. Care Holdings, Inc. v. Baxter Inter., Inc.*, 2006 WL 1330002, *3 (N.D.Cal. May 15, 2006) (quoting U.S. v. Conn., 297 F.3d 548, 554 (7th

Cir.2002)).

2007 WL 735763, at *3. The court in *Laser Design* concluded that witness Rhodes intended only to describe how images were produced and did not intend to "provide any specialized explanations or interpretations of the images." *Id.* An examination of the *Fresenius* case on which *Laser Design* relies, further clarifies the distinction between permissible and impermissible lay opinion testimony under Rule 701:

> Having reviewed the Griewski Declaration in its entirety, the Court finds that some of the statements contained in the Declaration exceed the scope of lay testimony and should be stricken. While Fresenius is correct that courts regularly allow lay witnesses, such as Mr. Griewski, to testify with regard to their personal knowledge of a particular invention or piece of prior art, *see, e.g., Corning, Inc. v. SRU Biosystems*, 2005 WL 2465900, *7–8 (D.Del.2005), the mandate of Rule 701 is clear. Lay opinion testimony is "not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events." *U.S. v. Conn*, 297 F.3d 548, 554 (7th Cir.2002). As stated by the district court in *Gart v.. Logitech, Inc*., 254 F.Supp.2d 1119, 1123 (C.D. Cal.2003), when "declarants compare [prior art] to the [ ] Patent, they provide testimony that . . . require [s] specialized knowledge." *Id.* "This they are not permitted to do as laypersons." *Id.*
>
> As such, Mr. Griewski's testimony concerning the Sarns 9000—to the extent that it is premised on his personal knowledge regarding the machine and the way that it operates—is admissible. However, Mr. Griewski may not offer opinion testimony comparing the Sarns 9000 to the 13 1 Patent.

*Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc.*, No. 03-1431, 2006 WL 1330002, at *3 (N.D. Cal. May 15, 2006).

Several courts have addressed where the line should be drawn between permissible lay witness opinion testimony under Fed. R. Evid. 701 and impermissible lay testimony that strays into rendering expert opinion, specifically in the context of testimony regarding infringement, invalidity, and secondary considerations of invalidity. For example, in *Munchkin, Inc. v. Luv N'Care, Ltd.*, No. 13-cv-072828, 2015 WL 774046 (C.D. Cal. Feb. 24, 2015), the court explained:

> Regardless of Mr. Hakim's vast experience, he cannot provide expert testimony because Defendants failed to disclose him under FRCP 26(a)(2)(A). While courts regularly allow lay witnesses to testify with regard to their personal knowledge of a particular invention or piece of prior art, the mandate of Rule 701 is clear. *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. 597, 2006 WL 1330002, at *3 (N.D. Cal. May 15, 2006). Lay opinion testimony is "not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events." *Id.* (quoting *U.S. v. Conn*, 297 F.3d 548, 554 (7th Cir. 2002)). Accordingly, Mr. Hakim cannot testify on any issues regarding invalidity, which includes the level of skill in the art, the scope and content of the prior art, and any secondary considerations. *See Marine Polymer Technologies, Inc. v. HemCon, Inc.*, CIV. 06–CV–100–JD, 2009 WL 801826, at *5 (D.N.H. Mar. 24, 2009) ("A witness's testimony about the obviousness of an invention, in patent litigation, however, requires highly technical and specialized knowledge that is beyond the scope of Rule 701.") (quotations and citation omitted); *see also Fresenius*, 2006 WL 1330002, at *3 (barring lay witness testimony comparing prior art to patent at issue); *Gart v. Logitech, Inc.*, 254 F.Supp.2d 1119, 1123 (C.D. Cal. 2003) ("[W]hen the declarants compare the [prior art] to the [ ] Patent [at issue], they provide testimony that does require specialized knowledge. This they are not permitted to do as lay witnesses."). Mr. Hakim may only provide lay testimony based upon his personal observations and knowledge as a result of his position at Luv N' Care. *See Interwoven, Inc. v. Vertical Computer Sys.*, No. CV 10–04645 RS, 2013 WL 3786633, at

5

*11 (N.D. Cal. July 18, 2013).

