UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WEBASTO THERMO & COMFORT
NORTH AMERICA, INC. and
WEBASTO-EDSCHA CABRIO USA, INC.,

      Plaintiffs/Counter-Defendants,      Case No. 16-cv-13456

                                                            Paul D. Borman
v.                                                     United States District Judge

BESTOP, INC.,                                 R. Steven Whalen
                                                         United States Magistrate Judge

      Defendant/Counter-Plaintiff.
_____/

OPINION AND ORDER (1) OVERRULING DEFENDANT'S OBJECTION
(ECF NO. 219) AND AFFIRMING MAGISTRATE JUDGE WHALEN'S
JUNE 10, 2019 OPINION AND ORDER (ECF NO. 214); AND
(2) GRANTING PLAINTIFFS' THIRD MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF ALLEGED PRIOR/SIMULTANEOUS INVENTION
OF THE ACCUSED PRODUCT (ECF NO. 217)

This action involves Plaintiffs Webasto Thermo & Comfort North America, Inc. and Webasto-Edscha Cabrio USA, Inc.'s (collectively "Webasto") claim that Defendant Bestop, Inc. ("BesTop") infringes Webasto's U.S. Patent No. 9,346,342 ("the '342 Patent"), entitled "Vehicle Roof and Roof Opening Mechanism." Webasto claims that BesTop's Accused Product, the Sunrider for Hardtop ("the Sunrider"), infringes Webasto's '342 patent as embodied in Webasto's Black Forest ThrowBack top ("ThrowBack"). BesTop responded that the Sunrider does not infringe and that

1

the claims of the '342 Patent are invalid. The Court has issued claim construction, summary judgment, and *Daubert*[1] rulings and the Plaintiffs have filed *in limine* motions. Now before the Court are (1) Defendant's Objection to Magistrate Judge Whalen's June 10, 2019 Opinion and Order (ECF No. 219) and (2) Plaintiffs' Third Motion *In Limine* to Exclude Evidence of Alleged Prior/Simultaneous Invention of the Accused Product (ECF No. 217). The matters have been fully briefed and the Court deems oral argument unnecessary. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court AFFIRMS Magistrate Judge Whalen's June 10, 2019 Opinion and Order and GRANTS Plaintiffs' Third Motion *in Limine*.

## I.  BACKGROUND

The background facts of this litigation are set forth in multiple prior Orders of this Court and the reader's knowledge of those facts is presumed. Particular facts, as specifically relevant to the issues in this motion, will be discussed where appropriate.

## II.  LEGAL STANDARDS

### A.  Motions *In Limine*

"The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

– including motions *in limine* – in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). District courts have broad discretion over matters involving the admissibility of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991).

### B.  Review of Magistrate Judge Orders

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)).

"This standard plainly does not entitle a reviewing court to reverse the finding of the [Magistrate Judge] simply because it is convinced that it would have decided the case differently." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).  The Sixth Circuit has noted that: "The question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw.  Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard. . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich.1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Mattox v. Edelman*, No. 12-13762, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States,* No. 08–12960, 2009 WL 2922875, at *1 (E.D. Mich.

Sept. 9, 2009)).

## III. ANALYSIS

On June 10, 2019, Magistrate Judge Whalen issued an Opinion and Order finding that BesTop's two proffered "lay expert witnesses," Mr. William Haberkamp and Mr. Eric Getzschman, did not qualify as percipient witnesses who could testify as to BesTop's invalidity contentions. (ECF No. 214, 6/10/19 Opinion and Order 5, PgID 7652.) BesTop did not object to this aspect of Magistrate Judge Whalen's Opinion and Order. Magistrate Judge Whalen also ruled that proposed testimony from both Haberkamp and Getzschman that the '342 patent was obvious "because BesTop created and conceived the Sunrider for Hardtop before Webasto filed any patent application on the patent in suit," was irrelevant in this case because the filing of the '342 patent post-dated the effective date of the Leahy-Smith America Invents Act, Pub.L. No. 112–29, § 3, 125 Stat. 284, 285–294 (2011) ("AIA"), which abolished the first-to-invent system and adopted a first-to-file system. (6/10/19 Opinion and Order 7, PgID 7654.) BesTop has objected to this portion of the Magistrate Judge Whalen's Opinion and Order, and argues that evidence that BesTop invented the accused product before Webasto is still relevant to many issues in the case, including to Webasto's claim that BesTop willfully infringed or copied the patented invention, and to several "objective" or "secondary" considerations of obviousness, such as whether