2015 WL 774046, at *3. Similarly, in *Carpenter Technology Corp. v. Allegheny Technologies, Inc.*, No. 082907, 2012 WL 5507959 (E.D. Pa. Nov. 14, 2012) the court explained:

> Carpenter alternatively contends that the testimony in question is admissible under Federal Rule of Evidence 701. Rule 701, which governs lay witness testimony, provides that "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." ATI argues that the relevant testimony is inadmissible under Rule 701 because it is based on "scientific, technical, or other specialized knowledge." While testimony is not necessarily inadmissible simply because the subject matter is subject matter is specialized or technical, *see Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 81 (3d Cir. 2009), the clear weight of authority militates against permitted lay testimony on the issue of obviousness. *See Freedom Wireless, Inc. v. Boston Communications Group, Inc.*, 369 F. Supp. 2d 155, 157 (D. Mass. 2005) ("[The witness's] opinions on obviousness and triviality were based on his highly technical and specialized knowledge of telecommunications. But Rule 701 explicitly bars lay witnesses from giving opinions based on technical or specialized knowledge."); *Hypertherm, Inc. v. Am. Torch Tip Co.*, CIV. 05–CV–373–JD, 2009 WL 435324, at *4 (D.N.H. Feb.19, 2009) ("[N]o lay opinion testimony will be permitted on the issues of infringement and patent invalidity."); *Gart v. Logitech, Inc.*, 254 F. Supp. 2d 1119, 1123 (C.D. Cal. 2003) ("[W]hen the declarants compare the [prior art] to the [ ] Patent [at issue], they provide testimony that does require specialized knowledge. This they are not permitted to do as lay witnesses."); *Marine Polymer Technologies, Inc. v. HemCon, Inc.*, CIV. 06–CV–100–JD, 2009 WL 801826, at *5 (D.N.H. Mar. 24, 2009) ("A witness's testimony about the obviousness of an invention, in patent litigation, however, requires 'highly technical and specialized knowledge' that is beyond the

> scope of Rule 701.") (quoting *Freedom Wireless, Inc.*, 369 F. Supp. 2d at 157); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, C 03–1431 SBA, 2006 WL 1330002, at *3 (N.D. Cal. May 15, 2006) (barring lay witness testimony comparing prior art to patent at issue). Accordingly, Mr. Schwant, Dr. Thamboo, and Dr. Widge will not be permitted to testify as to the obviousness of the 564 and 858 Patents at trial.

2012 WL 5507959, at *1. The court in *Carpenter* did, however, permit certain testimony of certain of defendant's employees "for the more limited purpose of defending ATI's claim of willful infringement." *Id.* at *2. *See also Marine Polymer Technologies, Inc. v. Hemcon, Inc.*, 06-cv-100, 2009 WL 801826, at *4-7 (D.N.H. March 24, 2009) (excluding testimony of lay witness under Rule 701, observing that lay witness opinions "are based on the witness's personal experience, often derived from the witness's job," and that not all experience-based opinions are admissible under Rule 701 and will be excluded if they rely on the witnesses "scientific, technical, or other specialized knowledge" and noting "other district courts . . . [that] have not allowed lay witness opinion testimony on technical matters involving patent litigation").

In *Air Turbine Technology, Inc. v. Atlas Copco AB*, 410 F.3d 701 (Fed. Cir. 2005), the Federal Circuit affirmed a district court's exclusion of lay opinion testimony on these same grounds, finding no abuse of discretion in the district court's exercise of its discretion in excluding testimony of a co-inventor of the claimed

7

invention who purported to opine on the structure and workings of the accused device. The district court opinion, discussing the boundaries of lay opinion testimony under Rule 701, explained:

> In this case, Bowser's excluded testimony related to the inner workings of a complicated piece of industrial machinery manufactured by a company other than his own. This testimony was not based upon his position in Plaintiff's business, but rather upon his experience, training and specialized knowledge of pneumatic tools. Simply because his testimony was based upon his experience does not immunize such testimony from being "expert" testimony under Rule 701. In fact, Rule 702 allows a witness to be qualified as an expert based solely upon the witness' experience, if otherwise reliable. The type of testimony Bowser was to offer was clearly within the realm of an expert under Rule 702. Therefore, Plaintiff's motion for new trial on this ground is denied.

*Air Turbine Technology, Inc. v. Atlas Copco*, No. 01-cv-8288, 2004 WL 3778793, at *3 (S.D. Fla. April 20, 2004).

Thus, Webasto is quite right that BesTop cannot offer lay opinion testimony under Rule 701 related to invalidity, obviousness, or secondary considerations of obviousness and its motion is GRANTED to that extent. But BesTop is correct that the Court cannot rule on testimony that has not yet been offered and BesTop is permitted to offer lay opinion testimony that falls within a witness's personal knowledge and is not based on scientific, technical, or other specialized training, as discussed in these cases, subject of course to relevance and other evidentiary objections. The above-cited cases set forth some helpful guidance in this area and the

8

parties are advised to follow that guidance in preparing their witnesses for trial.

## IV. CONCLUSION

Accordingly, Webasto's Second Motion *In Limine* to Preclude BesTop From Providing Opinion Testimony Regarding Validity of the Patent-In-Suit is GRANTED. IT IS SO ORDERED.

s/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: July 25, 2019