there was a long felt but unsolved need for the invention, or a failure of others to create the invention, or independent creation of the invention by others.  (ECF No. 219, BesTop's Objection 1, PgID 7719.)

Webasto has also a filed a Third Motion *In Limine* directed to this same issue – seeking to preclude BesTop from presenting evidence or testimony regarding any alleged prior or simultaneous invention of the Accused Product as irrelevant to the issue of obviousness under Fed. R. Evid. 401 and unduly prejudicial under Fed. R. Evid. 403.[2]  (ECF No. 217, Pls.' Third Motion *In Limine*.)  BesTop responded to this motion *in limine* with the same arguments it made in objecting to the Magistrate Judge's 6/10/19 Opinion and Order – that evidence of BesTop's alleged prior or simultaneous invention of the Accused Product is relevant to several issues in the

---

[2] Fed. R. Evid. 401 states:

> Evidence is relevant if:
>
> > (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> > (b) the fact is of consequence in determining the action.

Fed. R. Evid. 403 states:

> The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

case, including as an objective or secondary factor in the obviousness analysis.

Both BesTop's Objection to the Magistrate Judge's 6/10/19 Opinion and Order and Webasto's Third Motion *In Limine* raise the same issue – whether evidence of BesTop's alleged prior or simultaneous invention of the Accused Product is relevant to the issue of obviousness and admissible on that issue in this case. The Court finds that this evidence is not relevant under Rule 401 to the issues of obviousness that remain for trial in this case and that even were there some marginal indicia of relevance, the evidence would tend to confuse the jury and suggest a decision on an improper basis on the issue of invalidity and thus would be excludable under Rule 403.

The Court has little case law to guide it in resolving this issue of first-impression in this post-AIA case, but the following excerpt of AIA Legislative History provides a good starting point for the analysis:

> Every industrialized nation other than the United States uses a patent priority system commonly referred to as "first-to-file." In a first-to-file system, when more than one application claiming the same invention is filed, the priority of a right to a patent is given to the earlier-filed application.
>
>        \*              \*              \*
>
> The first-to-file system is used in every patent system, other than the United States, because it has the advantages of simplicity, efficiency and predictability. A first-to-file system avoids costly interference proceedings, provides better notice to the public, simplifies the prior art

scheme that may preclude a patent from issuing, and provides more certainty to the patent system. In addition, a first-to-file system encourages the prompt filing of patent applications.

*　　　　　　*　　　　　　*

[The AIA] eliminates costly, complex interference proceedings *since priority fights–who invented first–are no longer relevant*. However, the new USPTO derivation proceeding is created to ensure that the first person to file the application is also actually a true inventor; someone who has not invented something will not be able to file a patent for the invention. *If a dispute arises as to which of two applicants is a true inventor (as opposed to who invented it first), it will be resolved through an administrative proceeding by the Patent Board*.

S. Rep. 110-259 (2008), 2008 WL 275437 (Leg. Hist.), at *6-9 (Jan. 24, 2008)

(emphasis added).

In *Biogen Idec MA, Inc. v. Japanese Foundation for Cancer Research*, 38 F. Supp. 3d 162 (D. Mass. 2014), the district court offered a similar summary of this important change under the AIA:

On September 16, 2011, the AIA became law. It instituted a phased implementation of the Act's provisions, with most changes going into effect on September 16, 2012, or March 16, 2013 (that is, twelve or eighteen months after enactment).

Interference proceedings have been abolished. Instead, under the new § 135, the Director of the PTO may institute a derivation proceeding to determine whether the first-filing inventor derived (essentially, misappropriated) the claimed invention from a later-filing inventor. 35 U.S.C. § 135(a), (b). Those proceedings are heard by the PTAB, which has replaced the BPAI. 35 U.S.C. § 6; see AIA § 3(j)(1). Applicants who are dissatisfied with the final decision of the PTAB in a derivation may seek review in the Federal Circuit, 35 U.S.C. § 141, or in the District

Court for the Eastern District of Virginia, id. § 146.

38 F. Supp. 3d at 163-64.

It is clear that a pure dispute of priority of invention as between two inventors – that is to say "who did it first" – is no longer relevant under the AIA. There is a mechanism in place for resolution at the PTAB of a dispute between two inventors over who was the *true inventor* (i.e. whether the first-to-file misappropriated the invention from a later filing inventor – no such claim has been made in this case nor could such a claim be made in this Court under the provisions of the AIA). But disputes between two inventors over who invented first have no inherent relevance under the AIA.

In the dispute currently before the Court, BesTop suggests that the issue the Court must address is whether evidence of simultaneous invention is categorically irrelevant under the AIA. But that is not the issue presented here. The issue that Magistrate Judge Whalen decided, and the issue that Webasto presents in its Third Motion *In Limine*, is a more narrow question – whether in this case evidence of BesTop's alleged prior invention of the Accused Product is relevant and admissible as secondary or objective indicia of obviousness. It is not.[3]

---

[3] On July 16, 2019, BesTop filed a "Notice of Supplemental Authority" directing the Court to a partial sentence from 35 U.S.C. § 282(c),and cursorily stating that "[t]his is relevant to whether Congress made evidence of prior conception and reduction to

9

First and foremost, BesTop has offered no precedent that would suggest that its own accused product can serve as a singular example of simultaneous invention. In fact, BesTop's own exhibit offered in support of its opposition to Webasto's motion to exclude testimony of simultaneous invention indicates that a multiplicity of simultaneous effort is contemplated to support the relevance of simultaneous invention to the obviousness inquiry:

> Evidence that *a number of other persons*, working under the same state of the prior art, arrived at *the same or similar solutions* to that embodied in a patent claim has been relied upon in a number of decisions as tending to show that the claim solution was obvious.

BesTop's Resp. Ex. A, PgID 7727 (emphasis added). *See also Callpod, Inc. v. GN Netcom, Inc.*, 703 F.3d 815, 832 (Fed. Cir. 2010) ("An invention may be inferred to be obvious if several inventors arrive at the same advancement simultaneously.") (citing *Echochem Inc. v. S. Cal. Edison Co.*, 227 F.3d 1361, 1379 (Fed. Cir. 2000)); *Regents of University of California v. Broad Institute, Inc*, 903 F.3d 1286, 1296 (Fed. Cir. 2018) (considering evidence that six research groups independently succeeded in

---

practice irrelevant under the American Invents Act." (ECF No. 232, Notice of Supplemental Authority.) BesTop provides *no* discussion or analysis of how this excerpt bears on the issue before the Court – whether BesTop's alleged prior invention of the Accused Product is relevant to the issue of obviousness that remains in this case. The Court will not speculate or hypothesize an argument for BesTop as to the relevance, if any, of this excerpt and no further submissions on this issue will be permitted.

applying certain technology was evidence of a motivation to combine). This is not to say that multiple instances of simultaneous invention are required in every case but it is to say that something other than the accused product is certainly contemplated. BesTop makes an argument that it should be permitted to present evidence of "simultaneous invention," but in fact what it seeks to present is simply evidence of the priority of its own invention – and to suggest that therefore it must win.

In these circumstances, where the only asserted relevance of BesTop's alleged prior invention of the Accused Product is to the secondary or objective factors of obviousness, the proposed evidence is of no consequence in determining the issues that remain. Inherent in the first-to-file system is the notion, as expressly recognized in the above-cited legislative history, that any dispute over which of two inventors, who may be simultaneously working toward the same invention, "did it first" is no longer generally relevant. The AIA allows for a challenge to an alleged "fraudulent" inventor through a derivation proceeding (to resolve a dispute as to which of two applicants is a *true inventor* as opposed to *who invented it first*), as discussed *supra*. But short of that, priority of invention as between two inventors can no longer be given any importance, at least not here where the only alleged relevance of such evidence is to secondary factors of obviousness.

BesTop tries to steer the Court toward resolving the much broader issue of

whether evidence of simultaneous invention might still be relevant in some degree under the AIA. But that is not the question that the Court must decide. Here we have an undisputed loser in the race to file under a first-to-file system that is seeking to present evidence under the guise of obviousness that may (or may not – we need not decide) have been relevant to a different issue in a now-precluded claim of prior invention and public use. The Court does not purport to decide whether evidence of simultaneous invention (as that concept has been classically defined and applied) can still be relevant in the post-AIA world. This Court can only say that in this case, on the obviousness issue that remains for trial, BesTop's evidence that it "did it first" is not relevant to the issue of the validity of the '342 Patent.

BesTop concedes that its now-precluded argument, i.e. that its alleged prior invention and public use of the Sunrider is prior art that invalidates the '342 patent, is no longer viable in this case. Indeed, BesTop acknowledged in its Response to Plaintiffs' Third Motion *In Limine* that "[i]n light of the Court's decisions precluding BesTop from asserting its public use defense, BesTop will not argue at trial that the public use of its Sunrider for Hardtop constitutes prior art under 35 U.S.C. § 102(a)(1)." (ECF No. 222, Def.'s Resp. 9, PgID 7774.) And BesTop's alleged prior invention of the Accused Product has no relevance post-AIA to its remaining obviousness defense, as discussed *supra*. Even were the Court to find such evidence

marginally relevant to secondary considerations of obviousness, allowing BesTop to present to the jury testimony and evidence of priority of invention will suggest to the jury an improper basis for reaching a conclusion on invalidity – i.e. that because BesTop did it first, BesTop should win. "With respect to 'unfair prejudice,' 'confusing the issues,' and other factors, *see* [Rule 403] this court has noted that the exclusion of evidence may be appropriate when the evidence suggests to the jury that it should decide the case 'on an improper basis.'" *Journey Acquisition-II, L.P. v. EQT Production Co.*, 830 F.3d 444, 459 (6th Cir. 2016) (quoting *United States v. Poulsen*, 655 F.3d 492, 509 (6th Cir. 2011)). Even with an appropriate instruction from the Court, this evidence is so suggestive of a decision on an improper legal basis on the facts of this case that it must be excluded.

    BesTop's goal is clear – it wants to make the very same argument that it has been precluded from making, entirely as a result of its own litigation conduct, by previous rulings of this Court. BesTop wants to suggest to the jury what has been its repeated refrain in this case: "We did it first so we win." In this post-AIA case, this evidence is not relevant under Fed. R. Evid. 401 to the issue of obviousness and, if even marginally relevant, would be substantially more prejudicial than probative under Fed. R. Evid. 403 if presented to the jury.

## IV. CONCLUSION

The Court concludes that Magistrate Judge Whalen did not clearly err in concluding that the proposed testimony of Messrs. Haberkamp and Getzschman "that the '342 patent was obvious at the time of filing the patent application because Bestop created and conceived the Sunrider for Hardtop before Webasto filed any patent application on the patent in suit," was irrelevant. (Opinion and Order 7, PgID 7654.) Accordingly, BesTop's Objection to the Magistrate Judge's 6/10/2019 Opinion and Order is OVERRULED and Magistrate Judge Whalen's ruling is AFFIRMED.

The Court further GRANTS Webasto's Third Motion *In Limine* and precludes BesTop from presenting evidence or testimony at trial of BesTop's alleged prior/simultaneous invention of the Accused Product as secondary or objective evidence of obviousness.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 29, 2019